19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                           DIVISION "D"

## ALVIN C. COPELAND

-versus-

## TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____        _____
                                                            Deputy Clerk

### MEMORANDUM IN OPPOSITION TO TREASURE CHEST CASINO, L.L.C.'S SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION

**MAY IT PLEASE THE COURT:**

Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition

to the Supplemental Exception of No Cause of Action filed herein on behalf of Treasure Chest

Casino, L.L.C. ("Treasure Chest").  As Copeland noted in his Memorandum in Opposition to the

Supplemental Exception of No Cause of Action submitted by Co-Defendant, Guidry, neither the

*Noerr-Pennington Doctrine*, nor La. R.S. 15:468 justifies the dismissal of this case on an

exception of no cause of action.

For the reasons set forth in response to Guidry's Supplemental Exception of No Cause of

Action, Copeland requests that Treasure Chest's Supplemental Exception of No Cause of Action

be denied as well.

Respectfully submitted,

*CHOPIN, WAGAR, COLE, RICHARD & KUTCHER, LLP*

By: _____
    **ROBERT A. KUTCHER** (LSBA #7895)
    **NICOLE S. TYGIER** (LSBA #19814)
    Two Lakeway Center, Suite 900
    3850 North Causeway Boulevard
    Metairie, Louisiana 70002
    Telephone:  (504) 830-3838
    Facsimile:  (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 31ˢᵗ day of May, 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

2

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                   DIVISION "D"

## ALVIN C. COPELAND

-versus-

## TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____        _____
                                                     Deputy Clerk

## MEMORANDUM IN OPPOSITION
## TO MOTION TO STAY DISCOVERY

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to the Motion to Stay Discovery filed herein by defendant, Robert J. Guidry ("Guidry"). Notwithstanding the fact that Copeland desires the speedy resolution of this case, he has no objection to the stay of discovery in this action, pending the resolution of the Exceptions currently set for hearing on May 24, 2004 in the District Court, as long as all discovery, including any discovery outstanding against any party is stayed.

CHOPIN, WAGAR, COLE,
RICHARD & KUTCHER, LLP

By: _____
ROBERT A. KUTCHER (LSBA #7895)
NICOLE S. TYGIER (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 13th day of May, 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

2

```
TRANSMITTED/STORED : MAY.13.2004 10:52AM
FILE MODE        OPTION              ADDRESS                  RESULT      PAGE
-----------------------------------------------------------------------------
955  MEMORY TX                       915048369540             OK          1/1
```



```
-----------------------------------------------------------------------------
REASON FOR ERROR
     E-1) HANG UP OR LINE FAIL               E-2) BUSY
     E-3) NO ANSWER                          E-4) NO FACSIMILE CONNECTION
```



# DOUG WELBORN
## CLERK OF COURT

### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

Suit Accounting Dept.
P. O. Box 1991
Baton Rouge, LA 70821-1991
Tel. (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

## FAX RECEIPT

From:         Suit Accounting Department          Date:      5·13·04
Fax Number:   (225) 389-3392                       Suit No.:  464 · 687
To:           504 831 9540                          Division:        D

Alvin Copeland _____ vs. Treasure Chest Casino

Item(s) Received: _____ Memo n Opp _____

Amount Due (includes $5.00 Fax Fee and $.50 per page) $_____ 5ᵖᵖ

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within five (5) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

**NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
ISSUANCE BY ORIGINAL REQUESTS ONLY!**

**PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.**

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Acct. Dept. Form #6
Rev. 1/2000

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 5 of 256



# DOUG WELBORN
## CLERK OF COURT

### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

407061854001

Suit Accounting Dept.
P. O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

## FAX RECEIPT

From:           Suit Accounting Department          Date:      5 · 13 · 04
Fax Number:  (225) 389-3392                          Suit No.:  464 · 607
To:             504 831 9540                          Division:  D

Alvin Copeland          vs.   Treasure Chest Casino

Item(s) Received:          Memo   in   Opp

Amount Due (includes $5.00 Fax Fee and $.50 per page) $          0

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within five (5) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

**NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
ISSUANCE BY ORIGINAL REQUESTS ONLY!**

**PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.**

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Acct. Dept. Form #6
Rev. 1/2000

Case 3:10-cv-00603-BAJ-DLD   Document 7    10/07/10   Page 6 of 256



407061854002

# CHOPIN, WAGAR, COLE, RICHARD & KUTCHER, LLP
### Attorneys at Law

# **FAX COVER SHEET**

THIS COMMUNICATION IS CONFIDENTIAL AND INTENDED ONLY FOR THE ADDRESSEE. ANY DISTRIBUTION OR DUPLICATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU RECEIVE THIS TELECOPY IN ERROR, PLEASE CALL SENDER IMMEDIATELY.

DATE: May 13, 2004

A TOTAL OF __17__ PAGES (INCLUDING THIS COVER SHEET) IS BEING SENT

Sender's Direct Dial: **(504) 830-3820/830-3824**
Sender:     **Robert A. Kutcher/Nicole S. Tygier**
File No.:    **245.2433**

TO:       **Clerk of Court, 19th JDC – East Baton Rouge Parish**

FAX NO.:  **1-225-389-3392**

RE:       **Alvin C. Copeland v. Treasure Chest Casino, LLC & Robert J. Guidry l 19th JDC #464-607(D)**

COMMENTS:

Should you have any problems receiving this transmission, call Robyn Neagle at (504) 830-3823.

RECEIVED TIME   MAY. 13.  10:11AM

# CHOPIN, WAGAR, COLE, RICHARD & KUTCHER, LLP
## ATTORNEYS AT LAW

RICHARD A. CHOPIN ††
NELSON W. WAGAR, III †‡
KEVIN L. COLE ‡
THOMAS M. RICHARD
ROBERT A. KUTCHER *
ELIZABETH SMYTH SIRGO †
NICOLE S. TYGIER
JASON P. FOOTE

MICHAEL L. COHEN
PATRICIA D. TUNMER
JUDITH A. MILLER £
CYNTHIA J. THOMAS Δ◇
JAMES A. PRATHER
WILLIAM M. McGOEY
BRADLEY J. LUMINAIS, JR.

TWO LAKEWAY CENTER
SUITE 900
3850 NORTH CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA 70002
TELEPHONE 504-830-3838
FACSIMILE 504-836-9540
www.chopin.com

*Writer's Direct Number*
504-830-3824
*Writer's Direct Facsimile*
504-836-9573
ntygier@chopin.com

NORTHSHORE OFFICE

THREE SANCTUARY BOULEVARD
SUITE 301
MANDEVILLE, LOUISIANA 70471
TELEPHONE 985-674-6680
FACSIMILE 985-674-6681

† Professional Corporation
Δ Also Admitted in D.C.
* Also Admitted in New York
◇ Also Admitted in Puerto Rico
‡ Also Admitted in Texas
£ Registered Nurse, BSN

*Please Reply to
Metairie Office*

May 13, 2004

*Via Facsimile and Overnight Delivery*

The Honorable J. Douglas Welborn
Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
222 St. Louis Street, Governmental Bldg.
Baton Rouge, LA 70802

> Re:  *Alvin C. Copeland v. Treasure Chest Casino, LLC and Robert J. Guidry*
> *Court of Appeal, 1st Circuit No. 2001-CA-1122*
> *19th JDC No. 464-607(D)*
> *Our File No. 245.2433*

Dear Mr. Welborn:

Enclosed please find the original and two copies of the following documents:

1) Memorandum in Opposition to Motion to Stay Discovery;

2) Memorandum In Opposition to Treasure Chest Casino, L.L.C.'s Supplemental Exception of No Cause of Action; and

3) Memorandum In Opposition to Supplemental Exception of No Cause of Action

Please file the original of each into the record of the above captioned matter and return a stamped copy of each to me in the enclosed self-addressed, postage-prepaid envelope.

Case 3:10-cv-00603-BAJ-DLD  Document 7  10/07/10  Page 8 of 256

The Honorable J. Douglas Welborn
May 13, 2004
Page 2

Should you have any questions, please do not hesitate to contact me.

Yours very truly,

Nicole S. Tygier

NST/rsn
*Enclosures*

cc:    The Honorable Janice G. Clark *(w/enclosures via facsimile)*
     Arthur A. Lemann, III, Esq. *(w/enclosures via facsimile)*
     Ralph Capitelli, Esq. *(w/enclosures via facsimile)*
     Winston G. DeCuir, Esq. *(w/enclosures via facsimile)*
     Paul S. West, Esq. *(w/enclosures via facsimile)*

RECEIVED TIME MAY. 13. 10:11AM

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                     DIVISION "D"

## ALVIN C. COPELAND

-versus-

## TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____        _____
                                                         Deputy Clerk

## MEMORANDUM IN OPPOSITION
## TO MOTION TO STAY DISCOVERY

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in

Opposition to the Motion to Stay Discovery filed herein by defendant, Robert J. Guidry

("Guidry"). Notwithstanding the fact that Copeland desires the speedy resolution of this case, he

has no objection to the stay of discovery in this action, pending the resolution of the Exceptions

currently set for hearing on May 24, 2004 in the District Court, as long as all discovery,

including any discovery outstanding against any party is stayed.

*CHOPIN, WAGAR, COLE,*
*RICHARD & KUTCHER, LLP*

By: _____
**ROBERT A. KUTCHER** (LSBA #7895)
**NICOLE S. TYGIER** (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this *13th* day of *May*, 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

2

@006

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                      DIVISION "D"

**ALVIN C. COPELAND**

-versus-

**TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY**

Filed:_____          _____

                                                          Deputy Clerk

## MEMORANDUM IN OPPOSITION TO TREASURE CHEST CASINO, L.L.C.'S SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION

**MAY IT PLEASE THE COURT:**

Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to the Supplemental Exception of No Cause of Action filed herein on behalf of Treasure Chest Casino, L.L.C. ("Treasure Chest"). As Copeland noted in his Memorandum in Opposition to the Supplemental Exception of No Cause of Action submitted by Co-Defendant, Guidry, neither the *Noerr-Pennington Doctrine*, nor La. R.S. 15:468 justifies the dismissal of this case on an exception of no cause of action.

For the reasons set forth in response to Guidry's Supplemental Exception of No Cause of Action, Copeland requests that Treasure Chest's Supplemental Exception of No Cause of Action be denied as well.

Respectfully submitted,

*CHOPIN, WAGAR, COLE, RICHARD & KUTCHER, LLP*

By: _____
  **ROBERT A. KUTCHER** (LSBA #7895)
  **NICOLE S. TYGIER** (LSBA #19814)
  Two Lakeway Center, Suite 900
  3850 North Causeway Boulevard
  Metairie, Louisiana 70002
  Telephone: (504) 830-3838
  Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 3rd day of May, 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

2

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                              DIVISION "D"

### ALVIN C. COPELAND

-versus-

### TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____          _____
                                              Deputy Clerk

### MEMORANDUM IN OPPOSITION TO
### SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to the Supplemental Exception of No Cause of Action filed on behalf of defendant, Robert J. Guidry ("Guidry").

To the extent that Guidry re-urges his previous exceptions, Plaintiff respectfully refers the Court to his previous memoranda in opposition to those exceptions. Neither of the additional grounds set forth by Guidry, including both the *Noerr-Pennington* doctrine and the statutory immunity referenced in La. R.S. 15:468 are appropriate to dismiss this suit on grounds of an exception of no cause of action based on the face of the petition.

### I.      STANDARD OF REVIEW

Prior to discussing the specifics of Guidry's exceptions, it is significant to note that they are being brought in the context of an exception of no cause of action, rather than on summary judgment. In fact, Guidry's exception is filed and set for hearing contemporaneously with a Motion to Stay Discovery. In contrast to a summary judgment motion, the purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. It questions whether the petition sufficiently alleges grievances for which the law affords a remedy. All well-pleaded allegations of fact must be accepted as true when considering an exception of no cause of action. The exception of no cause of action must be decided upon the face of the petition and any attached documents. *Hoskin v. Plaquemines Parish Government,* 98-

1825, (La.App. 4 Cir. 8/4/99), 743 So.2d 736. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. art. 931. *Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans*, 98-2423 (La.App. 4 Cir. 9/22/99), 753 So.2d 861. Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth and to do substantial justice. LSA-C.C.P. art. 865; *Krebs v. Mull*, 97-2643 (La.App. 1 Cir. 12/28/98), 727 So.2d 564, 567.

When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. *Kuebler v. Martin*, 578 So.2d 113, 114 (La.1991). Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding a cause of action stated. *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 92-1544, 92-1545 (La.App. 1st Cir. 3/11/94), 634 So.2d 466, 493, *writ denied*, 94-0906 (La.6/17/94), 638 So.2d 1094; *Krebs*, 727 So.2d at 567.

A petition should not be dismissed for failure to state a cause of action unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether viewed in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide relief on any possible theory. *Hoskin*, 98-1825, 743 So.2d at 742 (quoting *City of New Orleans v. Board of Com'rs*, 93-0690 (La.7/5/94), 640 So.2d 237).

2

## II.   *NOERR-PENNINGTON*

The first ground urged by Guidry in his Supplemental Memorandum for the dismissal of

all of Plaintiff's causes of action, including violation of the Federal Racketeering Influenced and

Corrupt Organizations Act, Louisiana Unfair Trade Practices, tortious fraud pursuant to La. C.C.

art. 2315,  and unjust enrichment under La. C.C. art. 2298, is the *Noerr-Pennington* doctrine.[1]

Copeland respectfully submits that this doctrine, a species of immunity to Federal Antitrust

claims, has no application whatsoever to the facts of this case, or the causes of action asserted

herein.  Moreover, even in the event that this Court were to apply the doctrine to a suit brought in

a Louisiana State Court which is not based on Antitrust Law, it would be bound to recognize the

significant exceptions contained in the vast body of federal jurisprudence. Notably, both the

"sham exception", as well as the "fraud" or "misrepresentation" exception are both applicable to

the facts of this case, and make dismissal on an exception of no cause of action inappropriate.

As noted by Guidry, the doctrine has been applied by various courts to causes of action

outside the strict confines of the *Sherman Act*.   Nevertheless, it has **never** been applied in any

published Louisiana State Court opinion, nor has it been applied to any Louisiana cause of action

other than unfair trade practices.[2] This Court should not be lulled into transforming a doctrine of

Antitrust immunity into a "get out of jail free card" for defendants in a lawsuit in which no

Antitrust claims have been brought.

Nevertheless, even if this Court were to entertain the possible applicability of the *Noerr-*

*Pennington* doctrine to the Louisiana Unfair Trade Practices, the disposition of this case on an

exception of no cause of action is distinctly inappropriate.  The *Noerr-Pennington* doctrine is

---

[1] The *Noerr-Pennington* doctrine is historically a species of immunity¹ from Antitrust liability under the Sherman Act, 15 U.S. Ct. § 1, *et. seq.*  In *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S.Ct. 523, 5 L. Ed. 2d 464 (1961) the Supreme Court carved out an exception to the Antitrust laws for efforts by private individuals to petition the government for action that might have anti-competitive consequences.  As set forth in *Mine Workers v. Pennington*, 381 U.S. 657, 85 S. Ct. 15:85, 14 La. Ed. 2d 626 (1965), this doctrine protects efforts to influence government officials regardless of petitioners' anti-competitive motives or the efficacy of those efforts.  *Noerr*, 365 U.S. at 138.  It has been held to encompass attempts to influence legislative, executive and administrative bodies, as well as efforts to obtain favorable court action through the filing of lawsuits.  *See also*, *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510-11, 92 S. Ct. 609, 30 L. Ed. 2d 642 (1972). At its heart, the broadest application of the doctrine to legislative bodies is mandated by the doctrine's roots in the First Amendment's guarantee of the right to petition the government for redress.  *See Noerr*, 365 U.S. at 138; and *California Motor*, 404 U.S. at 510-11.

[2] In fact, in *Astoria Entertainment, Inc. v. Edwards*, 159 F.Supp.2d 303, 329 (E.D.La. 2001), after applying the *Noerr-Pennington* doctrine to the Antitrust claims and disposing of the RICO claims via prescription, the Court remanded the state law causes of action rather than applying *Noerr* to them.

susceptible of at least one, and possibly two significant exceptions which are applicable to the case at hand. The first of these exceptions, and the only one explicitly approved of by the Supreme Court, is the "sham" exception. The second, alternatively phrased as a "fraud", or "misrepresentation" exception, is less well defined, but permeates the jurisprudence relating to the *Noerr-Pennington* doctrine.

A.      The "Sham" Exception.

The "sham" exception is essentially a limitation which prohibits protecting petitioning activities that are "a mere sham to cover what is actually nothing more than an attempt to interfere directly with business relationship of a competitor and [where the] application of the Sherman Act would be justified." *California Motor Transp.*, 44 U.S. at 511. In *Professional Real Estate Investors, Inc. v. Columbia Pictures Ind.*, 508 U.S. 49, 62, n.6, 115 S. Ct. 1920, 1929, 123 L. Ed. 2d 611 (1993) that Court recognized but specifically declined to decide whether a separate fraud exception exists to the *Noerr-Pennington* doctrine.[3]

Even before the Supreme Court decision in *Trucking Unlimited,* the Fifth Circuit in *Woods Exploration and Producing Co. v. Aluminum Company of America,* 438 F.2d 1286 (5th Cir. 1971) held that furnishing false information to a state administrative agency for the purpose of influencing its actions was not protected by the *Noerr-Pennington* doctrine. In *Woods* the court distinguished "political activities" directed at influencing the basic policies of the commission, from the apolitical application of those policies. Subsequent to *Woods,* one commentator has noted that the "strong weight of authority in the courts of appeals has concluded that the *Noerr-Pennington* doctrine does not protect bribery, perjury, and other illegal and unethical conduct aimed at influencing adjudicative or quasi-adjudicative administrative action, even if such conduct would be protected in the legislative sphere." Floyd, C. Douglas, "Antitrust Liability for the Anti-Competitive Effects of Governmental Action Induced by Fraud," 59 Antitrust L.J. 403, 414, n. 63.

The False statements made under oath by Treasure Chest's counsel and Robert Guidry, alleged in Paragraphs 25-27 of Copeland's Petition regarding the relationship between Edwards

---

[3]In *Professional Real Estate Investors, Inc.,* the Supreme Court delineated a sequential two step inquiry that obtains what a defendant is accused of instituting sham **litigation,** a circumstance which is not present in the instant case.

4

and Treasure Chest, a prohibited relationship under former La. R.S. 27:96 A. and 27:70 C. are precisely the kind of conduct referenced in that article and in *Woods Exploration and Producing Co.*

## B. The Fraud Exception.

Defining the outlines of the fraud exception is difficult, despite the fact that the Fifth Circuit's last word on the matter in *Woods Exploration and Producing Co.*, was that the *Noerr-Pennington* doctrine does not apply in the case of misrepresentations.[4] Nevertheless, regardless of the ultimate disposition of the federal courts in their quest for uniformity with regard to the scope of the fraud exception, (and whether that exception is incorporated within the sham exception, or a distinct exception by itself,) jurisprudence from federal courts applying in part Louisiana law with respect to the *Noerr-Pennington* doctrine clearly recognizes the significance of fraud as a means of defeating the application of the *Noerr-Pennington* doctrine in instances when it would not serve the purposes of the Antitrust law. The fraud and misrepresentations of Guidry and Treasure Chest as referenced in paragraphs 25-27 of the Petition clearly make *Noerr-Pennington* inapplicable.

For example, in *Livingston Downs Racing Assoc., Inc. v Jefferson Downs Corp.*, 192 F. Supp. 2d 519 (M.D.La. 2001), *reconsideration denied*, 259 F. Supp. 2d 471 (M.D.La. 2002) the court recognized that "a common thread running through the *corpus juris* of the *Noerr-Pennington* doctrine is that, to qualify for protection, "defendant must employ ethical and legitimate means when petitioning an adjudicatory tribunal for relief." *Livingston Downs Racing Assoc., Inc.*, 192 F. Supp. 2d at 535, *citing, California Motor*, 404 U.S. at 513, 92 S. Ct. 609 and *Allied Tube and Conduit Corp.*, 486 U.S. 492, 499-500, 108 S. Ct. 1931, 100 L. Ed. 2d 497 (1988); and *Wood Exploration and Producing Co.*, 438 F.2d at 1296-1298. Although the

---

[4] Federal jurisprudence is rife with recognition of the fraud exception, although its application and contours differ widely, particularly with respect to its integration into the sham exception. For example, in *Baltimore Scrap Corp. v. David J. Joseph Co.*, 237 F.3d 394 (4ᵗʰ Cir. 2001), *cert denied* 121 S. Ct. 2521 (2001), the court held that assuming a fraud exception to the *Noerr-Pennington* doctrine exists, it would apply only to fraudulent representations that go to the "core of the proceeding." In *Armstrong Surgical Ctr., Inc. v. Armstrong County Mem.l Hosp.*, 185 F. 3d 154 (3ʳᵈ Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000) and *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F. 3d 119 (3ʳᵈ Cir. 1999) *cert. denied*, 528 U.S. 871 (1991), the Third Circuit held that the sham exception to the *Noerr-Pennington* doctrine could be applicable so as to exclude *Noerr* immunity for fraudulent misrepresentations inducing governmental action. Likewise, in *Cottle v. Northwest Kidney Ctr.*, 146 F. 3d 1056 (9ᵗʰ Cir. 1998), *cert. denied*, 525 U.S. 1140 (1999), the Ninth Circuit held that misrepresentations by competitors to induce the denial of plaintiffs' Certificate of Need application for a hospital would vitiate immunity, but found that the allegations of misconduct in that case were insufficient.

5

*Livingston Downs Racing Assoc., Inc.,* court found that the plaintiffs had failed to present sufficient evidence so as to preclude summary judgment, it nevertheless recognized that such the fraud exception existed.

### C.    The Fraud Exception Applies

Even if this Court were to accept the applicability of the *Noerr Pennington* Doctrine to any of the non-Sherman Act causes of action asserted, the exception must still be denied on the basis of the fraud or misrepresentation exception. As the operative question is whether Copeland's petition states a cause of action, paragraph 85 of Count Three-Fraud of Copeland's petition is essentially dispositive:

**Count Three-Fraud**

85.

> As detailed above, Robert J. Guidry and/or Treasure Chest obtained a certificate and license by **misrepresentations and/or suppression of the truth** concerning the overarching corrupt conspiracy, as well as their participation in extortion; **these misrepresentations** were made with the intent to obtain and unjust advantage in obtaining a certificate and license. Robert J. Guidry and/or Treasure Chest are therefore liable for **fraud** under La. Civ. Code art. 2315.

(Petition, Paragraph 85, emphasis added). Moreover, the Petition also contains **specific** factual allegations of false misrepresentations made to the Division and the State police. *See* paragraphs 25-27, where false statements regarding the relationship between Edwards and Treasure Chest, a prohibited relationship under former La. R.S. 27:96 A. and 27:70 C. were made under oath by Treasure Chest's counsel as well as Robert Guidry are pled.

### D.    The "Sham" Exception Applies.

Furthermore, even if this Court accepts Guidry's invitation to go where no Louisiana State Court has ever gone before, to apply the *Noerr-Pennington* doctrine to civilian causes of action other than unfair trade practices, and yet declines to apply the fraud exception, the sham exception still mandates the denial of this exception.

In *Livingston Downs Racing Assoc.,* the court denied summary judgment, finding that an unsuccessful applicant for a horse racing license which had brought Federal RICO claims against a competitor had presented sufficient evidence so as to justify the denial of the Defendant's summary judgment on the basis of the sham exception. As applied to the decision of the

6

Louisiana State Racing Commission with respect to the denial of a license, the court found, based in part upon the misrepresentations made to that Commission which resulted in the denial of meaningful access to the tribunal, that the hearing on its second application for a racing license was rendered nothing more than a sham. The court specifically noted with respect to the futility of the Commission proceedings that:

> Defendants were using their "power, strategy and resources... to harass and deter [LDRA] in its use of administrative... proceeding so as to deny [it] free and unlimited access" to the Commission... As a result, genuine issues of fact remain as to whether 'the machinery of [the Commission] was effectively closed" to LDRA and whether that the Defendants usurped the Commission's decision-making authority... Summary judgment on this claim is therefore inappropriate.

*Livingston Downs Racing Assoc., Inc.* 192 F. Supp. 2d at 536, (citations omitted). What was clear in *Livingston Down Racing Assoc.* is even more clear in the instant case. The judicially admitted outright bribery **and** deliberate fraud and misrepresentations of the defendant Guidry, both on his own behalf and on behalf of Treasure Chest, made a complete and utter mockery out of the entire proceedings before the State of Louisiana with regard to the licensing and certificate process for a gaming license.

Notwithstanding the fact that the Court in *Astoria Entertainment, Inc.* applied the *Noerr Pennington* doctrine solely to Antitrust claims, (which are not advanced here) Guidry relies upon that case to support his defense. In so doing, Guidry ignores the fact that, unlike the instant case, fraud was not alleged *Astoria Entertainment, Inc.* as a cause of action, along with the fact that the sham exception was apparently not even argued in that case.[5] In the context of his numerous attempts to use that litigation as a grounds for dismissing this case prematurely, the claims presented by the plaintiffs in Astoria Entertainment, Inc. are not identical to those raised in this case. Copeland is entitled to his day in court, notwithstanding Guidry's partial success in other litigations. Unlike the plaintiff in *Astoria Entertainment, Inc.,* Copeland has alleged fraudulent acts and misrepresentations. Although he has alleged Louisiana Unfair Trade Practices claims, Copeland has not sought relief under the Sherman Act or any other Antitrust remedies.

---

[5] Judge Duval's opinion mentions the word "sham" precisely once in that case, distinguishing a "sham litigation" on the grounds that the "sham exception ... is not applicable in this case." *Astoria Entertainment, Inc.,* 159 F.Supp.2d at 323. Although Copeland does not have the benefit of knowing the precise details of what was argued or pled in that litigation, it appears from the text of the opinion that the case, *Primetime 24 Joint Venture v. National Broadcasting Co.,* 219 F.2d 92 (2d Cir.2000), was raised in an unsuccessful attempt to urge the "commercial exception" which the Fifth Circuit had previously rejected in *Greenwood Utilities Commission v. Mississippi Power Company,* 751 F.2d 1484, 1505 (5th Cir. 1985).

7

Whether the Court is inclined to accept the existence of a separate fraud or misrepresentation exception to the *Noerr-Pennington* doctrine, or, merely to recognize, as did the court in *Livingston Down Racing Assoc.*, that fraud and misrepresentations made to an adjudicatory body which usurp that body's decision making authority and render the entire proceedings a "sham," it is clear that, at least on the face of the Petition for the purposes of this exception, *Noerr-Pennington* does not apply.

## III. STATUTORY IMMUNITY

Similarly, regardless of whether it ultimately might be of any application whatsoever in this case, Guidry's attempt to contort the provisions of La. R.S. 15:468 into a defense suitable for disposition of an exception of no cause of action fundamentally overlooks the nature of the exception itself, which is based on the four corners of the petition. Whatever application La. R.S. 15:468 might have with regard to this case, it is clearly not grounds for the grant of this exception. The statute provides:

> **468. Duty to testify as to bribery or corruptly influencing voters; immunity.**
>
> Any person may be compelled to testify in any lawful proceeding against another charged with commercial bribery, public bribery, bribery of voters or corrupt influencing, and shall not be permitted to withhold his testimony upon the ground that it may incriminate him or expose him to public infamy; but such testimony shall not afterwards be used against him in any judicial proceeding, except for perjury in giving such testimony.

A review of the well pled factual allegations of the petition clearly fails to establish the applicability of this provision, and Guidry cannot, in the context of this exception, provide sufficient evidence to support its application, even if such evidence were to exist. Copeland's Petition alleges that Guidry entered a plea in federal court, and does not allege Guidry was compelled to testify in connection with any of the specific state crimes enumerated in that statute. None of those crimes, including "commercial bribery" (La. R.S. 14:73), "public bribery" (La. R.S. 14:118), "bribery of voters" (La. R.S. 14:119), or "corrupt influencing" (La. R.S. 14:120) is even mentioned in the petition.

Even assuming that the District Attorney for the Nineteenth Judicial District Court could constitutionally deprive every citizen of the state of Louisiana of the right to bring a civil suit against an informer to gain cooperation with a federal investigation, a contention which is

8

completely unsupported by any case law,[6] **this transaction does not appear on the face of the Petition**. Any extension of Guidry's overarching corrupt conspiracy by means of a supposed side deal with yet another state employee, to ensure that he could keep his ill gotten gains through blanket immunity from civil suits, along with whatever Guidry might have paid for it, are simply not pled. Regardless of whether this immunity exists, it is not grounds for an Exception of No Cause of Action.

## IV. CONCLUSION

Notwithstanding the length of his memorandum and the number of irrelevant authorities cited by Guidry, his Supplemental Exception of No Cause of Action must be denied. *Noerr-Pennington* immunity is inapplicable to this suit where no Antitrust claims have been brought, and even if it were to apply to the causes action asserted, the factual allegations of Copeland's petition would bring his claims within both the fraud or misrepresentation exception and the sham exception to that doctrine. Similarly, the statutory immunity which Guidry attempts to rely upon is, in addition to being inapplicable, an affirmative defense which does not appear on the face of the petition, and cannot be the basis for an exception of no cause of action.

Respectfully submitted,

*CHOPIN, WAGAR, COLE,*
*RICHARD & KUTCHER, LLP*

By: _____
    **ROBERT A. KUTCHER** (LSBA #7895)
    **NICOLE S. TYGIER** (LSBA #19814)
    Two Lakeway Center, Suite 900
    3850 North Causeway Boulevard
    Metairie, Louisiana 70002
    Telephone: (504) 830-3838

---

[6]   Although strictly speaking unnecessary for the determination of this exception of no cause of action, several significant points relating to both La. R.S. 15:468 and former La. R.S. Const. art. 19, § 13 are worth noting. First, the Louisiana Supreme Court has specifically held the former identically worded constitutional provision to be "inapplicable" to testimony given in a federal court proceeding, even when a transcript of the Federal grand jury testimony is subsequently introduced to a State grand jury which indicted the defendant for conspiracy to commit public bribery in violation of La. R.S. 14:26 and 14:118. *State v. Wallace*, 321 So.2d 349, 359 (La.1975) (on rehearing). Likewise, the Louisiana Supreme Court has rejected the proposition that a district attorney, absent a pending investigation for public bribery, has the authority to grant immunity for the purposes of obtaining testimony in a federal antitrust suit. *In re Rebar Street Antitrust Investigation*, 343 So.2d 1377, 1383 (La. 1977). Subsequent cases by the lower courts confirm that La. R.S. 15:468 has no application in proceedings where none of the enumerated crimes are charged. *State v. Ramsey*, 457 So.2d 211 (La.App. 2 Cir. 1984), *writ denied*, 462 So.2d 1261 (La. 1985) (La. R.S. 15:468 inapplicable in prosecution for simple robbery where neither defendant nor party who allegedly participated in sending letter to defendant's attorney which offered favorable testimony on defendant's behalf was charged with any type of bribery).

9

Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 37th day of Ma 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

10

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                    DIVISION "D"

### ALVIN C. COPELAND

-versus-

### TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____          _____
                                                    Deputy Clerk

### MEMORANDUM IN OPPOSITION TO EXCEPTION OF
### NON-JOINDER OF A PARTY UNDER ARTICLES 641 AND 642

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to Robert J. Guidry's ("Guidry") Exception of Non-Joinder of a Party Under Articles 641 and 642 of the Louisiana Code of Civil Procedure. This exception is without justification. It is entirely based upon an incorrect and incomplete analysis of this litigation and an inappropriate emphasis on a companion case, *Alvin C. Copeland v. Louisiana Gaming Control Board, et al*, No. 400,750 (hereinafter "the Gaming Control Board" suit). When the proper standards are applied, this Court should overrule this exception as the law is well settled that neither the Riverboat Gaming Commission, the Riverboat Gaming Enforcement Division, nor the Gaming Control Board is a party needed for adjudication under La. C.C.P. art. 641, *et seq.*

Contrary to the representations of Guidry, the instant lawsuit, while factually related to the Gaming Control Board suit, is a separate and distinct lawsuit brought by Copeland against Treasure Chest Casino, LLC and Robert J. Guidry seeking solely damages resulting from their corruption of the riverboat gaming licensing process under theories of racketeering, unfair trade practices, tortious fraud, and unjust enrichment. The State defendants are not necessary parties to this action, which does not in any way seek damages or injunctive relief from the State entities.

The crux of Guidry's exception is that because Copeland alleges that the decisions of the Commission and Division were influenced as a result of the crimes and tortious acts of the

defendants, that those state entities must be made a party to this lawsuit, despite the fact that all Copeland is seeking in this suit is damages against Guidry and Treasure Chest. In support of this proposition, Guidry cites to various cases dealing with declaratory relief and injunctions against State entities, akin to the Gaming Control Board suit, and wholly and completely distinct from what is in essence a tort suit for damages such as this suit.

For example, in *Coulon v. Slidell Municipal Fire and Police Civil Service Board*, 542 So.2d 151 (La. App. 1st Cir. 1989), the court held that the fire protection district actually employing the fire operator was an indispensable party in a judicial appeal from his dismissal. In *Firemen's Pension and Relief Fund v. Sudduth*, 276 So.2d 727 (La. App. 3rd Cir. 1973), the court held that where the city was the party directed by statute to pay matching funds into a firemen's pension and relief fund, it was an indispensable party defendant to a mandamus suit to compel the statutorily required payments. Similarly, in *Fuselier v. State Market Commission*, 231 So.2d 652 (La. App. 3rd Cir. 1970), where a taxpayer sought to enjoin the issuance of bonds by the State Bond and Building Commission, the Bond and Building Commission was held to be an indispensable party to the suit. Even in *Chalmette General Hospital, Inc. v. Cherry*, 398 So.2d 599 (La. 1981), where the court held that a competing hospital was an indispensable party to a mandamus suit seeking to compel a hearing on a certificate of need brought by another hospital, the issues all involved coercing action by a State entity. In direct contrast, this suit in no way involves the coercion of any action by means of mandamus, payment of funds, or injunction. This is purely a suit for damages against Treasure Chest and Guidry.

What precisely is a party needed necessary for just adjudication is set forth in La. C.C.P. art. 641 *et seq.*, and was summarized recently by the Louisiana Supreme Court in *Industrial Companies, Inc. v. Durbin*, 2002-0665 (La. 1/28/03), 2003 WL 183272, *8:

> A person shall be joined as a party in the action when either:
>
> (1) in his absence complete relief cannot be accorded among those already parties.
>
> (2) he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
> > (a) as a practical matter, impair of impede his ability to protect that interest.

2



     (b) leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Contrary to Guidry's assertions, the joinder of the State entities is not necessary for "complete relief," because a declaratory judgment claim concerning the proper license holder is not an issue in this lawsuit. That claim in fact was raised in the Gaming Control Board's suit but was subsequently rendered moot. The sole issues presented in the instant case relate to damages as a result of the wrongful conduct of defendants. There is no risk of an inability to render complete relief since the claims pled, which are solely for damages against non-State defendants, can be accomplished among the parties hereto.

In fact, because the claims raised are essentially tort claims, the provisions of La. C.C.P. art. 643 specifically designating that "one or more solidary obligors may be sued to enforce solidary obligation, without the necessity of joining all others in the action" are pertinent. To the extent that either the Division or the Gaming Commission might be vicariously liable for the actions of various individuals who were bribed by Guidry or influenced by the Guidry/Treasure Chest scheme, those parties are not necessary parties, notwithstanding the obligation of solidary liability pursuant to aforementioned article. It is well settled that co conspirators and joint tortfeasors are not, merely because of that status, necessary or indispensable parties. *Herpich v. Wallace*, 430 F.2d 792, 817 (5th Cir. 1970); *Landry v. State Farm Fire & Casualty Co.*, 504 So.2d 871, 875 (La. App. 3rd Cir. 1987). ("It is well settled that joint tortfeasors are solidary obligors and a plaintiff may elect to sue any *one,* or more, of them.").

Copeland stood ready, willing and able to consolidate this matter with the Gaming Control Board suit when this suit was filed.[1] Treasure Chest, the company which Guidry previously owned a controlling interest in, and in which he has now claimed to have been acting as the representative of in the context of the defense of the Riverboat Gaming Control Board suit, opposed that consolidation, complaining of the prejudice that would result if it were to be brought to justice before the same Court that ruled on Copeland's claims against the Division and the Commission. Copeland respectfully submits that the instant exception should be denied, and it be permitted to pursue this case on the merits.

---

[1] Should this Court believe transfer to the lower case number is proper and consolidation is appropriate, Copeland is willing to consolidate now, just as he was four years ago.

3

Respectfully submitted,

***CHOPIN, WAGAR, COLE, RICHARD,
REBOUL & KUTCHER, LLP***

By: _____
**ROBERT A. KUTCHER** (LSBA #7895)
**NICOLE S. TYGIER** (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9573

***Attorneys for Plaintiff Alvin C. Copeland***

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ____ day of April, 2003, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.



4

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                    DIVISION "D"

ALVIN C. COPELAND

-versus-

TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

COST OK Amt. 32.0 0

Filed:_____          _____

Deputy Clerk                           APR 0 7 2003

BY_____

DY CLERK OF COURT

**MEMORANDUM IN OPPOSITION TO EXCEPTION OF *RES JUDICATA* AND ALTERNATIVE PARTIAL EXCEPTION OF NO RIGHT OF ACTION**

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to the Exception of *Res Judicata* and Alternative Partial Exception of No Right of Action submitted herein by defendant, Robert J. Guidry ("Guidry"), urging that these Exceptions be overruled. By distorting the facts of this case as well as the ruling of the First Circuit Court of Appeal on June 21, 2002, Guidry attempts to extricate himself from this lawsuit by wrongfully maintaining that the appellate court opinion in *Alvin C. Copeland v. The Louisiana Gaming Control Board, et al*, No. 2000-2864 (La. App. 1st Cir. 9/11/02) (the "Gaming Control Board Suit"), constitutes *res judicata* so as to justify the dismissal of this action, despite the fact that he was never a party to that suit. Additionally and without support, Guidry urges that Copeland's damages should be limited by virtue of payments made by an unrelated third party in that litigation.

Since the inception of this case, Guidry and Treasure Chest have done everything possible to avoid discovery and to thwart the disclosure of their wrongdoing in this suit. The current exceptions are nothing more than procedural posturing in an effort to continue to avoid discovery and ultimately trial on the damages they have caused to Copeland.

**REC'D C.P.**

REC'D A.B. 8 2007

APR 0 7 2003

FAX COPY FILED 4.4.03
ORIGINAL FILED 4-7-03

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 28 of 256

## I. Res Judicata

The merits of Guidry's Exceptions are largely identical to those set forth in a similar Exception by Treasure Chest Casino, the corporation which he previously controlled, which also wrongfully alleges that the First Circuit opinion in the Louisiana Gaming Control Board suit bars this suit by *res judicata*. Copeland has already filed an Opposition to that Exception and that Memorandum is incorporated herein by reference.

### A. Factual Background

When the instant suit was filed, it was accompanied by an Ex Parte Motion to Transfer and Consolidate this case with the already pending action in Division "A" against the Gaming Control Board, *Alvin C. Copeland v. Louisiana Gaming Control Board, et al*, No. 400,750 (hereinafter "the Gaming Control Board" suit). Although the judge in division "A" accepted the transfer of this case, Treasure Chest filed a Memorandum in Opposition to Consolidation of Cases in which it asserted that: "[t]he two actions involve **different types of actions,**[1] standards of review, **different defendants**[2] and are **based on different facts**" (p. 1), that the actions "**do not involve common issues of law and fact** as both involve different complex federal claims – constitutional and RICO claims, as well as numerous state claims **against different defendants** based on different allegations" and that "**common issues of law and fact do not predominate**". Following a similar opposition by the Gaming Control Board, and a hearing on November 15, 1999, this Court denied Copeland's Motion for Consolidation.

Ignoring its earlier judicial admissions to the contrary, Treasure Chest abandoned the arguments it advanced to avoid consolidation and, directly opposite to its earlier judicial admission, now argues that this case arises out of the same transaction or occurrence as the Gaming Control Board suit in order to maintain that the decision of the First Circuit's September 11, 2002 decision is *res judicata* as to Plaintiff's claims in this suit. Guidry, the one time owner of Treasure Chest has now joined in Treasure Chest's exceptions, urging that despite the fact that

---

[1] In the Gaming Control Board suit, Copeland sought both declaratory relief as well as damages against the Gaming Control Board. Treasure Chest intervened solely with respect to the Counts relating to declaratory relief, both of which were declared moot by the First Circuit Court of Appeal.

[2] The only common defendant to both suits is Treasure Chest, which intervened and was not sued by Copeland. Guidry was not a party to the Gaming Control Board suit and the Gaming Control Board is not a party to this suit.

2

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 29 of 256

he was not even a party to the Gaming Control Board suit and had sold his interest in Treasure

Chest almost five years before the judgment, he should be entitled to claim *res judicata* as well.

**B.      Law**

Until recently, the law of *res judicata* in Louisiana barred a second action only when the

plaintiff sought the same relief based on the same cause of action.  LSA-C.C. Art. 2286.[3]  The

law was revised and re-designated as present LSA-R.S. 13:4231.  See **Comments-1990(a)** to

13:4231 which now provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment *bars a **subsequent action** on those causes of action.*

> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

(Emphasis added).  While *res judicata* now focuses on transaction or occurrence rather than on

demands, Louisiana courts still strictly construe the doctrine.

"*Res judicata* cannot be invoked unless all its essential elements are present and each

necessary element has been established beyond all question.  The *res judicata* doctrine must be

strictly construed, and any doubt concerning its applicability is to be resolved against the party

raising the objection."  *Mandalay Oil & Gas, L.L.C. v. Energy Development Corp.*, 2001-0993

(La.App. 1 Cir. 7/3/02), 2002 WL 1434422, *4, *citing Berrigan v. Deutsch, Kerrigan & Stiles*,

LLP, 2001-0612, (La.App. 4th Cir.1/2/02), 806 So.2d 163, 167, *writs denied*, 2002-0388, 2002-

0341 (La.4/12/02), 813 So.2d 410.  *See also Griffin v. BSFI Western E & P, Inc.*, 2000-2122

---

[3] "The authority of the thing adjudged takes place only with respect to what was the object of the judgment.  The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

3

(La.App. 1 Cir. 2/15/02), 812 So.2d 726, 730; *Kelty v. Brumfield*, 93-1142, (La.2/25/94), 633 So.2d 1210, 1215.

Moreover, "[w]hile *res judicata* is a useful tool, it should not be used as a scythe applied mechanically to mow down claims where the party asserting the claim is not at fault for the lack of adjudication of that claim in the first suit." *Griffin*, 812 So.2d at 730-731, *quoting Terrebonne Fuel & Lube, Inc. v. Placid Refining Company*, 95-0654 (La.1/16/96), 666 So.2d 624, 635. In addition to strictly construing the elements of *res judicata*, La.R.S. 13:4232A specifically provides for exceptions to the general rule: "[w]hen exceptional circumstances justify relief," "the judgment dismissed the first action without prejudice," or "reserved the right of the plaintiff to bring another action." *Griffin*, 812 So.2d at 730, n. 2.

### 1. The suits do not arise out of the same "transaction or occurrence."

As Treasure Chest originally admitted and argued to this Court in 1999, **this suit and the Gaming Control Board suit do not arise out of the same set of facts.** La. R.S. 13:4231 does not define the term "transaction or occurrence," a pivotal term in determining whether either *Res judicata* or *Lis Pendens* applies, but clearly there must be some common factual origin. Louisiana Courts have relied upon the federal standard for guidance. In *Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La. App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060, it was noted that:

> Black's Law Dictionary defines "transaction" as, *inter alia*, "a broader term than 'contract," and "a group of facts so connected together as to be referred to by a single legal name; as a crime, a contract, a wrong." Among the definitions of "transaction or occurrence" found in 42 Words and Phrases, Supp. p. 201 (1997), is "whether pertinent facts of different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." The federal courts have given the words "transaction or occurrence" a broad and liberal interpretation in order to avoid a multiplicity of suits. All logically related events entitling a person to institute legal action against another generally are regarded as comprising a "transaction or occurrence." *Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143 (6th Cir. 1969).

*Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060.

4

Under this standard, adopted from the federal law, "the critical issue is not the relief requested or the theory asserted, but **whether the plaintiff bases the two actions on the same nucleus of operative facts**." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis added). Treasure Chest's current position, now adopted by Guidry, that the two suits arise out of the same transaction or occurrence and hence the same nucleus of operative facts is disingenuous and directly contrary to Treasure Chest's prior admissions and with this Court's prior ruling that they do not arise out of the same set of facts.

If the set of facts giving rise to the Gaming Control Board suit in 1999 was different from those in the instant suit when the Motion to Transfer and Consolidate was denied in November 1999, they remain so today and Treasure Chest's Exception of *Res Judicata* must be overruled, along with Guidry's tag along exception. The cases cannot have been unrelated for transfer purposes and still constitute *res judicata*.

### 2.    This suit is not a "subsequent action."

As previously noted, the *res judicata* statute must be strictly construed. A strict reading of the statute reveals that it is not applicable, as in the instant case, to operate to bar an action which was **instituted prior to the judgment alleged to be *res judicata*.** The statute provides:

> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment *bars a **subsequent action** on those causes of action.*

(Emphasis added). As the statute speaks only of barring a subsequent action, the Court of Appeal's September 2002 Judgment cannot operate to bar an action which was filed prior to the judgment. Accordingly, Guidry's Exception of *res judicata* must be overruled because he has failed to prove this element of the statute.

### 3.    Exceptional circumstances justify relief from res judicata effect.

Finally, even if this Court should somehow find that the elements set forth in La.R.S. 13:4231 have been proven by a preponderance of the evidence, and that no doubts exist as to its application, Copeland alternatively urges that the provisions of La.R.S. 13:4232 justify relief

5

from the application of *res judicata* under the unique circumstances of this case. That statute provides, in pertinent part:

### § 4232. Exceptions to the general rule of *res judicata*

A. A judgment does not bar another action by the plaintiff:

(1) When exceptional circumstances justify relief from the *res judicata* effect of the judgment;

This statute gives a court authority to exercise its equitable discretion to balance principles of *res judicata* with interests of justice. *Fine v. Regional Transit Authority*, 95-2603 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134. It is appropriately invoked to avoid the pitfalls of the procedural rule[4] regarding mandatory joinder of claims in the interests of justice. *Craig v. Adams Interiors, Inc.*, 34,591 (La.App. 2 Cir. 4/6/01), 785 So.2d 997, 1002, citing *Hudson v. City of Bossier*, 33,620 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, *writ denied* 00-2687 (La.11/27/00), 775 So.2d 450.

Although Copeland maintains that the provisions of La. R.S. 13:4231 do not apply, even if this Court were to so find, a more compelling circumstance for the application of La. R.S. 13:4232A(1) would be difficult to even imagine. Copeland filed the Gaming Control Board Suit in 1993, and after Treasure Chest intervened as a defendant in that suit, attempted to consolidate that action with this one, urging the predominance of common issues of law and fact. Treasure Chest opposed the consolidation, and yet, now Guidry and Treasure Chest come before this same court urging that the two suits concern the same transaction or occurrence, and that they should be entitled to the dismissal of this suit based on the common issues of fact. Under the circumstances, justice clearly justifies relief from *res judicata*.

### 4. Guidry was not a party to the Riverboat Gaming Commission suit.

Notwithstanding the fact that Guidry was not a party to the Riverboat Gaming Commission suit, he now claims as a "privy" of Treasure Chest to nevertheless be protected by the doctrine of *res judicata* from the alleged relitigation of claims arising out of Treasure Chest's status as a party in that litigation. The basis of this claim is that, pursuant to federal law, which

---

[4] La. C.C.P. art. 425A. provides: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

Guidry urges is analogous, *res judicata* protects parties and their "privies" because the interests of Treasure Chest and Guidry were allegedly "so closely aligned in the prior proceedings that Treasure Chest was the virtual representative of Guidry in that proceeding." Not surprisingly, Guidry has provided no legal or factual support for this proposition, and in the context of his Exceptions deliberately omits mention of the fact that he is no longer an officer or owner of Treasure Chest, having sold his interest in the casino for a payment of over $73 million dollars in October of 1997,[5] almost five years prior to the judgment claimed to be *res judicata* and prior to the institution of this litigation.

Guidry's argument is fundamentally flawed. Preliminarily, La. R.S. 13:4231 specifically states that "a valid and final judgment is conclusive between the same parties ... ," and Louisiana law is well settled that "*res judicata*" cannot be raised against a litigant who was neither a party to the former suit, nor the successor to the rights of one of the parties of the former suit. *Kibodeaux v. Kibodeaux*, 93-1143 (La. App. 3rd Cir. 4/6/94), 835 So.2d 530, 532 (citing *Sun Finance Co. v. Jackson*, 525 So.2d 532 (La. 1988).

Notwithstanding federal law, Louisiana clearly requires strict privity of interest in the context of *res judicata* as is noted in *Kibodeaux* and *Jackson*, and the showing merely that Guidry previously was the majority shareholder in Treasure Chest Casino five years before the pertinent judgment is insufficient to demonstrate this strict privity. In *Certified Finance, Inc. v. Cunard*, 2001-0797 (La.App. 1 Cir. 4/17/02), 2002 WL 569520, the First Circuit addressed precisely the issue presented, i.e., whether a party related to another party could claim to be a "privy" so as to claim the preclusive effect of a judgment to which it was not a party. After recognizing that "The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection,"[6] the First Circuit held:

> Following the federal law from which our new res judicata statute was taken, Louisiana courts have held that the preclusive effect of a judgment binds the parties to an action and the nonparties who are deemed the "privies" of the parties in three limited circumstances: 1) the nonparty is the successor in interest of a party; 2) the nonparty controlled the prior litigation; and 3) the nonparty's interests were adequately represented by a

---

[5] Petition for Damages, ¶ 39.
[6] *Cunard*, 2002 WL 569520 at *7, citing *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 2001-0612 (La.App. 4 Cir. 1/2/02), 806 So.2d 153, 167.

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 34 of 256

party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. ... The concepts of control and virtual representation are narrowly construed and are not satisfied merely by showing that the party and the nonparty have common or parallel interest in the factual and legal issues presented in the respective actions.

*Cunard,* 2002 WL 569520 at *7-8 (citations omitted). None of these limited circumstances apply, and accordingly, even if there were merit to Treasure Chest's exception, Guidry is not a privy and was not at the time of the judgment in the Gaming Control Board suit:

- Guidry is not the successor in interest to Treasure Chest.

- There has been no evidence presented that Guidry controlled Treasure Chest's defense in the Gaming Control Board suit or in any way participated in the defense of that suit after selling his interest in Treasure Chest, almost five years before the opinion at issue.

- Finally, Treasure Chest was not a virtual representative of Guidry in the Louisiana Gaming Control Board suit. Treasure Chest's interest in that suit, as the current holder of the license was distinct from Guidry's, who criminally obtained the license and then sold his interest in Treasure Chest.

The fact of the matter is that the Gaming Control Board decision is not *res judicata* as to this suit, and the exceptions of *res judicata* of both Treasure Chest and Guidry should be overruled. However, assuming *arguendo* that the Gaming Control Board decision might have any preclusive effect in this action, it clearly applies only to Treasure Chest and not to Guidry, who was not even a party to that proceeding.

## II. GUIDRY'S PARTIAL EXCEPTION OF NO RIGHT OF ACTION MUST BE OVERRULED.

Mixed in with his spurious *res judicata* claims, Guidry also urges that this Court reduce the damages for which he might be cast by virtue of certain payments made by the State of Louisiana to Copeland in the context of the Gaming Commission suit. This Exception is without merit, and is both procedurally and substantively flawed and should be overruled.

Preliminarily, the First Circuit has definitively concluded that the partial maintenance of exception of no right of action is improper. Specifically, in *Talbot v. C&C Millworks, Inc.,* 1997-1489 (La. App. 1st Cir. 6/29/98), 715 So.2d 153, 156, the court noted:

This court has previously held that the Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action, and, thus, if a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should not be maintained.

8

*Clement v. McNabb*, 580 So.2d 981, 983 (La. App. 1st Cir. 1991); *Cenac Towing Co. v. Cenac*, 413 So.2d 1351, 1352 (La. App. 1st Cir. 1982).

In *Talbot*, as here, the plaintiff had pled multiple theories of recovery based on a single occurrence or set of operative facts, and the partial grant of an exception of no right of action which attacks (and indeed seeks to partially limit) only one theory of recovery would result in an impermissible partial judgment.

It is not surprising that Guidry has chosen to overlook this settled law, and the ruling on which it was based by the Supreme Court in *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234 (La. 1993), wherein the Louisiana Supreme Court ruled that the partial grant of an exception of no cause of action which does not dismiss a party is improper when based upon the same transaction or occurrence. In fact, it is evident from the text of Guidry's Exceptions that he misreads the First Circuit Court of Appeal's opinion on June 21, 2002, so as to hold that all of Copeland's claims, with the exception of a claim for unfair trade practices, have been dismissed on exceptions of no cause of action. This pointedly is not what the First Circuit did in that opinion, and Guidry's mischaracterization of that opinion must be corrected. In that opinion the First Circuit noted that, "if the petition sets forth a cause of action, none of the other causes of action may be dismissed based upon an exception pleading the objection of no cause of action." *Id.* at p. 3, citing *Pines v. Dr. Carlos D. Moreno, Inc.*, 569 So.2d 203, 206-207 (La. App. 1st Cir. 1990). What the First Circuit did in this case was reverse the entire ruling of this court with respect to the exceptions of no cause of action, having determined that Copeland stated at least one cause of action. Contrary to Guidry's arguments, the appellate court did not review the merits of any of the other causes of action, and those causes of action, including causes of action for racketeering, unfair trade practices, consumer protection law, tortious fraud under La. C.C. art. 2315, and unjust enrichment all remain pending.

However, notwithstanding these misrepresentations, Guidry has provided no justification for the partial extinguishment of his obligations to Copeland by virtue of the payment of certain sums in the Gaming Control Board suit. Notably, citations to cases like *Tumblin v. Gratech*

9

*Corp.*, 448 So.2d 179 (La. App. 4th Cir. 1984), dealing with the collateral source rule, and general rules regarding contribution among joint tortfeasors prior to the abolition of solidary liability are wholly irrelevant to the case at hand. Guidry has cited to no case law supporting the establishment of partial extinguishment of a claim for unfair trade practices, and even if, as a potential joint tortfeasor, Guidry might somehow be able to plead partial extinguishment of the debt with respect to payments by a party not before the Court in this suit, the appropriate time for doing so would be a trial or by means of some motion *in limine*, not an exception of no right of action at this stage.

Considering the foregoing, Copeland respectfully submits that Guidry's Exceptions, both of *res judicata* and his Partial Exception of No Right of Action should be overruled.

Respectfully submitted,

**CHOPIN, WAGAR, COLE, RICHARD, REBOUL & KUTCHER, LLP**

By: _____

**ROBERT A. KUTCHER** (LSBA #7895)
**NICOLE S. TYGIER** (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ____4th____ day of April, 2003, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

_____

10

* * * COMM...CATION RESULT REPORT 708072214000    3:10PM ) * * *

FAX HEADER: SUIT ACCT

| TRANSMITTED/STORED : APR. 4. 2003  3:09PM | | | | |
|---|---|---|---|---|
| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
| 909  MEMORY TX | | 915048369540 | OK | 1/1 |

POSTED

APR 04 2003

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL          E-2) BUSY
E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION



# DOUG WELBORN
## CLERK OF COURT
### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

Suit Accounting Dept.
P.O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3961
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

From:       Suit Accounting Department          Date: _4/4/03_
Fax Number: (225) 389-3392                       Suit No.: _464607_
To:         _Tygier_                             Division: _D_

_Alvin Copeland_ vs. _Treasure Chest Casino et al_

Item(s) Received: _Memo_

Amount Due (includes $5.00 Fax Fee and $.50 per page) $ _0_

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within five (5) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

**NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
ISSUANCE BY ORIGINAL REQUESTS ONLY!**

**PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.**

_Sara Callender_
*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Acct. Dept. Form #6
Rev. 1.2000

RECEIVED TIME  APR. 4.  2:58PM

## I. Res Judicata

The merits of Guidry's Exceptions are largely identical to those set forth in a similar Exception by Treasure Chest Casino, the corporation which he previously controlled, which also wrongfully alleges that the First Circuit opinion in the Louisiana Gaming Control Board suit bars this suit by *res judicata*. Copeland has already filed an Opposition to that Exception and that Memorandum is incorporated herein by reference.

### A. Factual Background

When the instant suit was filed, it was accompanied by an Ex Parte Motion to Transfer and Consolidate this case with the already pending action in Division "A" against the Gaming Control Board, *Alvin C. Copeland v. Louisiana Gaming Control Board, et al*, No. 400,750 (hereinafter "the Gaming Control Board" suit). Although the judge in division "A" accepted the transfer of this case, Treasure Chest filed a Memorandum in Opposition to Consolidation of Cases in which it asserted that: "[t]he two actions involve **different types of actions,**[1] standards of review, **different defendants**[2] and are **based on different facts**" (p. 1), that the actions "**do not involve common issues of law and fact** as both involve different complex federal claims – constitutional and RICO claims, as well as numerous state claims **against different defendants** based on different allegations" and that "**common issues of law and fact do not predominate**". Following a similar opposition by the Gaming Control Board, and a hearing on November 15, 1999, this Court denied Copeland's Motion for Consolidation.

Ignoring its earlier judicial admissions to the contrary, Treasure Chest abandoned the arguments it advanced to avoid consolidation and, directly opposite to its earlier judicial admission, now argues that this case arises out of the same transaction or occurrence as the Gaming Control Board suit in order to maintain that the decision of the First Circuit's September 11, 2002 decision is *res judicata* as to Plaintiff's claims in this suit. Guidry, the one time owner of Treasure Chest has now joined in Treasure Chest's exceptions, urging that despite the fact that

---

[1] In the Gaming Control Board suit, Copeland sought both declaratory relief as well as damages against the Gaming Control Board. Treasure Chest intervened solely with respect to the Counts relating to declaratory relief, both of which were declared moot by the First Circuit Court of Appeal.

[2] The only common defendant to both suits is Treasure Chest, which intervened and was not sued by Copeland. Guidry was not a party to the Gaming Control Board suit and the Gaming Control Board is not a party to this suit.

2

he was not even a party to the Gaming Control Board suit and had sold his interest in Treasure Chest almost five years before the judgment, he should be entitled to claim *res judicata* as well.

**B.    Law**

Until recently, the law of *res judicata* in Louisiana barred a second action only when the plaintiff sought the same relief based on the same cause of action. LSA-C.C. Art. 2286.[3] The law was revised and re-designated as present LSA-R.S. 13:4231. See **Comments-1990(a)** to 13:4231 which now provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment *bars a subsequent action on those causes of action*.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

(Emphasis added). While *res judicata* now focuses on transaction or occurrence rather than on demands, Louisiana courts still strictly construe the doctrine.

"*Res judicata* cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. The *res judicata* doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection." *Mandalay Oil & Gas, L.L.C. v. Energy Development Corp.*, 2001-0993 (La.App. 1 Cir. 7/3/02), 2002 WL 1434422, *4, *citing Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 2001-0612, (La.App. 4th Cir.1/2/02), 806 So.2d 163, 167, *writs denied*, 2002-0388, 2002-0341 (La.4/12/02), 813 So.2d 410. *See also Griffin v. BSFI Western E & P, Inc.*, 2000-2122

---

[3] "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

3

(La.App. 1 Cir. 2/15/02), 812 So.2d 726, 730; *Kelty v. Brumfield*, 93-1142, (La.2/25/94), 633 So.2d 1210, 1215.

Moreover, "[w]hile *res judicata* is a useful tool, it should not be used as a scythe applied mechanically to mow down claims where the party asserting the claim is not at fault for the lack of adjudication of that claim in the first suit." *Griffin*, 812 So.2d at 730-731, *quoting Terrebonne Fuel & Lube, Inc. v. Placid Refining Company*, 95-0654 (La.1/16/96), 666 So.2d 624, 635. In addition to strictly construing the elements of *res judicata*, La.R.S. 13:4232A specifically provides for exceptions to the general rule: "[w]hen exceptional circumstances justify relief," "the judgment dismissed the first action without prejudice," or "reserved the right of the plaintiff to bring another action." *Griffin*, 812 So.2d at 730, n. 2.

### 1.   The suits do not arise out of the same "transaction or occurrence."

As Treasure Chest originally admitted and argued to this Court in 1999, **this suit and the Gaming Control Board suit do not arise out of the same set of facts.** La. R.S. 13:4231 does not define the term "transaction or occurrence," a pivotal term in determining whether either *Res judicata* or *Lis Pendens* applies, but clearly there must be some common factual origin. Louisiana Courts have relied upon the federal standard for guidance. In *Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La. App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060, it was noted that:

> *Black's Law Dictionary* defines "transaction" as, *inter alia*, "a broader term than 'contract," and "a group of facts so connected together as to be referred to by a single legal name; as a crime, a contract, a wrong." Among the definitions of "transaction or occurrence" found in 42 Words and Phrases, Supp. p. 201 (1997), is "whether pertinent facts of different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." The federal courts have given the words "transaction or occurrence" a broad and liberal interpretation in order to avoid a multiplicity of suits. All logically related events entitling a person to institute legal action against another generally are regarded as comprising a "transaction or occurrence." *Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143 (6th Cir. 1969).

*Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060.

4

Under this standard, adopted from the federal law, "the critical issue is not the relief requested or the theory asserted, but **whether the plaintiff bases the two actions on the same nucleus of operative facts.**" *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis added). Treasure Chest's current position, now adopted by Guidry, that the two suits arise out of the same transaction or occurrence and hence the same nucleus of operative facts is disingenuous and directly contrary to Treasure Chest's prior admissions and with this Court's prior ruling that they do not arise out of the same set of facts.

If the set of facts giving rise to the Gaming Control Board suit in 1999 was different from those in the instant suit when the Motion to Transfer and Consolidate was denied in November 1999, they remain so today and Treasure Chest's Exception of *Res Judicata* must be overruled, along with Guidry's tag along exception. The cases cannot have been unrelated for transfer purposes and still constitute *res judicata.*

        2.     **This suit is not a "subsequent action."**

As previously noted, the *res judicata* statute must be strictly construed. A strict reading of the statute reveals that it is not applicable, as in the instant case, to operate to bar an action which was **instituted prior to the judgment alleged to be *res judicata.*** The statute provides:

> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment *bars a **subsequent action** on those causes of action.*

(Emphasis added). As the statute speaks only of barring a subsequent action, the Court of Appeal's September 2002 Judgment cannot operate to bar an action which was filed prior to the judgment. Accordingly, Guidry's Exception of *res judicata* must be overruled because he has failed to prove this element of the statute.

        3.     **Exceptional circumstances justify relief from res judicata effect.**

Finally, even if this Court should somehow find that the elements set forth in La.R.S. 13:4231 have been proven by a preponderance of the evidence, and that no doubts exist as to its application, Copeland alternatively urges that the provisions of La.R.S. 13:4232 justify relief

5

from the application of *res judicata* under the unique circumstances of this case. That statute

provides, in pertinent part:

> ## § 4232. Exceptions to the general rule of *res judicata*
>
> A. A judgment does not bar another action by the plaintiff:
>
> (1) When exceptional circumstances justify relief from the *res judicata* effect of the judgment;

This statute gives a court authority to exercise its equitable discretion to balance

principles of *res judicata* with interests of justice. *Fine v. Regional Transit Authority*, 95-2603

(La.App. 4 Cir. 6/26/96), 676 So.2d 1134. It is appropriately invoked to avoid the pitfalls of the

procedural rule[4] regarding mandatory joinder of claims in the interests of justice. *Craig v. Adams*

*Interiors, Inc.*, 34,591 (La.App. 2 Cir. 4/6/01), 785 So.2d 997, 1002, citing *Hudson v. City of*

*Bossier*, 33,620 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, *writ denied* 00-2687 (La.11/27/00), 775

So.2d 450.

Although Copeland maintains that the provisions of La. R.S. 13:4231 do not apply, even

if this Court were to so find, a more compelling circumstance for the application of La. R.S.

13:4232A(1) would be difficult to even imagine. Copeland filed the Gaming Control Board Suit

in 1993, and after Treasure Chest intervened as a defendant in that suit, attempted to consolidate

that action with this one, urging the predominance of common issues of law and fact. Treasure

Chest opposed the consolidation, and yet, now Guidry and Treasure Chest come before this same

court urging that the two suits concern the same transaction or occurrence, and that they should

be entitled to the dismissal of this suit based on the common issues of fact. Under the

circumstances, justice clearly justifies relief from *res judicata*.

4.  **Guidry was not a party to the Riverboat Gaming Commission suit.**

Notwithstanding the fact that Guidry was not a party to the Riverboat Gaming

Commission suit, he now claims as a "privy" of Treasure Chest to nevertheless be protected by

the doctrine of *res judicata* from the alleged relitigation of claims arising out of Treasure Chest's

status as a party in that litigation. The basis of this claim is that, pursuant to federal law, which

---

[4] La. C.C.P. art. 425A. provides: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

RECEIVED TIME APR. 4. 2:58PM
Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 43 of 256

Guidry urges is analogous, *res judicata* protects parties and their "privies" because the interests of Treasure Chest and Guidry were allegedly "so closely aligned in the prior proceedings that Treasure Chest was the virtual representative of Guidry in that proceeding." Not surprisingly, Guidry has provided no legal or factual support for this proposition, and in the context of his Exceptions deliberately omits mention of the fact that he is no longer an officer or owner of Treasure Chest, having sold his interest in the casino for a payment of over $73 million dollars in October of 1997,[5] almost five years prior to the judgment claimed to be *res judicata* and prior to the institution of this litigation.

Guidry's argument is fundamentally flawed. Preliminarily, La. R.S. 13:4231 specifically states that "a valid and final judgment is conclusive between the same parties ... ," and Louisiana law is well settled that *"res judicata"* cannot be raised against a litigant who was neither a party to the former suit, nor the successor to the rights of one of the parties of the former suit. *Kibodeaux v. Kibodeaux*, 93-1143 (La. App. 3rd Cir. 4/6/94), 835 So.2d 530, 532 (citing *Sun Finance Co. v. Jackson*, 525 So.2d 532 (La. 1988).

Notwithstanding federal law, Louisiana clearly requires strict privity of interest in the context of *res judicata* as is noted in *Kibodeaux* and *Jackson*, and the showing merely that Guidry previously was the majority shareholder in Treasure Chest Casino five years before the pertinent judgment is insufficient to demonstrate this strict privity. In *Certified Finance, Inc. v. Cunard*, 2001-0797 (La.App. 1 Cir. 4/17/02), 2002 WL 569520, the First Circuit addressed precisely the issue presented, i.e., whether a party related to another party could claim to be a "privy" so as to claim the preclusive effect of a judgment to which it was not a party. After recognizing that "The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection,"[6] the First Circuit held:

> Following the federal law from which our new res judicata statute was taken, Louisiana courts have held that the preclusive effect of a judgment binds the parties to an action and the nonparties who are deemed the "privies" of the parties in three limited circumstances: 1) the nonparty is the successor in interest of a party; 2) the nonparty controlled the prior litigation; and 3) the nonparty's interests were adequately represented by a

---

[5] Petition for Damages, ¶ 39.

[6] *Cunard*, 2002 WL 569520 at *7, citing *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 2001-0612 (La.App. 4 Cir. 1/2/02), 806 So.2d 153, 167.

RECEIVED Case 3:10-cv-00003-BAJ-DLD   Document 7   10/07/10   Page 44 of 256

party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. ... The concepts of control and virtual representation are narrowly construed and are not satisfied merely by showing that the party and the nonparty have common or parallel interest in the factual and legal issues presented in the respective actions.

*Cunard*, 2002 WL 569520 at *7-8 (citations omitted). None of these limited circumstances apply, and accordingly, even if there were merit to Treasure Chest's exception, Guidry is not a privy and was not at the time of the judgment in the Gaming Control Board suit:

- Guidry is not the successor in interest to Treasure Chest.

- There has been no evidence presented that Guidry controlled Treasure Chest's defense in the Gaming Control Board suit or in any way participated in the defense of that suit after selling his interest in Treasure Chest, almost five years before the opinion at issue.

- Finally, Treasure Chest was not a virtual representative of Guidry in the Louisiana Gaming Control Board suit. Treasure Chest's interest in that suit, as the current holder of the license was distinct from Guidry's, who criminally obtained the license and then sold his interest in Treasure Chest.

The fact of the matter is that the Gaming Control Board decision is not *res judicata* as to this suit, and the exceptions of *res judicata* of both Treasure Chest and Guidry should be overruled. However, assuming *arguendo* that the Gaming Control Board decision might have any preclusive effect in this action, it clearly applies only to Treasure Chest and not to Guidry, who was not even a party to that proceeding.

## II. GUIDRY'S PARTIAL EXCEPTION OF NO RIGHT OF ACTION MUST BE OVERRULED.

Mixed in with his spurious *res judicata* claims, Guidry also urges that this Court reduce the damages for which he might be cast by virtue of certain payments made by the State of Louisiana to Copeland in the context of the Gaming Commission suit. This Exception is without merit, and is both procedurally and substantively flawed and should be overruled.

Preliminarily, the First Circuit has definitively concluded that the partial maintenance of exception of no right of action is improper. Specifically, in *Talbot v. C&C Millworks, Inc.*, 1997-1489 (La. App. 1st Cir. 6/29/98), 715 So.2d 153, 156, the court noted:

> This court has previously held that the Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action, and, thus, if a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should not be maintained.

8

CHOPIN, WAGAR, COLE

*Clement v. McNabb*, 580 So.2d 981, 983 (La. App. 1st Cir. 1991); *Cenac Towing Co. v. Cenac*, 413 So.2d 1351, 1352 (La. App. 1st Cir. 1982).

In *Talbot*, as here, the plaintiff had pled multiple theories of recovery based on a single occurrence or set of operative facts, and the partial grant of an exception of no right of action which attacks (and indeed seeks to partially limit) only one theory of recovery would result in an impermissible partial judgment.

It is not surprising that Guidry has chosen to overlook this settled law, and the ruling on which it was based by the Supreme Court in *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234 (La. 1993), wherein the Louisiana Supreme Court ruled that the partial grant of an exception of no cause of action which does not dismiss a party is improper when based upon the same transaction or occurrence. In fact, it is evident from the text of Guidry's Exceptions that he misreads the First Circuit Court of Appeal's opinion on June 21, 2002, so as to hold that all of Copeland's claims, with the exception of a claim for unfair trade practices, have been dismissed on exceptions of no cause of action. This pointedly is not what the First Circuit did in that opinion, and Guidry's mischaracterization of that opinion must be corrected. In that opinion the First Circuit noted that, "if the petition sets forth a cause of action, none of the other causes of action may be dismissed based upon an exception pleading the objection of no cause of action." *Id.* at p. 3, citing *Pines v. Dr. Carlos D. Moreno, Inc.*, 569 So.2d 203, 206-207 (La. App. 1st Cir. 1990). What the First Circuit did in this case was reverse the entire ruling of this court with respect to the exceptions of no cause of action, having determined that Copeland stated at least one cause of action. Contrary to Guidry's arguments, the appellate court did not review the merits of any of the other causes of action, and those causes of action, including causes of action for racketeering, unfair trade practices, consumer protection law, tortious fraud under La. C.C. art. 2315, and unjust enrichment all remain pending.

However, notwithstanding these misrepresentations, Guidry has provided no justification for the partial extinguishment of his obligations to Copeland by virtue of the payment of certain sums in the Gaming Control Board suit. Notably, citations to cases like *Tumblin v. Gratech*

9

RECEIVED TIME APR. 4. 2:58PM

*Corp.*, 448 So.2d 179 (La. App. 4th Cir. 1984), dealing with the collateral source rule, and general rules regarding contribution among joint tortfeasors prior to the abolition of solidary liability are wholly irrelevant to the case at hand. Guidry has cited to no case law supporting the establishment of partial extinguishment of a claim for unfair trade practices, and even if, as a potential joint tortfeasor, Guidry might somehow be able to plead partial extinguishment of the debt with respect to payments by a party not before the Court in this suit, the appropriate time for doing so would be a trial or by means of some motion *in limine*, not an exception of no right of action at this stage.

Considering the foregoing, Copeland respectfully submits that Guidry's Exceptions, both of *res judicata* and his Partial Exception of No Right of Action should be overruled.

Respectfully submitted,

**CHOPIN, WAGAR, COLE, RICHARD, REBOUL & KUTCHER, LLP**

By: _____

**ROBERT A. KUTCHER** (LSBA #7895)
**NICOLE S. TYGIER** (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this __4th__ day of April, 2003, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

_____

RECEIVED TIME APR. 4. 2:58PM
Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 47 of 256

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                              DIVISION "D"

## ALVIN C. COPELAND

-versus-

## TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____        _____

Deputy Clerk

## MEMORANDUM IN OPPOSITION TO EXCEPTION OF
## NON-JOINDER OF A PARTY UNDER ARTICLES 641 AND 642

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to Robert J. Guidry's ("Guidry") Exception of Non-Joinder of a Party Under Articles 641 and 642 of the Louisiana Code of Civil Procedure. This exception is without justification. It is entirely based upon an incorrect and incomplete analysis of this litigation and an inappropriate emphasis on a companion case, *Alvin C. Copeland v. Louisiana Gaming Control Board, et al*, No. 400,750 (hereinafter "the Gaming Control Board" suit). When the proper standards are applied, this Court should overrule this exception as the law is well settled that neither the Riverboat Gaming Commission, the Riverboat Gaming Enforcement Division, nor the Gaming Control Board is a party needed for adjudication under La. C.C.P. art. 641, *et seq.*

Contrary to the representations of Guidry, the instant lawsuit, while factually related to the Gaming Control Board suit, is a separate and distinct lawsuit brought by Copeland against Treasure Chest Casino, LLC and Robert J. Guidry seeking solely damages resulting from their corruption of the riverboat gaming licensing process under theories of racketeering, unfair trade practices, tortious fraud, and unjust enrichment. The State defendants are not necessary parties to this action, which does not in any way seek damages or injunctive relief from the State entities.

The crux of Guidry's exception is that because Copeland alleges that the decisions of the Commission and Division were influenced as a result of the crimes and tortious acts of the

defendants, that those state entities must be made a party to this lawsuit, despite the fact that all Copeland is seeking in this suit is damages against Guidry and Treasure Chest. In support of this proposition, Guidry cites to various cases dealing with declaratory relief and injunctions against State entities, akin to the Gaming Control Board suit, and wholly and completely distinct from what is in essence a tort suit for damages such as this suit.

For example, in *Coulon v. Slidell Municipal Fire and Police Civil Service Board*, 542 So.2d 151 (La. App. 1st Cir. 1989), the court held that the fire protection district actually employing the fire operator was an indispensable party in a judicial appeal from his dismissal. In *Firemen's Pension and Relief Fund v. Sudduth*, 276 So.2d 727 (La. App. 3rd Cir. 1973), the court held that where the city was the party directed by statute to pay matching funds into a firemen's pension and relief fund, it was an indispensable party defendant to a mandamus suit to compel the statutorily required payments. Similarly, in *Fuselier v. State Market Commission*, 231 So.2d 652 (La. App. 3rd Cir. 1970), where a taxpayer sought to enjoin the issuance of bonds by the State Bond and Building Commission, the Bond and Building Commission was held to be an indispensable party to the suit. Even in *Chalmette General Hospital, Inc. v. Cherry*, 398 So.2d 599 (La. 1981), where the court held that a competing hospital was an indispensable party to a mandamus suit seeking to compel a hearing on a certificate of need brought by another hospital, the issues all involved coercing action by a State entity. In direct contrast, this suit in no way involves the coercion of any action by means of mandamus, payment of funds, or injunction. This is purely a suit for damages against Treasure Chest and Guidry.

What precisely is a party needed necessary for just adjudication is set forth in La. C.C.P. art. 641 *et seq.*, and was summarized recently by the Louisiana Supreme Court in *Industrial Companies, Inc. v. Durbin*, 2002-0665 (La. 1/28/03), 2003 WL 183272, *8:

> A person shall be joined as a party in the action when either:
>
> (1) in his absence complete relief cannot be accorded among those already parties.
>
> (2) he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
>     (a) as a practical matter, impair of impede his ability to protect that interest.

2

      (b) leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Contrary to Guidry's assertions, the joinder of the State entities is not necessary for "complete relief," because a declaratory judgment claim concerning the proper license holder is not an issue in this lawsuit. That claim in fact was raised in the Gaming Control Board's suit but was subsequently rendered moot. The sole issues presented in the instant case relate to damages as a result of the wrongful conduct of defendants. There is no risk of an inability to render complete relief since the claims pled, which are solely for damages against non-State defendants, can be accomplished among the parties hereto.

In fact, because the claims raised are essentially tort claims, the provisions of La. C.C.P. art. 643 specifically designating that "one or more solidary obligors may be sued to enforce solidary obligation, without the necessity of joining all others in the action" are pertinent. To the extent that either the Division or the Gaming Commission might be vicariously liable for the actions of various individuals who were bribed by Guidry or influenced by the Guidry/Treasure Chest scheme, those parties are not necessary parties, notwithstanding the obligation of solidary liability pursuant to aforementioned article. It is well settled that co conspirators and joint tortfeasors are not, merely because of that status, necessary or indispensable parties. *Herpich v. Wallace*, 430 F.2d 792, 817 (5th Cir. 1970); *Landry v. State Farm Fire & Casualty Co.*, 504 So.2d 871, 875 (La. App. 3rd Cir. 1987). ("It is well settled that joint tortfeasors are solidary obligors and a plaintiff may elect to sue any *one,* or more, of them.").

Copeland stood ready, willing and able to consolidate this matter with the Gaming Control Board suit when this suit was filed.[1] Treasure Chest, the company which Guidry previously owned a controlling interest in, and in which he has now claimed to have been acting as the representative of in the context of the defense of the Riverboat Gaming Control Board suit, opposed that consolidation, complaining of the prejudice that would result if it were to be brought to justice before the same Court that ruled on Copeland's claims against the Division and the Commission. Copeland respectfully submits that the instant exception should be denied, and it be permitted to pursue this case on the merits.

---

[1] Should this Court believe transfer to the lower case number is proper and consolidation is appropriate, Copeland is willing to consolidate now, just as he was four years ago.

3

Respectfully submitted,

*CHOPIN, WAGAR, COLE, RICHARD,*
*REBOUL & KUTCHER, LLP*

By: _____

**ROBERT A. KUTCHER** (LSBA #7895)
**NICOLE S. TYGIER** (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this __4th__ day of April, 2003, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

_____

211262

DEPUTY CLERK - RECORDER FOR
DCUU HALLEGRN
CLERK OF COURT F.B.R. PARISH

03 APR -4 PM 3: 05

DEPUTY CLERK OF COURT

19TH JUDICIAL

4

RICHARD A. CHOPIN †‡
NELSON W. WAGAR, III †‡
KEVIN L. COLE ‡
THOMAS M. RICHARD
BRIAN L. REBOUL
ROBERT A. KUTCHER *
ELIZABETH SMYTH SIRGO
NICOLE S. TYGIER
_____

MICHAEL L. COHEN
DIANA L. TONAGEL
PATRICIA D. TUNMER
JUDITH A. MILLER £
MATTHEW D. MONSON
CYNTHIA J. THOMAS Δο
JASON P. FOOTE
JAMES A. PRATHER
ANGELA M. HEATH
ALLEN K. TRIAL ‡

# CHOPIN, WAGAR, COLE, RICHARD, REBOUL & KUTCHER, LLP

### ATTORNEYS AT LAW

TWO LAKEWAY CENTER
SUITE 900
3850 NORTH CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA 70002
TELEPHONE 504-830-3838
FACSIMILE 504-836-9540
www.chopin.com

*Writer's Direct Number*
504-830-3824
*Writer's Direct Facsimile*
504-836-9573
ntygier@chopin.com

NORTHSHORE OFFICE

THREE SANCTUARY BOULEVARD
SUITE 301
MANDEVILLE, LOUISIANA 70471
TELEPHONE 985-674-6680
FACSIMILE 985-674-6681

† *Professional Corporation*
Δ *Also Admitted in D.C.*
* *Also Admitted in New York*
ο *Also Admitted in Puerto Rico*
‡ *Also Admitted in Texas*
£ *Registered Nurse, BSN*

*Please Reply to Metairie Office*

April 4, 2003

**_VIA FACSIMILE & OVERNIGHT MAIL_**

The Honorable J. Douglas Welborn
Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
P. O. Box 1991
Baton Rouge, LA 70821-1991

>    **Re:  *Alvin C. Copeland v. Treasure Chest Casino, LLC and Robert J. Guidry***
>    ***19th JDC No. 464-607(D)***
>    ***Our File No. 245.2433***

Dear Mr. Welborn:

        Enclosed please find the original and three copies of a Memorandum in Opposition to Exception of *Res Judicata* and Alternative Partial Exception of No Right of Action and Memorandum in Opposition to Exception of Non-Joinder of a Party Under Articles 641 and 642, on behalf of plaintiff, Alvin C. Copeland. Please deliver a copy of same to Judge Janice G. Clark, file the original into the record of the above captioned matter, and return a stamped copy of both in the enclosed self-addressed, postage prepaid envelope.

        I have enclosed our firm's checks totaling $49.00 to cover the costs of fax and regular filing these pleadings.

        Should you have any questions, please do not hesitate to contact me.

                    Yours very truly,

                    Nicole S. Tygier

REC'D C.P.
REC'D C.P. Feb 6 2001
APR 0 7 2003

NST/eb
*Enclosures*

| | | |
|---|---|---|
| SERVICE: | $_____ | |
| MILEAGE | $_____ | *K.W. McKellar* |
| TOTAL: | $_____ | **Deputy Sheriff** |

**CIVIL SUBPOENA – 6801**

6801-07-002172

# CIVIL SUBPOENA

THE COUNSELING AND THERAPY
CENTER, L.L.C.
(Plaintiff)

vs.

DARRYL SHANKLE, ET AL
(Defendant)

NUMBER    C465407 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**FILED**

TO: **DARRYL SHANKLE**
   **SHANKLE INSURANCE AGENCY**
   **4505 NORTH BOULEVARD**
   **BATON ROUGE, LA 70806**

MAR 0 6 2007

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

You must come to Court at the Governmental Building, 222 St. Louis Street, on **APRIL 2, 2007**, at **1:30 P.M. AND ON APRIL 3, 4, AND 5, 2007 AT 9:30 A.M. EACH DAY** , Courtroom No. 806, Judge **CURTIS CALLOWAY**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination.  (Ordered by **ALBERT DAVID GIRAUD**, Attorney.)

   IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

   Ordered by the Court on **01-MAR-2007**, Baton Rouge, Louisiana.

_____
*Dianna J. Mahan/Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

## SERVICE INFORMATION:

Received on the 5 day of MARCH , 20 07 and on the 5 day of MARCH , 20 07 , served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at W/ DARRYL . .

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE    $_____         _____
TOTAL:     $_____              Deputy Sheriff

CIVIL SUBPOENA - 6801

# Chopin Wagar Richard & Kutcher

*Attorneys at Law*
A Limited Liability Partnership

**Robert A. Kutcher**
Partner
Direct Telephone 504 830 3820
Direct Telefax 504 836 9573
rkutcher@chopin.com

May 1, 2007

Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
P. O. Box 1991
Baton Rouge, LA 70821-1991

Re:     *Alvin C. Copeland v. Treasure Chest Casino, LLC and Robert J. Guidry*
        *19th JDC No. 464-607(D)*
        *Our File No. 245.2433*

Dear Sir or Madam:

Enclosed please find a Rule to Show Cause, which we ask that you file in the above captioned matter. Please present to the Judge for signing and the setting of a hearing date, and thereafter have served as indicated thereon.

Also enclosed is our firm's check in the amount of $405.00 to cover the costs incurred as a result of this request.

Please return a conformed copy to the undersigned in the envelope provided.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Robert A. Kutcher

RAK/jjw
*Enclosure*

cc:   Paul S. West, Esq. *(w/enclosure)*
      Winston G. DeCuir, Esq. *(w/enclosure)*
      Ralph Capitelli, Esq. *(w/enclosure)*
      Arthur A. Lemann, III, Esq. *(w/enclosure)*

**REC'D C.P.**

MAY 0 8 2007

**REC'D C.P.**

MAY - 2 2007

Two Lakeway Center   Suite 900   3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone  504 830 3838
Telefax  504 836 9540

**REC'D C.P.**

MAY - 2 2007

**REC'D C.P.**

MAY 0 8 2007

705110903002

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 1st day of May, 2007, served a copy of the foregoing

pleading on all counsel for all parties, by mailing same by United States Mail, properly

addressed, and first class postage prepaid.

_____

***PLEASE SERVE:***

1) Paul S. West, Esq.
   McGLINCHEY STAFFORD
   One American Place, 14th Floor
   Baton Rouge, LA 70825

2) Winston G. DeCuir, Esq.
   DeCuir & CLARK, L.L.P.
   732 North
   Baton Rouge, LA 70802

3) Ralph Capitelli, Esq.
   CAPITELLI & WICKER
   Energy Centre, Suite 2950
   1100 Poydras Street
   New Orleans, LA 70163-2950

4) Arthur A. Lemann, III, Esq.
   ARTHUR A. LEMANN, III & ASSOCIATES
   Energy Centre, Suite 1150
   1100 Poydras Street
   New Orleans, LA 70163

5) Robert A. Kutcher, Esq.
   CHOPIN, WAGAR, RICHARD & KUTCHER, LLP
   Two Lakeway Center, Suite 900
   3850 North Causeway Boulevard
   Metairie, LA 70002



19TH JUDICIAL D.S.
FROM ROUGE PARISH
FILED

2007 MAY -2 PM 1: 04

DEPUTY CLERK & RECORDER
DOUG WELBORN
CLERK OF COURT E.P.R. PARISH

2

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 55 of 256

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                       DIVISION "D"

## ALVIN C. COPELAND

### VERSUS

### TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____          _____

                                                            Deputy Clerk

### RULE TO SHOW CAUSE

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Alvin C. Copeland ("Copeland"), who moves this Court for an order setting the Defendants' Exceptions of No Cause of Action for hearing.

Considering the foregoing;

**IT IS ORDERED** that a hearing be set on the Supplemental Exceptions of No Cause of Action of Treasure Chest Casino, LLC and Robert J. Guidry on the _9_ day of _July_, 2007. _9:30 am_

**BATON ROUGE, LOUISIANA,** this _4_ day of _May_____, 2007.

_s/ Jania Clark_

**JUDGE**
**19TH JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**

FILED _5-2-07_
Signed _Luana Breaux_
                     Dy. Clerk
A True Copy _5-9-07_
_Redidia Clark_
                     Dy. Clerk

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 1st day of May, 2007, served a copy of the foregoing pleading on all counsel for all parties, by mailing same by United States Mail, properly addressed, and first class postage prepaid.

**PLEASE SERVE:**

1) Paul S. West, Esq.
   MCGLINCHEY STAFFORD
   One American Place, 14th Floor
   Baton Rouge, LA 70825

2) Winston G. DeCuir, Esq.
   DECUIR & CLARK, L.L.P.
   732 North
   Baton Rouge, LA 70802

3) Ralph Capitelli, Esq.
   CAPITELLI & WICKER
   Energy Centre, Suite 2950
   1100 Poydras Street
   New Orleans, LA 70163-2950

4) Arthur A. Lemann, III, Esq.
   ARTHUR A. LEMANN, III & ASSOCIATES
   Energy Centre, Suite 1150
   1100 Poydras Street
   New Orleans, LA 70163

5) Robert A. Kutcher, Esq.
   CHOPIN, WAGAR, RICHARD & KUTCHER, LLP
   Two Lakeway Center, Suite 900
   3850 North Causeway Boulevard
   Metairie, LA 70002

FILED 5-2-07
Signed Tricia Breaux
Dy. Clerk
A True Copy 5-9-07
Ledisha Carl
Dy. Clerk

2

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## P. O. Box 1991
## Baton Rouge, LA
## Phone (225)389-3960

NO. C464697 Division D

TO: JEFFERSON PARISH SHERIFFS OFC
P.O. BOX 277
GRETNA, LA 70054

Please find attached the documents to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X     find our check for payment of service;

☐     send us your bill for service;

☐     note that this is a pauper suit and no funds are available, or

☐     note that this is a government suit and no funds are necessary.

This Letter was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

Thank You,

_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: ROBERT A KUTCHER
504 - 8303823

REPLY:                 DATE:_____

_____

_____

_____

_____

_____

By:_____

Deputy Sheriff, Parish of _____

Letter to Out Of Parish Sheriff - 5213

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## P. O. Box 1991
## Baton Rouge, LA
## Phone (225)389-3960

NO. C464607 Division D

TO: ORLEANS PARISH SHERIFFS OFFICE
421 LOYOLA AVE
NEW ORLEANS, LA 70112

Please find attached the documents to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

**X**     find our check for payment of service;

    send us your bill for service;

    note that this is a pauper suit and no funds are available; or

    note that this is a government suit and no funds are necessary.

This Letter was issued by the Clerk of Court for East Baton Rouge Parish on **09-MAY-2007**.

Thank You,

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: ROBERT A KUTCHER
504 - 8303823

REPLY:                 DATE:_____

_____

_____

_____

_____

_____

By:_____

Deputy Sheriff, Parish of _____

Letter to Out Of Parish Sheriff - 5213

5901-07-000995

# NOTICE OF SERVICE

| | |
|---|---|
| ALVIN C. COPELAND ET AL<br>(Plaintiff) | NUMBER C464607 Division D |
| | |
| vs. | 19th JUDICIAL DISTRICT COURT |
| | PARISH OF EAST BATON ROUGE |
| TREASURE CHEST CASINO, ET AL ET AL<br>(Defendant) | STATE OF LOUISIANA |

TO:  ARTHUR A. LEMANN
     ATTORNEY AT LAW
     1100 POYDRAS ST STE 1150
     NEW ORLEANS, LA 70163

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by **ARTHUR A LEMANN**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **09-MAY-2007**.

_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

_____

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

| | | |
|---|---|---|
| SERVICE: | $_____ | _____ |
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL: | $_____ | |

NOTICE OF SERVICE –OOP–5901

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 60 of 256

70511090606.

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL.
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL.
(Defendant)

NUMBER C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  ROBERT A KUTCHER
     CHOPIN WAGAR COLE ET AL
     TWO LAKEWAY CENTER, SUITE 900
     3850 N CAUSEWAY BLVD
     METAIRIE, LA 70002-1752

HEARING SET: JULY 9, 2007 @ 9:30 AM, RM# 804

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by ROBERT A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

/Deputy Clerk of Court for
Doug Welborn, Clerk of Court

ATTACHED DOCUMENTATION:

_____

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____ .

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE     $_____        _____
TOTAL:      $_____              Deputy Sheriff

NOTICE OF SERVICE--OOP-5901

901-07-000994

705110906002

# NOTICE OF SERVICE

LVIN C. COPELAND ET AL
*laintiff)*

s.

TREASURE CHEST CASINO, ET AL ET AL
*Defendant)*

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

O:   RALPH CAPITELLI
     CAPITELLI & WICKER
     ENERGY CENTRE, STE. 2950
     1100 POYDRAS STREET
     NEW ORLEANS, LA 70163-2950

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by **ROBERT A KUTCHER**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **09-MAY-2007**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

_____

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____ , served
n the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____ .

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile
i this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or
is domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20____.

SERVICE:      $_____
MILEAGE      $_____          _____
TOTAL:       $_____                  Deputy Sheriff

NOTICE OF SERVICE –OOP=5901

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 62 of 256

6004-07-002327

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    PAUL SLOCOMB WEST
       MCGLINCHEY STAFFORD
       ONE AMERICAN PLACE 14TH FL
       BATON ROUGE, LA 70825

       HEARING SET: JULY 9, 2007 @ 9:30 AM, RM# 804

GREETINGS:

       You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by ROBERT A KUTCHER, Attorney.

       This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

*Deputy Clerk of Court for:*
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____ 20____, served
on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20____.

SERVICE:    $_____
MILEAGE    $_____                    _____
TOTAL:      $_____                         Deputy Sheriff

NOTICE OF SERVICE -6004

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 63 of 256

6004-07-002328

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  WINSTON GERARD DECUIR
     DECUIR CLARK & ADAMS
     732 NORTH BLVD
     BATON ROUGE, LA 70802

     HEARING SET: JULY 9, 2007, @ 9:30 AM, Rm# 804

GREETINGS:

        You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by **ROBERT A KUTCHER**, Attorney.

        This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **09-MAY-2007**.

                                        *Deputy Clerk of Court for*
                                    **Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

_____

### SERVICE INFORMATION:

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:   $_____       _____
MILEAGE    $_____                   Deputy Sheriff
TOTAL:     $_____

NOTICE OF SERVICE –6004

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 64 of 256

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**FILED**

MAY 15 2007

RUTH GOODSON
E.B.R. CLERK OF COURT

TO:   PAUL SLOCOMB WEST
      MCGLINCHEY STAFFORD
      ONE AMERICAN PLACE 14TH FL
      BATON ROUGE, LA 70825

      HEARING SET: JULY 9, 2007 @ 9:30 AM, RM# 804

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as requested by **ROBERT A KUTCHER**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

---

**SERVICE INFORMATION:**

Received on the _11_ day of _May_, 20 _07_ and on the _14_ day of _May_, 20 _07_, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _301 Main st 14th Floor_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _EBR_, this _15_ day of _May_, 20 _07_

_S. Moor_
Deputy Sheriff

SERVICE:   $_____
MILEAGE    $_____
TOTAL:     $_____

NOTICE OF SERVICE - 6004

RECEIVED

MAY 10 2007

E.B.R. SHERIFF'S OFFICE

5901-07-000994

## NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**FILED**

MAY 2 1 2007

BARBARA THOMASSIE
DEPUTY CLERK OF COURT

TO:   RALPH CAPITELLI
      CAPITELLI & WICKER
      ENERGY CENTRE, STE. 2950
      1100 POYDRAS STREET
      NEW ORLEANS, LA 70163-2950

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by **ROBERT A KUTCHER**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **09-MAY-2007**.

_____
**Deputy Clerk of Court for**
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

_____

### SERVICE INFORMATION:

Received on the _____ day of _____, 20 ____ and on the _15_ day of _MAY_, 20 _07_, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _SECTY P. BODIN_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20 ____.

SERVICE:    $_____
MILEAGE     $_____        _C martin 138_
TOTAL:      $_____        2:20 Pm   Deputy Sheriff

NOTICE OF SERVICE–OOP–5901



## Paul R. Valteau, Jr.
## Orleans Parish Civil Sheriff

**421 Loyola Avenue**
**Room 403**
**New Orleans, LA 70112**

Parish:  East Baton Rouge

Case No.: (01)  464607

Not Listed   Not Listed

Bar Roll Number: NOTLISTED

I HEREBY CERTIFY, that the Sheriff's fees due Paul R. Valteau, Jr. in the above case amount to the following:

| Serial Number | Service Type | Return Charge |
|---|---|---|
| 6 | Notice | $0.00 |

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA

May 16, 2007

Arieal  LaSalle
Deputy Sheriff

Sheriff of East Baton Rouge
Hon. Elmer B. Litchfield
P.O. Box 3277

Baton Rouge, La. 70821

*200 Pm*

705301345000

NOTICE OF SERVICE

·460·



## Paul R. Valteau, Jr.
## Orleans Parish Civil Sheriff

**421 Loyola Avenue**
**Room 403**
**New Orleans, LA 70112**

Parish:  East Baton Rouge

Not Listed   Not Listed
_____

Case No.: (01)  464607

Bar Roll Number: NOTLISTED

I HEREBY CERTIFY, that the Sheriff's fees due Paul R. Valteau, Jr. in the above case amount to the following:

| Serial Number | Service Type | Return Charge |
|---|---|---|
| 5 | Notice | $0.00 |

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA

May 16, 2007

Arieal  LaSalle
Deputy Sheriff

Sheriff of East Baton Rouge
Hon. Elmer B. Litchfield
P.O. Box 3277

Baton Rouge, La. 70821

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 68 of 256

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607

ALVIN C. COPELAND

VERSUS

DIV. "D"

COST OK Amt. 31 -
JUN 26 2007
BY _____ Cy
DY CLERK OF COURT

## TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY

FILED: _____

DEPUTY CLERK

## MOTION TO CONTINUE HEARING ON DEFENDANTS' SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION

**NOW INTO COURT**, through undersigned counsel, comes defendant, Robert Guidry, and submits that the plaintiff, Alvin C. Copeland filed a Rule to Show Cause in this matter which caused the defendants' Supplemental Exception of No Cause of Action to be set for hearing on July 9, 2007 at 9:30 am. Guidry further submits that he requires some additional time to review the pleadings and memoranda and to prepare a reply memorandum in order to effectively assist the Court in its ruling. Guidry finally submits that counsel for plaintiff has indicated that they are not opposed to continuing the hearing on the defendants Supplemental Exception of No Cause of Action.

Respectfully Submitted:

Winston G. DeCuir, Sr. (#04795)
732 North Blvd.
Baton Rouge, LA. 70802
(225) 346-8716

Arthur A. Lemann III (#8296)
Arthur Lemann III & Assoc., Inc.
938 Lafayette St., Ste. 200
New Orleans, Louisiana 70113
Phone: (504) 522-8104

Ralph Capitelli (# 3858)
Capitelli & Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA 70163
\Phone: (504) 582-2425

Attorneys for Defendant,
Robert J. Guidry

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been mailed, postage pre-paid to Mr. Robert A. Kutcher, Esq., Attorney at Law, at 3850 North Causeway Blvd., Ste. 900, Metairie, LA 70002, and to Mr. Paul S. West, Esq., Attorney at Law, at McGlinchey Stafford, 301 Main Street, Fourteenth Floor, One American Place, Baton Rouge, LA 70825, this day by placing same with the United States Postal Service.

Thus done this _____ day of _____, 2007, in Baton Rouge, Louisiana.

_____
WINSTON G. DECUIR SR.

**19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

NO. 464607                                                DIV."D"

**ALVIN C. COPELAND**
**VERSUS**

**TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY**

**FILED:**

**DEPUTY CLERK**

**ORDER**

        Considering the foregoing Motion to Continue the Hearing on the Defendants' Supplemental Exception of No Cause of Action,

        **IT IS HEREBY ORDERED** that the Supplemental Exception of No Cause of Action previously set for hearing on July, 9, 2007, at 9:30 am, be and is hereby continued. *AND REASSIGNED for the 20 day of August 2007 at 9:30 Am*

        **THUS DONE AND SIGNED,** this _22_ day of _June_, 2007.

_____
JUDGE

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607                                                   DIV. "D"

ALVIN C. COPELAND          COST OK Amt. 150 00
                                                          AUG 10 2007  6964
VERSUS                                  BY_____
                                              DY CLERK OF COURT
TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY

FILED: _____        _____

                              DEPUTY CLERK

## MOTION TO CONTINUE HEARING ON DEFENDANTS' SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION

   **NOW INTO COURT,** through undersigned counsel, comes defendant, Robert Guidry, and submits that the plaintiff, Alvin C. Copeland filed a Rule to Show Cause in this matter which caused the defendants' Supplemental Exception of No Cause of Action to be set for hearing on July 9, 2007 at 9:30 am.  The hearing was then re-set to be presently heard on August 20, 2007. Guidry requests to continue the hearing on the defendant's Supplemental Exception of No Cause of Action, without date.

   Counsel for plaintiff has no objection to continuing the hearing without date.

                              Respectfully Submitted:

                              _____

                              Winston G. Decuir, Sr.

                              732 North Blvd.

                              Baton Rouge, LA.  70802

                              (225) 346-8716


                              Arthur A. Lemann III (#8296)

                              Arthur Lemann III & Assoc., Inc.

                              1100 Poydras St., Ste. 1150

                              New Orleans, Louisiana 70163

                              Phone:  (504) 522-8104

Ralph Capitelli (# 3858)

Capitelli & Wicker

1100 Poydras Street

Energy Centre Suite 2950

New Orleans, LA  70163

\Phone:  (504) 582-2425

Attorneys for Defendant,

Robert J. Guidry

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing Motion to Continue

Hearing  has been mailed, postage prepaid to all counsel of record.  Done this 10th day of

August, 2007.

Winston G. DeCuir, Sr.

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607                                        DIV."D"

### ALVIN C. COPELAND

### VERSUS

### TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY

FILED: _____          _____

                                        DEPUTY CLERK

## ORDER

Considering the foregoing Motion to Continue the Hearing on the Defendants' Supplemental Exception of No Cause of Action,

**IT IS HEREBY ORDERED** that the Supplemental Exception of No Cause of Action previously set for hearing on August 20, 2007, at 9:30 am, be and is hereby continued, ~~without date.~~ *until Sept 10, 2007 at 9:30 am.*

**THUS DONE AND SIGNED**, this *13* day of *Aug*, 2007.

*Janica Clark*
                                        JUDGE

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607                                                    DIV. "D"

## ALVIN C. COPELAND

### VERSUS

## TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY

FILED: _____          _____
                                                    DEPUTY CLERK

## EXCEPTIONS and ANSWER

**NOW INTO COURT**, through undersigned counsel, comes defendant, Robert Guidry ("Guidry"), who excepts to the petition of plaintiff, Alvin Copeland ("Copeland") as follows:

### EXCEPTION OF NO RIGHT OF ACTION

The petition fails to state a right of action for plaintiff, Alvin Copeland, against Defendants Robert Guidry and the Treasure Chest, LLC.

### EXCEPTION OF NO CAUSE OF ACTION

The petition fails to state a cause of action against Defendants Robert Guidry and the Treasure Chest, LLC.

### EXCEPTION OF PRESCRIPTION

The claims of the plaintiff are prescribed.

### EXCEPTION OF RES JUDICATA

The claims and issues raised in plaintiff's petition herein have been previously determined in the matter American International Gaming Association, Inc. v. The Louisiana Riverboat Gaming Commission et al., proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana, and therefore plaintiff is precluded from relief sought herein by the doctrines of res judicata and/or collateral estoppel.

### EXCEPTION OF NONJOINDER

1

The plaintiff failed to name as defendants all of the proper parties required to be named as defendants under La. C. C. Pr. Art.s 641 and 642.

## AFFIRMATIVE DEFENSE NUMBER ONE

The claims and issues raised in the plaintiff's petition are barred by the Noerr-Pennington Doctrine.

## AFFIRMATIVE DEFENSE NUMBER TWO

The plaintiff's claims are barred because the plaintiff failed to exhaust his administrative remedies.

## AFFIRMATIVE DEFENSE NUMBER THREE

The plaintiff's claims are barred by the application of La. R.S. 15:468.

## AFFIRMATIVE DEFENSE NUMBER FOUR

Guidry did not breach any duty owed to plaintiff for which plaintiff may seek redress.

## AFFIRMATIVE DEFENSE NUMBER FIVE

The plaintiff did not suffer any damages, and if he did, he assumed the risk of suffering those damages.

## AFFIRMATIVE DEFENSE NUMBER SIX

Guidry's conduct was not a cause in fact of any damages to plaintiff, if any such damages exist.

## AFFIRMATIVE DEFENSE NUMBER SEVEN

To the extent plaintiff suffered any damages, if any such damages exist, those damages were caused by the fault of persons other than Guidry.

## AFFIRMATIVE DEFENSE NUMBER EIGHT

To the extent plaintiff has suffered any damages, if any such damages exist, those damages were caused by the fault of plaintiff.

## AFFIRMATIVE DEFENSE NUMBER NINE

To the extent Guidry is liable to the plaintiff for any damages, Guidry is entitled to an offset for all damages suffered by plaintiff as a result of the wrongful actions of others and/or plaintiff under the principles of comparative fault.

## AFFIRMATIVE DEFENSE NUMBER TEN

Previous judgments in this matter dictate that plaintiff's only possible damages for which Guidry could possibly owe compensation involve the payments

2

Copeland made to the Division and the Commission in costs and fees. Should he be cast in damages, for which he expressly denies any liability whatsoever, Guidry is entitled to a set-off or credit for any amounts previously returned or reimbursed to plaintiff by the Division and/or the Commission.

## ANSWER

In answer to the plaintiff's petition, Defendant, Robert Guidry, denies the allegations of the petition except as expressly admitted hereinbelow. Further answering the allegations of the Petition paragraph by paragraph, Robert Guidry pleads as follows:

### I.

The allegations set forth in paragraph 1 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. Moreover, it is specifically denied that Copeland is the successor to American International Gaming Association, Inc.

### II.

The allegations set forth in paragraph 2 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. Moreover, said allegations are specifically denied relative to the transfer of assets and/or the transfer of the litigious rights relating to this litigation of AIGA to plaintiff, and Guidry calls for strict proof of said allegations.

### III.

The allegations set forth in paragraph 3 of plaintiff's petition are denied except as expressly admitted herein: Robert J. Guidry is a person of the full age of majority and a resident of Jefferson Parish, State of Louisiana, Robert J. Guidry was an original member and manager of Treasure Chest, LLC along with Dick J. Guidry, and Robert J. Guidry was also the president of Treasure Chest, Inc. and Treasure Chest, LLC.

3

IV.

The allegations set forth in paragraph 4 of plaintiff's petition are legal conclusions and do not require an answer, but are denied out of an abundance of caution.

V.

The allegations set forth in paragraph 5 of plaintiff's petition are denied. Moreover, Guidry calls for strict proof of each allegation contained in this paragraph.

VI.

The allegations set forth in paragraph 6 of plaintiff's petition are denied as written, insofar as the Louisiana Riverboat Economic Development and Gaming Act (the "Act") is legislation which speaks for itself and is the best evidence of its contents. It is admitted that the Louisiana Riverboat Gaming Commission (the "Commission") was composed of seven members.

VII.

The allegations set forth in paragraph 7 of plaintiff's petition are denied as written, as the Act is legislation which speaks for itself and is the best evidence of its contents. Moreover, the allegations therein contain legal conclusions, which do not require an answer, but are denied out of an abundance of caution.

VIII.

The allegations set forth in paragraph 8 of plaintiff's petition are denied as written, as the Act is legislation which speaks for itself and is the best evidence of its contents, except as expressly admitted herein: the Commission issued a set of rules providing for the issuance of Certificates of Preliminary Approval by vote of its members. Guidry asserts that Copeland previously filed a separate petition in the matter American International Gaming Association. Inc. v. The Louisiana Riverboat Gaming Commission et al., proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana naming the Commission and the Division as defendants seeking adjudication of the issues contained in this paragraph.

IX.

4

The allegations set forth in paragraph 9 of plaintiff's petition are denied for lack of information to justify a belief therein. Moreover, Guidry asserts that AIGA previously filed a separate petition in the matter <u>American International Gaming Association. Inc. v. The Louisiana Riverboat Gaming Commission et al.</u>, proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana for the adjudication of the issues contained in this paragraph. In that proceeding, Copeland (substituted as party plaintiff for AIGA) prayed for and was awarded a return of fees as set forth in this paragraph from the Commission and the Division.

X.

The allegations set forth in paragraph 10 of plaintiff's petition are denied for lack of information to justify a belief therein, and further calls for strict proof of all allegations set forth in said paragraph. In further answer, Guidry denies participation in an "overarching corrupt conspiracy" as described in plaintiff's petition.

XI.

The allegations set forth in paragraph 11 of plaintiff's petition are admitted insofar as Guidry was the former President and/or Chairman of the Board of Treasure Chest, Inc.

XII.

The allegations set forth in paragraph 12 of plaintiff's petition are denied as written. Defendant further avers the newspaper articles and the Edwards Indictment referred to are documents that speak for themselves and the best evidence of their contents. Moreover, the newspaper articles referred to are inadmissible hearsay and inherently unreliable. Moreover, Guidry calls for strict proof of the allegations contained in paragraph 12 of the petition.

XIII.

The allegations set forth in paragraph 13 of plaintiff's petition are denied as written. Moreover, Guidry asserts that AIGA previously filed a separate petition in the matter <u>American International Gaming Association, Inc. v. The Louisiana Riverboat Gaming Commission et al.</u>, proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana for the adjudication of the issues contained

5

in this paragraph.

## XIV.

The allegations set forth in paragraph 14 of plaintiff's petition are denied for lack of information to justify a belief therein.

## XV.

The allegations set forth in paragraph 15 of plaintiff's petition are denied as written. Moreover, Guidry asserts that AIGA previously filed a separate petition in the matter <u>American International Gaming Association. Inc. v. The Louisiana Riverboat Gaming Commission et al.</u>, proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana for the adjudication of the issues contained in this paragraph. Copeland's action was dismissed in favor of the Commission, the Division, and the Treasure Chest, LLC.

## XVI.

The allegations set forth in paragraph 16 of plaintiff's petition are denied as written, as the quoted newspaper article is a document that speaks for itself and is the best evidence of its contents, but, in any event, is inadmissible as double, if not triple hearsay, and inherently unreliable. Out of an abundance of caution, the allegations therein are denied for lack of sufficient information to justify a belief therein.

## XVII.

The allegations set forth in paragraph 17 of the plaintiff's petition are denied as written.

## XVIII.

The allegations set forth in paragraph 18 of plaintiff's petition are denied as written. Moreover, Guidry asserts that AIGA previously filed a separate petition in the matter <u>American International Gaming Association. Inc. v. The Louisiana Riverboat Gaming Commission et al.</u>, proceedings no. 400-750, 19th Judicial

6

District Court in the State of Louisiana for the adjudication of the issues contained in this paragraph. In that action, AIGA unsuccessfully challenged the Commission's granting a Certificate of Preliminary Approval and a later modification providing for moving the docking berth site to Laketown. Copeland's action was dismissed in favor of the Commission, the Division, and the Treasure Chest, LLC.

## XIX.

The allegations of fact set forth in paragraph 19 of plaintiff's petition are denied as written. In further Answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiffs petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

## XX.

The allegations of fact set forth in paragraph 20 of plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiffs petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

## XXI.

The allegations set forth in paragraph 21 of plaintiff's petition are denied as written. The State Police had previously set a hearing for December 17, 1993,

which hearing date was canceled on or about December 16, 1993.

XXII.

The allegations of fact set forth in paragraph 22 of plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiffs petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

XXIII.

The allegations of fact set forth in paragraph 23 of plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiffs petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

XXIV.

The allegations set forth in paragraph 24 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. Moreover, the quoted newspaper article is the best evidence of its contents, and is inadmissible hearsay and inherently unreliable. Out of an abundance of caution, the allegations set forth in paragraph 24 of plaintiffs petition are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations set forth in paragraph 25 of plaintiff's petition are denied as written, except as expressly admitted herein. It is admitted that the State Police held a hearing on Treasure Chest's application on May 17, 1994. The transcribed testimony referred to is the best evidence of its contents. Moreover, the allegations in this paragraph contain legal conclusions, which do not require an answer, but out of an abundance of caution are denied. Guidry calls for strict proof of each

8

allegation.

## XXVI.

The allegations set forth in paragraph 26 of plaintiff's petition contain legal conclusions and do not require an answer, but are denied out of an abundance of caution. Moreover, the transcribed testimony referred to in plaintiffs petition is the best evidence of its contents.

## XXVII.

The allegations set forth in paragraph 27 of plaintiff's petition contain legal conclusions and do not require an answer, but are denied out of an abundance of caution. Moreover, the document identified as an "Affidavit of Full Disclosure" in plaintiff's petition is a document which speaks for itself and is the best evidence of its contents.

## XXVIII.

The allegations set forth in paragraph 28 of plaintiff's petition are denied. Guidry calls for strict proof of each and every allegation.

## XXIX.

The allegations set forth in paragraph 29 of plaintiff's petition are denied, strict proof of each and every allegation being called for.

## XXX.

The allegations in paragraph 30 of the plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

## XXXI.

The allegations of fact set forth in paragraph 31 of plaintiff's petition are denied as written insofar as they relate to Robert Guidry. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al. Criminal Docket No. 98-165-B-M2 in the United States District Court for the

9

Middle District of Louisiana.

### XXXII.

The allegations of fact as set forth in paragraph 32 of plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents, and the audiotape of the telephone conversation referred to speaks for itself and is the best evidence of its contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

### XXXIII.

The allegations set forth in paragraph 33 of plaintiff's petition are denied as written.

### XXXIV.

The allegations set forth in paragraph 34 are denied. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents, and the audio tape of the telephone conversation referred to speaks for itself and is the best evidence of its contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

### XXXV.

The allegations set forth in paragraph 35 of plaintiff's petition, which summarizes a conversation between Edwin Edwards and Andrew Martin, are denied for lack of sufficient information and/or personal knowledge to justify a belief therein. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents, and the audio tape of the telephone conversation referred to speaks for itself and is the best evidence of its contents. Moreover, Guidry testified at length concerning his personal knowledge

10

in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

## XXXVI.

The allegations set forth in paragraph 36 of plaintiff's petition, which summarizes a conversation between Edwin Edwards and Andrew Martin, are denied for lack of sufficient information and/or personal knowledge to justify a belief therein. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents, and the audio tape of the conversation referred to speaks for itself and is the best evidence of its contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

## XXXVII.

The allegations set forth in paragraph 37 of plaintiff' petition are denied as written.

## XXXVIII.

The allegations set forth in paragraph 38 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

## XXXIX.

The allegations set forth in paragraph 39 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. In further answer, Guidry specifically denies that he was a member of an "overarching corrupt conspiracy" as described in plaintiff's petition.

## XL.

The allegations set forth in paragraph 40 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. Moreover, the documents

11

referred to that were filed by Boyd Gaming, Inc. speak for themselves and are the best evidence of their contents.

### XLI.

The allegations set forth in paragraph 41 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### XLII.

The allegations set forth in paragraph 42 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### XLIII.

The allegations set forth in paragraph 43 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### XLIV.

The allegations set forth in paragraph 44 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### XLV.

The allegations set forth in paragraph 45 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### XLVI.

The allegations set forth in paragraph 46 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and

Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

XLVII.

The allegations set forth in paragraph 47 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

XLVIII.

The allegations set forth in paragraph 48 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

XLIX.

The allegations set forth in paragraph 49 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

L.

The allegations set forth in paragraph 50 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

LI.

The allegations set forth in paragraph 51 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

LII.

The allegations set forth in paragraph 52 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and

13

Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### LIII.

The allegations set forth in paragraph 53 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### LIV.

The allegations set forth in paragraph 54 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### LV.

The allegations set forth in paragraph 55 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### LVI.

The allegations set forth in paragraph 56 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### LVII.

The allegations set forth in paragraph 57 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### LVIII.

The allegations set forth in paragraph 58 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and

14

Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LIX.

The allegations set forth in paragraph 59 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LX.

The allegations set forth m paragraph 60 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXI.

The allegations set forth in paragraph 61 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXII.

The allegations set forth in paragraph 62 of plaintiffs petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXIII.

The allegations set forth in paragraph 63 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXIV.

The allegations set forth in paragraph 64 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are

the best evidence of their contents.

## LXV.

The allegations set forth in paragraph 65 of plaintiff s petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXVI.

The allegations set forth m paragraph 66 of plaintiffs petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXVII.

The allegations set forth m paragraph 67 of plaintiffs petition are denied. In further answer, Guidry denies that he was a member of a RICO enterprise.

## LXVIII.

The allegations set forth in paragraph 68 of plaintiffs petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise.

## LXIX.

The allegations set forth in paragraph 69 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, and did not participate in a pattern of racketeering activity.

## LXX.

The allegations set forth in paragraph 70 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are

16

denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, and did not participate in a pattern of racketeering activity.

## LXXI.

The allegations set forth in paragraph 71 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, and did not participate in a pattern of racketeering activity.

## LXXII.

The allegations set forth in paragraph 72 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, and did not participate in a pattern of racketeering activity. Guidry further denies that Copeland was injured in his business or property. Guidry denies that any injury claimed, should any exist, was proximately caused by Guidry.

## LXXIII.

The allegations set forth in paragraph 73 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise.

## LXXIV.

The allegations set forth in paragraph 74 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, or an associate of a RICO enterprise.

## LXXV.

The allegations set forth in paragraph 75 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, or an associate of a RICO enterprise.

17

## LXXVI.

The allegations set forth in paragraph 76 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, or an associate of a RICO enterprise.

## LXXVII.

The allegations set forth in paragraph 77 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, and further denies that he fraudulently concealed illegal activities.

## LXXVIII.

The allegations set forth in paragraph 78 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise.

## LXXIX.

The allegations set forth in paragraph 79 of plaintiff's petition relate to Edwin Edwards, and do not require an answer by Robert Guidry, but out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

## LXXX.

The allegations set forth in paragraph 80 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

## LXXXI.

The allegations set forth in paragraph 81 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXII.

The allegations set forth in paragraph 82 of plaintiff's petition are denied.

18

Guidry further calls for strict proof of all allegations therein.

## LXXXIII.

The allegations set forth m paragraph 83 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXIV.

The allegations set forth in paragraph 84 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXV.

The allegations set forth in paragraph 85 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXVI.

The allegations set forth in paragraph 86 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXVII.

The allegations set forth in paragraph 87 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXVIII.

The allegations set forth in paragraph 88 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXIX.

The allegations set forth in paragraph 89 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## XC.

The allegations set forth in paragraph 90 of plaintiff's petition are denied.

## XCI.

The allegations set forth in paragraph 91 of plaintiff's petition are denied.

## XCII.

19

The jury demand set forth in paragraph 92 of plaintiff's petition does not require an answer.

**WHEREFORE**, Defendant, Robert Guidry, prays that this answer be deemed good and sufficient, and that after due proceedings had, that there be judgment in his favor dismissing plaintiff's claim at his cost.

Respectfully submitted:



Arthur A. Lemann III (#8296)

Arthur Lemann III & Assoc., Inc.

1100 Poydras St., Ste. 1150

New Orleans, Louisiana 70163

Phone: (504) 522-8104

Ralph Capitelli (# 3858)

Capitelli & Wicker

1100 Poydras Street

Energy Centre Suite 2950

New Orleans, LA 70163

Phone: (504) 582-2425

Winston Decuir (#04795)

1951 Government Street

Baton Rouge, LA 70806

Phone: (225) 346-8716

Attorneys for Defendant,

Robert J. Guidry

## CERTIFICATE

I hereby certify that a copy of the above document has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid, this___ day of August 10, 2007.

_____
Winston Decuir



21

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                    DIVISION "D"

101080455000

# Chopin Wagar Richard & Kutcher

*Attorneys at Law*
A Limited Liability Partnership

**Robert A. Kutcher**
Partner
Direct Telephone 504 830 3820
Direct Telefax 504 836 9573
rkutcher@chopin.com

September 19, 2008

Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
P. O. Box 1991
Baton Rouge, LA 70821-1991

> **Re:** *Alvin C. Copeland v. Treasure Chest Casino, LLC and Robert J. Guidry*
> *19th JDC No. 464-607(D)*
> *Our File No. 245.2433*

Dear Sir or Madam:

Enclosed please find an *Ex Parte* Motion and Order to Substitute Party Plaintiff, which we ask that you please file in the above captioned matter. Please present to the Judge for signing.

Please return a conformed copy to the undersigned in the envelope provided.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Robert A. Kutcher

RAK/jjw
*Enclosure*

cc:    Paul S. West, Esq. *(w/enclosure)*
        Winston G. DeCuir, Esq. *(w/enclosure)*
        Ralph Capitelli, Esq. *(w/enclosure)*
        Arthur A. Lemann, III, Esq. *(w/enclosure)*

**REC'D C.P.**

SEP 2 3 2008

Two Lakeway Center   Suite 900   3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone 504 830 3838
Telefax 504 836 9540

## O R D E R

Considering the foregoing;

**IT IS ORDERED** that Alvin C. Copeland, Jr. be substituted as a party plaintiff in this

case in lieu of his deceased father.

**BATON ROUGE, LOUISIANA**, this 24 day of _____Sept_____, 2008.

_____
JUDGE
19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___19th___ day of ___SEPT___, 2008, served a

copy of the foregoing pleading on all counsel for all parties, by mailing same by United States

Mail, properly addressed, and first class postage prepaid.

_____

DOUG WELBORN

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 97 of 256

2

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. _2008-30303_                                    DIVISION "_E_"

SUCCESSION OF ALVIN C. COPELAND

## LETTERS OF INDEPENDENT EXECUTORSHIP

BE IT KNOWN:

That ALVIN C. COPELAND, JR., has been named, appointed and confirmed as independent executor of the LAST WILL AND TESTAMENT of the late ALVIN C. COPELAND, and, having complied with all legal requirements relative thereto, is fully qualified, authorized and empowered to collect all property of said deceased, and to perform all other lawful acts as independent executor aforesaid under the independent administration provisions of the Louisiana Code of Civil Procedure.

WITNESS our hand and Seal of said Court, at the City of Covington, this _4_ day of _April_____, 2008.

_____ Deputy Clerk

EXHIBIT

tabbies

_1_

JUN 2 2 2009

REC'D
JUN 1 5 2009

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 9th day of June, 2009, served a copy of the foregoing

pleading on all counsel for all parties, by mailing same by United States Mail, properly

addressed, and first class postage prepaid.

_____

**_PLEASE SERVE_:**

1)  Paul S. West, Esq.
    MCGLINCHEY STAFFORD
    One American Place, 14th Floor
    Baton Rouge, LA 70825



2)  Ralph Capitelli, Esq.
    CAPITELLI & WICKER
    Energy Centre, Suite 2950
    1100 Poydras Street
    New Orleans, LA 70163-2950

2

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 99 of 256

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## P. O. Box 1991
## Baton Rouge, LA
## Phone (225)389-3960

NO. C464607 Division D                23-JUN-2009

TO:   **ORLEANS PARISH SHERIFF'S OFFICE**
      **CIVIL DEPARTMENT**
      **421 LOYOLA AVE**
      **NEW ORLEANS, LA 70112**

Please find attached NOTICE OF SERVICE to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X       note the enclosed check for payment of service;

ّﻗ       send us your bill for service;

ّﻗ       note that this is a pauper suit and no funds are available; or

ّﻗ       note that this is a government suit and no funds are necessary.

Thank You,

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: ROBERT A KUTCHER

_____

REPLY:                    DATE:_____

_____

_____

_____

_____

_____

                          By:_____

                          Deputy Sheriff, Parish of _____

Letter to Out Of Parish Sheriff - 5213

5901-09-001025

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

   TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   RALPH CAPITELLI, ESQ
       CAPITELLI & WICKER
       ENERGY CENTRE, SUITE 2950
       1100 POYDRAS STREET
       NEW ORLEANS, LA.  70163-2950

GREETINGS:

     You are hereby served with  RULE TO SHOW CAUSE, SET FOR HEARING ON AUGUST 17,

2009 AT 9:30 AM IN ROOM 806.  A certified copy(ies) is (are) attached hereto, as requested by ROBERT

A KUTCHER, Attorney.

     This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 23-JUN-2009.

                             *Deputy Clerk of Court for*
                        **Doug Welborn, Clerk of Court**

---

## SERVICE INFORMATION:

Received on the ____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at

_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20 ____.

SERVICE:   $_____
MILEAGE   $_____        ---------------------------------
TOTAL:     $_____            Deputy Sheriff

NOTICE OF SERVICE –6004

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 101 of 256

6004-09-002757

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   PAUL SLOCOMB WEST
      MCGLINCHEY STAFFORD
      ONE AMERICAN PLACE 14TH FLOOR
      BATON ROUGE, LA 70825

GREETINGS:

You are hereby served with  RULE TO SHOW CAUSE, SET FOR HEARING ON AUGUST 17,

2009 AT 9:30 AM IN ROOM 806.  A certified copy(ies) is (are) attached hereto, as requested by ROBERT

A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 23-JUN-2009.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20 _____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20 _____.

SERVICE:    $_____
MILEAGE     $_____          _____
TOTAL:      $_____                    Deputy Sheriff

NOTICE OF SERVICE –6004

# 19th JUDICIAL DISTRICT COURT
## PARISH OF EAST BATON ROUGE
### STATE OF LOUISIANA
### Friday, June 19, 2009

**CLERK FILE COPY**

**TO:** JANICE CLARK
222 ST LOUIS STREET STE 816
BATON ROUGE, LA 70802

POSTED
JUL 0 1 2009

**ALVIN COPELAND VS TREASURE CHEST CASINO, ET AL**

**CASE NUMBER** C464607

**JUDGE:** JANICE CLARK

**DIVISION:** SECTION D **ROOM:** 806

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE AFOREMENTIONED CASE ON
Monday, August 17, 2009 AT: 09:30:00 AM

**FOR:** MOTION

**COMMENTS:** DEFENDANTS' EXCEPTIONS SET ON MOTION OF PLAINTIFF.

**NOTE:** MEMO IN OPPOSITION TO BE SUBMITTED TO THE JUDGE NO LATER THAN
EIGHT (8) DAYS PRIOR TO HEARING.

EILEEN KNIGHT
JUDICIAL ASSISTANT TO JUDGE
JANICE CLARK

**NOTIFIED:**

| | | | |
|---|---|---|---|
| ATY | RALPH CAPITELLI | D | ROBERT GUIDRY |
| ATY | WINSTON GERARD DECUIR | D | ROBERT GUIDRY |
| ATY | ROBERT A KUTCHER | P | ALVIN COPELAND |
| ATY | ROBERT A KUTCHER | P | ALVIN COPELAND |
| ATY | ARTHUR A LEMANN III | D | ROBERT GUIDRY |
| ATY | PAUL SLOCOMB WEST | D | TREASURE CHEST CASINO, ET AL |
| JDG | JANICE CLARK | | |

JUN 2 2 2009

FORM 4501A

Case 3:10-cv-00603-BAJ-DLD Document 7 10/07/10 Page 103 of 256

5901-09-001025

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

# FILED

JUL 0 7 2009

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

TO:  RALPH CAPITELLI, ESQ
CAPITELLI & WICKER
ENERGY CENTRE, SUITE 2950
1100 POYDRAS STREET
NEW ORLEANS, LA.  70163-2950

GREETINGS:

You are hereby served with  RULE TO SHOW CAUSE, SET FOR HEARING ON AUGUST 17,

2009 AT 9:30 AM IN ROOM 806.  A certified copy(ies) is (are) attached hereto, as requested by ROBERT

A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 23-JUN-2009.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

ENTERED  RETURN
PAPER  _9105_
SERIAL NO.  DEPUTY  PARISH

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _1ST_ day of _July_, 20 _0 9_, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at ____ _SEC'Y P. BODINE_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20 ____.

SERVICE:        $_____
MILEAGE:        $_____
TOTAL:          $_____

_____ _C Moultre_ 138
Deputy Sheriff

NOTICE OF SERVICE–6004        _1035 Am_

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 104 of 256

6004-09-0027

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA **FILED**

JUL 0 7 2009

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

TO:    PAUL SLOCOMB WEST
       MCGLINCHEY STAFFORD
       ONE AMERICAN PLACE 14TH FLOOR
       BATON ROUGE, LA 70825

GREETINGS:

You are hereby served with  RULE TO SHOW CAUSE, SET FOR HEARING ON AUGUST 17,

2009 AT 9:30 AM IN ROOM 806.  A certified copy(ies) is (are) attached hereto, as requested by ROBERT

A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 23-JUN-2009.

_____
Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the 26 day of _June_ , 20 09 and on the 26 day of _June_ , 20 09 , served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at 301 Main St. 14th Flr

**DOMICILIARY SERVICE:** On the within named _____ by leaving the same at his domicile
in this parish in the hands of _____ , a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _EBR_ , this 6 day of _July_ , 20 09 .

S. Deroffin #1006
Deputy Sheriff

SERVICE:    $_____
MILEAGE    $_____
TOTAL:      $_____

NOTICE OF SERVICE –6004

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                            DIVISION "D"

## ALVIN C. COPELAND

-versus-

## TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____          _____
                                                          Deputy Clerk

## MEMORANDUM IN OPPOSITION TO TREASURE CHEST CASINO, L.L.C.'S SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION

**MAY IT PLEASE THE COURT:**

Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to the Supplemental Exception of No Cause of Action filed herein on behalf of Treasure Chest Casino, L.L.C. ("Treasure Chest"). As Copeland noted in his Memorandum in Opposition to the Supplemental Exception of No Cause of Action submitted by Co-Defendant, Guidry, neither the *Noerr-Pennington Doctrine*, nor La. R.S. 15:468 justifies the dismissal of this case on an exception of no cause of action.

For the reasons set forth in response to Guidry's Supplemental Exception of No Cause of Action, Copeland requests that Treasure Chest's Supplemental Exception of No Cause of Action be denied as well.

Respectfully submitted,

*CHOPIN, WAGAR, COLE, RICHARD &*
*KUTCHER, LLP*

By: _____
    **ROBERT A. KUTCHER** (LSBA #7895)
    **NICOLE S. TYGIER** (LSBA #19814)
    Two Lakeway Center, Suite 900
    3850 North Causeway Boulevard
    Metairie, Louisiana 70002
    Telephone: (504) 830-3838
    Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this _13 7th_ day of _May_, 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

2

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                       DIVISION "D"

## ALVIN C. COPELAND

-versus-

## TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____         _____
                                             Deputy Clerk

## MEMORANDUM IN OPPOSITION
## TO MOTION TO STAY DISCOVERY

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to the Motion to Stay Discovery filed herein by defendant, Robert J. Guidry ("Guidry"). Notwithstanding the fact that Copeland desires the speedy resolution of this case, he has no objection to the stay of discovery in this action, pending the resolution of the Exceptions currently set for hearing on May 24, 2004 in the District Court, as long as all discovery, including any discovery outstanding against any party is stayed.

                             *CHOPIN, WAGAR, COLE,*
                                    *RICHARD & KUTCHER, LLP*

By:_____
        **ROBERT A. KUTCHER** (LSBA #7895)
        **NICOLE S. TYGIER** (LSBA #19814)
        Two Lakeway Center, Suite 900
        3850 North Causeway Boulevard
        Metairie, Louisiana 70002
        Telephone: (504) 830-3838
        Facsimile: (504) 836-9573

        *Attorneys for Plaintiff Alvin C. Copeland*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 13th day of May, 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

2

```
* * * COMMUNICATION RESULT REPORT ( MAY. 13. 2.  , 10:54AM ) * * *    P. 1
```

407061854000

FAX HEADER:   SUIT ACCT

TRANSMITTED/STORED : MAY. 13. 2004 10:52AM

| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
|---|---|---|---|---|
| 955  MEMORY TX | | 915048369540 | OK | 1/1 |

```
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL            E-2) BUSY
  E-3) NO ANSWER                       E-4) NO FACSIMILE CONNECTION
```



# DOUG WELBORN
## CLERK OF COURT

### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

Suit Accounting Dept.
P. O. Box 1991
Baton Rouge, LA 70821-1991
Tel. (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

## FAX RECEIPT

From:        Suit Accounting Department          Date:      _5 · 13 · 04_
Fax Number:  (225) 389-3392                       Suit No.:  _464 · 607_
To:          _504 831. 7540_                       Division:  _D_

_Alvin Copeland_____ vs. _Treasure Chest Casino_

Item(s) Received:_____ _Memo__ _in Opp_____

Amount Due (includes $5.00 Fax Fee and $.50 per page) $_____ _0_____

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within five (5) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

### NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
### UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
### IN THIS OFFICE.

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
### ISSUANCE BY ORIGINAL REQUESTS ONLY!

### PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
### IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.

_Deputy Clerk of Court for_
_Doug Welborn, Clerk of Court_

Acct. Dept. Form #6
Rev. 1/2000



# DOUG WELBORN
# CLERK OF COURT

### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

407061854001

Suit Accounting Dept.
P. O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3982
Fax: (225) 389-3392

www.ebrclerkofcourt.org

---

## FAX RECEIPT

| | |
|---|---|
| From:        Suit Accounting Department | Date: _5·13·04_ |
| Fax Number:  (225) 389-3392 | Suit No.: _464·607_ |
| To: _504 836 9540_ | Division: _D_ |

_Alvin Copeland_ vs. _Treasure Chest Casino_

Item(s) Received: _Memo in Opp_

Amount Due (includes $5.00 Fax Fee and $.50 per page) $ _0_

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within five (5) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

### NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
### UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
### IN THIS OFFICE.

---

### SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
### ISSUANCE BY ORIGINAL REQUESTS ONLY!

---

### PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
### IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Acct. Dept. Form #6
Rev. 1/2000



407061854002

# CHOPIN, WAGAR, COLE, RICHARD & KUTCHER, LLP
## Attorneys at Law

# FAX COVER SHEET

> THIS COMMUNICATION IS CONFIDENTIAL AND INTENDED ONLY FOR THE ADDRESSEE. ANY DISTRIBUTION OR DUPLICATION OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU RECEIVE THIS TELECOPY IN ERROR, PLEASE CALL SENDER IMMEDIATELY.

DATE: May 13, 2004

A TOTAL OF __17__ PAGES (INCLUDING THIS COVER SHEET) IS BEING SENT

Sender's Direct Dial: **(504) 830-3820/830-3824**
Sender: **Robert A. Kutcher/Nicole S. Tygier**
File No.: **245.2433**

TO: **Clerk of Court, 19th JDC – East Baton Rouge Parish**

FAX NO.: **1-225-389-3392**

RE: **Alvin C. Copeland v. Treasure Chest Casino, LLC & Robert J. Guidry I 19th JDC #464-607(D)**

COMMENTS:

Should you have any problems receiving this transmission, call Robyn Neagle at (504) 830-3823.

RECEIVED TIME MAY. 13. 10:11AM

# CHOPIN, WAGAR, COLE, RICHARD & KUTCHER, LLP
## ATTORNEYS AT LAW

RICHARD A. CHOPIN ††
NELSON W. WAGAR III ‡‡
KEVIN L. COLE ‡
THOMAS M. RICHARD *
ROBERT A. KUTCHER *
ELIZABETH SMYTH SIRGO †
NICOLE S. TYGIER
JASON P. FOOTE

MICHAEL L. COHEN
PATRICIA D. TUNMER
JUDITH A. MILLER £
CYNTHIA J. THOMAS ∆◊
JAMES A. PRATHER
WILLIAM M. McGOEY
BRADLEY J. LUMINAIS, JR.

TWO LAKEWAY CENTER
SUITE 900
3850 NORTH CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA 70002
TELEPHONE 504-830-3838
FACSIMILE 504-836-9540
www.chopin.com

*Writer's Direct Number*
504-830-3824
*Writer's Direct Facsimile*
504-836-9573
ntygier@chopin.com

NORTHSHORE OFFICE

THREE SANCTUARY BOULEVARD
SUITE 301
MANDEVILLE, LOUISIANA 70471
TELEPHONE 985-674-6680
FACSIMILE 985-674-6681

† Professional Corporation
∆ Also Admitted in D.C.
* Also Admitted in New York
◊ Also Admitted in Puerto Rico
‡ Also Admitted in Texas
£ Registered Nurse, BSN

*Please Reply to*
*Metairie Office*

May 13, 2004

*Via Facsimile and Overnight Delivery*

The Honorable J. Douglas Welborn
Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
222 St. Louis Street, Governmental Bldg.
Baton Rouge, LA 70802

> Re: *Alvin C. Copeland v. Treasure Chest Casino, LLC and Robert J. Guidry*
> *Court of Appeal, 1st Circuit No. 2001-CA-1122*
> *19th JDC No. 464-607(D)*
> *Our File No. 245.2433*

Dear Mr. Welborn:

Enclosed please find the original and two copies of the following documents:

1) Memorandum in Opposition to Motion to Stay Discovery;

2) Memorandum In Opposition to Treasure Chest Casino, L.L.C.'s Supplemental Exception of No Cause of Action; and

3) Memorandum In Opposition to Supplemental Exception of No Cause of Action

Please file the original of each into the record of the above captioned matter and return a stamped copy of each to me in the enclosed self-addressed, postage-prepaid envelope.

Should you have any questions, please do not hesitate to contact me.

Yours very truly,

Nicole S. Tygier

NST/rsn
*Enclosures*

cc:    The Honorable Janice G. Clark *(w/enclosures via facsimile)*
       Arthur A. Lemann, III, Esq. *(w/enclosures via facsimile)*
       Ralph Capitelli, Esq. *(w/enclosures via facsimile)*
       Winston G. DeCuir, Esq. *(w/enclosures via facsimile)*
       Paul S. West, Esq. *(w/enclosures via facsimile)*

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                         DIVISION "D"

**ALVIN C. COPELAND**

-versus-

**TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY**

Filed:_____        _____
                                                        Deputy Clerk

## MEMORANDUM IN OPPOSITION
## TO MOTION TO STAY DISCOVERY

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to the Motion to Stay Discovery filed herein by defendant, Robert J. Guidry ("Guidry"). Notwithstanding the fact that Copeland desires the speedy resolution of this case, he has no objection to the stay of discovery in this action, pending the resolution of the Exceptions currently set for hearing on May 24, 2004 in the District Court, as long as all discovery, including any discovery outstanding against any party is stayed.

*CHOPIN, WAGAR, COLE,*
*RICHARD & KUTCHER, LLP*

By: _____
  **ROBERT A. KUTCHER** (LSBA #7895)
  **NICOLE S. TYGIER** (LSBA #19814)
  Two Lakeway Center, Suite 900
  3850 North Causeway Boulevard
  Metairie, Louisiana 70002
  Telephone: (504) 830-3838
  Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this *13th* day of *May*, 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

2

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                           DIVISION "D"

**ALVIN C. COPELAND**

-versus-

**TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY**

Filed:_____          _____

                                                                Deputy Clerk

**MEMORANDUM IN OPPOSITION TO TREASURE CHEST CASINO,
L.L.C.'S SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION**

**MAY IT PLEASE THE COURT:**

Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition
to the Supplemental Exception of No Cause of Action filed herein on behalf of Treasure Chest
Casino, L.L.C. ("Treasure Chest"). As Copeland noted in his Memorandum in Opposition to the
Supplemental Exception of No Cause of Action submitted by Co-Defendant, Guidry, neither the
*Noerr-Pennington Doctrine*, nor La. R.S. 15:468 justifies the dismissal of this case on an
exception of no cause of action.

For the reasons set forth in response to Guidry's Supplemental Exception of No Cause of
Action, Copeland requests that Treasure Chest's Supplemental Exception of No Cause of Action
be denied as well.

Respectfully submitted,

*CHOPIN, WAGAR, COLE, RICHARD &
KUTCHER, LLP*

By: _____
   **ROBERT A. KUTCHER** (LSBA #7895)
   **NICOLE S. TYGIER** (LSBA #19814)
   Two Lakeway Center, Suite 900
   3850 North Causeway Boulevard
   Metairie, Louisiana 70002
   Telephone: (504) 830-3838
   Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 3rd day of May, 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

_____

2

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                      DIVISION "D"

**ALVIN C. COPELAND**

-versus-

**TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY**

Filed:_____          _____
                                                       Deputy Clerk

**MEMORANDUM IN OPPOSITION TO**
**SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION**

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to the Supplemental Exception of No Cause of Action filed on behalf of defendant, Robert J. Guidry ("Guidry").

To the extent that Guidry re-urges his previous exceptions, Plaintiff respectfully refers the Court to his previous memoranda in opposition to those exceptions. Neither of the additional grounds set forth by Guidry, including both the *Noerr-Pennington* doctrine and the statutory immunity referenced in La. R.S. 15:468 are appropriate to dismiss this suit on grounds of an exception of no cause of action based on the face of the petition.

**I.     STANDARD OF REVIEW**

Prior to discussing the specifics of Guidry's exceptions, it is significant to note that they are being brought in the context of an exception of no cause of action, rather than on summary judgment. In fact, Guidry's exception is filed and set for hearing contemporaneously with a Motion to Stay Discovery. In contrast to a summary judgment motion, the purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. It questions whether the petition sufficiently alleges grievances for which the law affords a remedy. All well-pleaded allegations of fact must be accepted as true when considering an exception of no cause of action. The exception of no cause of action must be decided upon the face of the petition and any attached documents. *Hoskin v. Plaquemines Parish Government,* 98-

1825, (La.App. 4 Cir. 8/4/99), 743 So.2d 736. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. art. 931. *Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans*, 98-2423 (La.App. 4 Cir. 9/22/99), 753 So.2d 861. Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth and to do substantial justice. LSA-C.C.P. art. 865; *Krebs v. Mull*, 97-2643 (La.App. 1 Cir. 12/28/98), 727 So.2d 564, 567.

When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. *Kuebler v. Martin*, 578 So.2d 113, 114 (La.1991). Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding a cause of action stated. *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 92-1544, 92-1545 (La.App. 1st Cir. 3/11/94), 634 So.2d 466, 493, *writ denied*, 94-0906 (La.6/17/94), 638 So.2d 1094; *Krebs*, 727 So.2d at 567.

A petition should not be dismissed for failure to state a cause of action unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether viewed in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide relief on any possible theory. *Hoskin*, 98-1825, 743 So.2d at 742 (quoting *City of New Orleans v. Board of Com'rs*, 93-0690 (La.7/5/94), 640 So.2d 237).

2

## II.   *NOERR-PENNINGTON*

The first ground urged by Guidry in his Supplemental Memorandum for the dismissal of all of Plaintiff's causes of action, including violation of the Federal Racketeering Influenced and Corrupt Organizations Act, Louisiana Unfair Trade Practices, tortious fraud pursuant to La. C.C. art. 2315, and unjust enrichment under La. C.C. art. 2298, is the *Noerr-Pennington* doctrine.[1] Copeland respectfully submits that this doctrine, a species of immunity to Federal Antitrust claims, has no application whatsoever to the facts of this case, or the causes of action asserted herein. Moreover, even in the event that this Court were to apply the doctrine to a suit brought in a Louisiana State Court which is not based on Antitrust Law, it would be bound to recognize the significant exceptions contained in the vast body of federal jurisprudence. Notably, both the "sham exception", as well as the "fraud" or "misrepresentation" exception are both applicable to the facts of this case, and make dismissal on an exception of no cause of action inappropriate.

As noted by Guidry, the doctrine has been applied by various courts to causes of action outside the strict confines of the *Sherman Act*. Nevertheless, it has **never** been applied in any published Louisiana State Court opinion, nor has it been applied to any Louisiana cause of action other than unfair trade practices.[2] This Court should not be lulled into transforming a doctrine of Antitrust immunity into a "get out of jail free card" for defendants in a lawsuit in which no Antitrust claims have been brought.

Nevertheless, even if this Court were to entertain the possible applicability of the *Noerr-Pennington* doctrine to the Louisiana Unfair Trade Practices, the disposition of this case on an exception of no cause of action is distinctly inappropriate. The *Noerr-Pennington* doctrine is

---

[1] The *Noerr-Pennington* doctrine is historically a species of immunity[1] from Antitrust liability under the Sherman Act, 15 U.S. Ct. § 1, et. seq. In *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 81 S.Ct. 523, 5 L. Ed. 2d 464 (1961) the Supreme Court carved out an exception to the Antitrust laws for efforts by private individuals to petition the government for action that might have anti-competitive consequences. As set forth in *Mine Workers v. Pennington*, 381 U.S. 657, 85 S. Ct. 15:85, 14 La. Ed. 2d 626 (1965), this doctrine protects efforts to influence government officials regardless of petitioners' anti-competitive motives or the efficacy of those efforts. *Noerr*, 365 U.S. at 138. It has been held to encompass attempts to influence legislative, executive and administrative bodies, as well as efforts to obtain favorable court action through the filing of lawsuits. *See also*, *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510-11, 92 S. Ct. 609, 30 L. Ed. 2d 642 (1972). At its heart, the broadest application of the doctrine to legislative bodies is mandated by the doctrine's roots in the First Amendment's guarantee of the right to petition the government for redress. *See Noerr*, 365 U.S. at 138; and *California Motor*, 404 U.S. at 510-11.

[2] In fact, in *Astoria Entertainment, Inc. v. Edwards*, 159 F.Supp.2d 303, 329 (E.D.La. 2001), after applying the *Noerr-Pennington* doctrine to the Antitrust claims and disposing of the RICO claims via prescription, the Court remanded the state law causes of action rather than applying *Noerr* to them.

3

susceptible of at least one, and possibly two significant exceptions which are applicable to the case at hand. The first of these exceptions, and the only one explicitly approved of by the Supreme Court, is the "sham" exception. The second, alternatively phrased as a "fraud", or "misrepresentation" exception, is less well defined, but permeates the jurisprudence relating to the *Noerr-Pennington* doctrine.

**A.     The "Sham" Exception.**

The "sham" exception is essentially a limitation which prohibits protecting petitioning activities that are "a mere sham to cover what is actually nothing more than an attempt to interfere directly with business relationship of a competitor and [where the] application of the Sherman Act would be justified." *California Motor Transp.*, 44 U.S. at 511. In *Professional Real Estate Investors, Inc. v. Columbia Pictures Ind.*, 508 U.S. 49, 62, n.6, 115 S. Ct. 1920, 1929, 123 L. Ed. 2d 611 (1993) that Court recognized but specifically declined to decide whether a separate fraud exception exists to the *Noerr-Pennington* doctrine.[3]

Even before the Supreme Court decision in *Trucking Unlimited*, the Fifth Circuit in *Woods Exploration and Producing Co. v. Aluminum Company of America*, 438 F.2d 1286 (5th Cir. 1971) held that furnishing false information to a state administrative agency for the purpose of influencing its actions was not protected by the *Noerr-Pennington* doctrine. In *Woods* the court distinguished "political activities" directed at influencing the basic policies of the commission, from the apolitical application of those policies. Subsequent to *Woods*, one commentator has noted that the "strong weight of authority in the courts of appeals has concluded that the *Noerr-Pennington* doctrine does not protect bribery, perjury, and other illegal and unethical conduct aimed at influencing adjudicative or quasi-adjudicative administrative action, even if such conduct would be protected in the legislative sphere." Floyd, C. Douglas, "Antitrust Liability for the Anti-Competitive Effects of Governmental Action Induced by Fraud," 59 Antitrust L.J. 403, 414, n. 63.

The False statements made under oath by Treasure Chest's counsel and Robert Guidry, alleged in Paragraphs 25-27 of Copeland's Petition regarding the relationship between Edwards

---

[3]In *Professional Real Estate Investors, Inc.*, the Supreme Court delineated a sequential two step inquiry that obtains what a defendant is accused of instituting sham **litigation**, a circumstance which is not present in the instant case.

4

and Treasure Chest, a prohibited relationship under former La. R.S. 27:96 A. and 27:70 C. are precisely the kind of conduct referenced in that article and in *Woods Exploration and Producing Co.*

### B. The Fraud Exception.

Defining the outlines of the fraud exception is difficult, despite the fact that the Fifth Circuit's last word on the matter in *Woods Exploration and Producing Co.*, was that the *Noerr-Pennington* doctrine does not apply in the case of misrepresentations.[4]  Nevertheless, regardless of the ultimate disposition of the federal courts in their quest for uniformity with regard to the scope of the fraud exception, (and whether that exception is incorporated within the sham exception, or a distinct exception by itself,) jurisprudence from federal courts applying in part Louisiana law with respect to the *Noerr-Pennington* doctrine clearly recognizes the significance of fraud as a means of defeating the application of the *Noerr-Pennington* doctrine in instances when it would not serve the purposes of the Antitrust law.  The fraud and misrepresentations of Guidry and Treasure Chest as referenced in paragraphs 25-27 of the Petition clearly make *Noerr-Pennington* inapplicable.

For example, in *Livingston Downs Racing Assoc., Inc. v Jefferson Downs Corp.*, 192 F. Supp. 2d 519 (M.D.La. 2001), *reconsideration denied*, 259 F. Supp. 2d 471 (M.D.La. 2002) the court recognized that "a common thread running through the *corpus juris* of the *Noerr-Pennington* doctrine is that, to qualify for protection, "defendant must employ ethical and legitimate means when petitioning an adjudicatory tribunal for relief." *Livingston Downs Racing Assoc., Inc.*, 192 F. Supp. 2d at 535, *citing, California Motor*, 404 U.S. at 513, 92 S. Ct. 609 and *Allied Tube and Conduit Corp.*, 486 U.S. 492, 499-500, 108 S. Ct. 1931, 100 L. Ed. 2d 497 (1988); and *Wood Exploration and Producing Co.*, 438 F.2d at 1296-1298.  Although the

---

[4] Federal jurisprudence is rife with recognition of the fraud exception, although its application and contours differ widely, particularly with respect to its integration into the sham exception. For example, in *Baltimore Scrap Corp. v. David J. Joseph Co.*, 237 F.3d 394 (4th Cir. 2001), *cert denied* 121 S. Ct. 2521 (2001), the court held that assuming a fraud exception to the *Noerr-Pennington* doctrine exists, it would apply only to fraudulent representations that go to the "core of the proceeding." In *Armstrong Surgical Ctr., Inc. v. Armstrong County Mem.l Hosp.*, 185 F. 3d 154 (3rd Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000) and *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F. 3d 119 (3rd Cir. 1999) *cert. denied*, 528 U.S. 871 (1991), the Third Circuit held that the sham exception to the *Noerr-Pennington* doctrine could be applicable so as to exclude *Noerr* immunity for fraudulent misrepresentations inducing governmental action. Likewise, in *Cottle v. Northwest Kidney Ctr.*, 146 F. 3d 1056 (9th Cir. 1998), *cert. denied*, 525 U.S. 1140 (1999), the Ninth Circuit held that misrepresentations by competitors to induce the denial of plaintiffs' Certificate of Need application for a hospital would vitiate immunity, but found that the allegations of misconduct in that case were insufficient.

5

*Livingston Downs Racing Assoc., Inc.,* court found that the plaintiffs had failed to present sufficient evidence so as to preclude summary judgment, it nevertheless recognized that such the fraud exception existed.

### C. The Fraud Exception Applies

Even if this Court were to accept the applicability of the *Noerr Pennington* Doctrine to any of the non-Sherman Act causes of action asserted, the exception must still be denied on the basis of the fraud or misrepresentation exception. As the operative question is whether Copeland's petition states a cause of action, paragraph 85 of Count Three-Fraud of Copeland's petition is essentially dispositive:

### Count Three-Fraud

#### 85.

As detailed above, Robert J. Guidry and/or Treasure Chest obtained a certificate and license by **misrepresentations and/or suppression of the truth** concerning the overarching corrupt conspiracy, as well as their participation in extortion; **these misrepresentations** were made with the intent to obtain and unjust advantage in obtaining a certificate and license. Robert J. Guidry and/or Treasure Chest are therefore liable for **fraud** under La. Civ. Code art. 2315.

(Petition, Paragraph 85, emphasis added). Moreover, the Petition also contains **specific** factual allegations of false misrepresentations made to the Division and the State police. *See* paragraphs 25-27, where false statements regarding the relationship between Edwards and Treasure Chest, a prohibited relationship under former La. R.S. 27:96 A. and 27:70 C. were made under oath by Treasure Chest's counsel as well as Robert Guidry are pled.

### D. The "Sham" Exception Applies.

Furthermore, even if this Court accepts Guidry's invitation to go where no Louisiana State Court has ever gone before, to apply the *Noerr-Pennington* doctrine to civilian causes of action other than unfair trade practices, and yet declines to apply the fraud exception, the sham exception still mandates the denial of this exception.

In *Livingston Downs Racing Assoc.,* the court denied summary judgment, finding that an unsuccessful applicant for a horse racing license which had brought Federal RICO claims against a competitor had presented sufficient evidence so as to justify the denial of the Defendant's summary judgment on the basis of the sham exception. As applied to the decision of the

6

Louisiana State Racing Commission with respect to the denial of a license, the court found, based in part upon the misrepresentations made to that Commission which resulted in the denial of meaningful access to the tribunal, that the hearing on its second application for a racing license was rendered nothing more than a sham. The court specifically noted with respect to the futility of the Commission proceedings that:

> Defendants were using their "power, strategy and resources... to harass and deter [LDRA] in its use of administrative... proceeding so as to deny [it] free and unlimited access" to the Commission... As a result, genuine issues of fact remain as to whether 'the machinery of [the Commission] was effectively closed" to LDRA and whether that the Defendants usurped the Commission's decision-making authority... Summary judgment on this claim is therefore inappropriate.

*Livingston Downs Racing Assoc., Inc.* 192 F. Supp. 2d at 536, (citations omitted). What was clear in *Livingston Down Racing Assoc.* is even more clear in the instant case. The judicially admitted outright bribery **and** deliberate fraud and misrepresentations of the defendant Guidry, both on his own behalf and on behalf of Treasure Chest, made a complete and utter mockery out of the entire proceedings before the State of Louisiana with regard to the licensing and certificate process for a gaming license.

Notwithstanding the fact that the Court in *Astoria Entertainment, Inc.* applied the *Noerr Pennington* doctrine solely to Antitrust claims, (which are not advanced here) Guidry relies upon that case to support his defense. In so doing, Guidry ignores the fact that, unlike the instant case, fraud was not alleged *Astoria Entertainment, Inc.* as a cause of action, along with the fact that the sham exception was apparently not even argued in that case.[5]   In the context of his numerous attempts to use that litigation as a grounds for dismissing this case,  the claims presented by the plaintiffs in Astoria Entertainment, Inc. are not identical to those raised in this case. Copeland is entitled to his day in court, notwithstanding Guidry's partial success in other litigations. Unlike the plaintiff in *Astoria Entertainment, Inc.*, Copeland has alleged fraudulent acts and misrepresentations. Although he has alleged Louisiana Unfair Trade Practices claims, Copeland has not sought relief under the Sherman Act or any other Antitrust remedies.

---

[5] Judge Duval's opinion mentions the word "sham" precisely once in that case, distinguishing a "sham litigation" on the grounds that the "sham exception ... is not applicable in this case." *Astoria Entertainment, Inc.*, 159 F.Supp.2d at 323.  Although Copeland does not have the benefit of knowing the precise details of what was argued or pled in that litigation, it appears from the text of the opinion that the case, *Primetime 24 Joint Venture v. National Broadcasting Co.*, 219 F.2d 92 (2d Cir.2000), was raised in an unsuccessful attempt to urge the "commercial exception" which the Fifth Circuit had previously rejected in *Greenwood Utilities Commission v. Mississippi Power Company*, 751 F.2d 1484, 1505 (5th Cir. 1985).

7

Whether the Court is inclined to accept the existence of a separate fraud or misrepresentation exception to the *Noerr-Pennington* doctrine, or, merely to recognize, as did the court in *Livingston Down Racing Assoc.*, that fraud and misrepresentations made to an adjudicatory body which usurp that body's decision making authority and render the entire proceedings a "sham," it is clear that, at least on the face of the Petition for the purposes of this exception, *Noerr-Pennington* does not apply.

## III.    STATUTORY IMMUNITY

Similarly, regardless of whether it ultimately might be of any application whatsoever in this case, Guidry's attempt to contort the provisions of La. R.S. 15:468 into a defense suitable for disposition of an exception of no cause of action fundamentally overlooks the nature of the exception itself, which is based on the four corners of the petition. Whatever application La. R.S. 15:468 might have with regard to this case, it is clearly not grounds for the grant of this exception. The statute provides:

> **468. Duty to testify as to bribery or corruptly influencing voters; immunity.**
>
> Any person may be compelled to testify in any lawful proceeding against another charged with commercial bribery, public bribery, bribery of voters or corrupt influencing, and shall not be permitted to withhold his testimony upon the ground that it may incriminate him or expose him to public infamy; but such testimony shall not afterwards be used against him in any judicial proceeding, except for perjury in giving such testimony.

A review of the well pled factual allegations of the petition clearly fails to establish the applicability of this provision, and Guidry cannot, in the context of this exception, provide sufficient evidence to support its application, even if such evidence were to exist. Copeland's Petition alleges that Guidry entered a plea in federal court, and does not allege Guidry was compelled to testify in connection with any of the specific state crimes enumerated in that statute. None of those crimes, including "commercial bribery" (La. R.S. 14:73), "public bribery" (La. R.S. 14:118), "bribery of voters" (La. R.S. 14:119), or "corrupt influencing" (La. R.S. 14:120) is even mentioned in the petition.

Even assuming that the District Attorney for the Nineteenth Judicial District Court could constitutionally deprive every citizen of the state of Louisiana of the right to bring a civil suit against an informer to gain cooperation with a federal investigation, a contention which is

8

completely unsupported by any case law,[6] **this transaction does not appear on the face of the Petition**. Any extension of Guidry's overarching corrupt conspiracy by means of a supposed side deal with yet another state employee, to ensure that he could keep his ill gotten gains through blanket immunity from civil suits, along with whatever Guidry might have paid for it, are simply not pled. Regardless of whether this immunity exists, it is not grounds for an Exception of No Cause of Action.

## IV. CONCLUSION

Notwithstanding the length of his memorandum and the number of irrelevant authorities cited by Guidry, his Supplemental Exception of No Cause of Action must be denied. *Noerr-Pennington* immunity is inapplicable to this suit where no Antitrust claims have been brought, and even if it were to apply to the causes action asserted, the factual allegations of Copeland's petition would bring his claims within both the fraud or misrepresentation exception and the sham exception to that doctrine. Similarly, the statutory immunity which Guidry attempts to rely upon is, in addition to being inapplicable, an affirmative defense which does not appear on the face of the petition, and cannot be the basis for an exception of no cause of action.

Respectfully submitted,

**CHOPIN, WAGAR, COLE,
RICHARD & KUTCHER, LLP**

By: _____
    **ROBERT A. KUTCHER** (LSBA #7895)
    **NICOLE S. TYGIER** (LSBA #19814)
    Two Lakeway Center, Suite 900
    3850 North Causeway Boulevard
    Metairie, Louisiana 70002
    Telephone: (504) 830-3838

---

[6]     Although strictly speaking unnecessary for the determination of this exception of no cause of action, several significant points relating to both La. R.S. 15:468 and former La. R.S. Const. art. 19, § 13 are worth noting. First, the Louisiana Supreme Court has specifically held the former identically worded constitutional provision to be "inapplicable" to testimony given in a federal court proceeding, even when a transcript of the Federal grand jury testimony is subsequently introduced to a State grand jury which indicted the defendant for conspiracy to commit public bribery in violation of La. R.S. 14:26 and 14:118. *State v. Wallace,* 321 So.2d 349, 359 (La.1975) (on rehearing). Likewise, the Louisiana Supreme Court has rejected the proposition that a district attorney, absent a pending investigation for public bribery, has the authority to grant immunity for the purposes of obtaining testimony in a federal antitrust suit. *In re Rebar Street Antitrust Investigation,* 343 So.2d 1377, 1383 (La. 1977). Subsequent cases by the lower courts confirm that La. R.S. 15:468 has no application in proceedings where none of the enumerated crimes are charged. *State v. Ramsey,* 457 So.2d 211 (La.App. 2 Cir. 1984), *writ denied,* 462 So.2d 1261 (La. 1985) (La. R.S. 15:468 inapplicable in prosecution for simple robbery where neither defendant nor party who allegedly participated in sending letter to defendant's attorney which offered favorable testimony on defendant's behalf was charged with any type of bribery).

9

Facsimile:  (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 13th day of May, 2004, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

10

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                         DIVISION "D"

**ALVIN C. COPELAND**

-versus-

**TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY**

Filed:_____        _____
                                                      Deputy Clerk

**MEMORANDUM IN OPPOSITION TO EXCEPTION OF
NON-JOINDER OF A PARTY UNDER ARTICLES 641 AND 642**

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to Robert J. Guidry's ("Guidry") Exception of Non-Joinder of a Party Under Articles 641 and 642 of the Louisiana Code of Civil Procedure. This exception is without justification. It is entirely based upon an incorrect and incomplete analysis of this litigation and an inappropriate emphasis on a companion case, *Alvin C. Copeland v. Louisiana Gaming Control Board, et al*, No. 400,750 (hereinafter "the Gaming Control Board" suit). When the proper standards are applied, this Court should overrule this exception as the law is well settled that neither the Riverboat Gaming Commission, the Riverboat Gaming Enforcement Division, nor the Gaming Control Board is a party needed for adjudication under La. C.C.P. art. 641, *et seq*.

Contrary to the representations of Guidry, the instant lawsuit, while factually related to the Gaming Control Board suit, is a separate and distinct lawsuit brought by Copeland against Treasure Chest Casino, LLC and Robert J. Guidry seeking solely damages resulting from their corruption of the riverboat gaming licensing process under theories of racketeering, unfair trade practices, tortious fraud, and unjust enrichment. The State defendants are not necessary parties to this action, which does not in any way seek damages or injunctive relief from the State entities.

The crux of Guidry's exception is that because Copeland alleges that the decisions of the Commission and Division were influenced as a result of the crimes and tortious acts of the

defendants, that those state entities must be made a party to this lawsuit, despite the fact that all Copeland is seeking in this suit is damages against Guidry and Treasure Chest. In support of this proposition, Guidry cites to various cases dealing with declaratory relief and injunctions against State entities, akin to the Gaming Control Board suit, and wholly and completely distinct from what is in essence a tort suit for damages such as this suit.

For example, in *Coulon v. Slidell Municipal Fire and Police Civil Service Board*, 542 So.2d 151 (La. App. 1st Cir. 1989), the court held that the fire protection district actually employing the fire operator was an indispensable party in a judicial appeal from his dismissal. In *Firemen's Pension and Relief Fund v. Sudduth*, 276 So.2d 727 (La. App. 3rd Cir. 1973), the court held that where the city was the party directed by statute to pay matching funds into a firemen's pension and relief fund, it was an indispensable party defendant to a mandamus suit to compel the statutorily required payments. Similarly, in *Fuselier v. State Market Commission*, 231 So.2d 652 (La. App. 3rd Cir. 1970), where a taxpayer sought to enjoin the issuance of bonds by the State Bond and Building Commission, the Bond and Building Commission was held to be an indispensable party to the suit. Even in *Chalmette General Hospital, Inc. v. Cherry*, 398 So.2d 599 (La. 1981), where the court held that a competing hospital was an indispensable party to a mandamus suit seeking to compel a hearing on a certificate of need brought by another hospital, the issues all involved coercing action by a State entity. In direct contrast, this suit in no way involves the coercion of any action by means of mandamus, payment of funds, or injunction. This is purely a suit for damages against Treasure Chest and Guidry.

What precisely is a party needed necessary for just adjudication is set forth in La. C.C.P. art. 641 *et seq.*, and was summarized recently by the Louisiana Supreme Court in *Industrial Companies, Inc. v. Durbin*, 2002-0665 (La. 1/28/03), 2003 WL 183272, *8:

> A person shall be joined as a party in the action when either:
>
> (1) in his absence complete relief cannot be accorded among those already parties.
>
> (2) he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
> (a) as a practical matter, impair of impede his ability to protect that interest.

2

> (b) leave any of the persons already parties subject to a substantial risk
> of incurring multiple or inconsistent obligations.

Contrary to Guidry's assertions, the joinder of the State entities is not necessary for "complete relief," because a declaratory judgment claim concerning the proper license holder is not an issue in this lawsuit. That claim in fact was raised in the Gaming Control Board's suit but was subsequently rendered moot. The sole issues presented in the instant case relate to damages as a result of the wrongful conduct of defendants. There is no risk of an inability to render complete relief since the claims pled, which are solely for damages against non-State defendants, can be accomplished among the parties hereto.

In fact, because the claims raised are essentially tort claims, the provisions of La. C.C.P. art. 643 specifically designating that "one or more solidary obligors may be sued to enforce solidary obligation, without the necessity of joining all others in the action" are pertinent. To the extent that either the Division or the Gaming Commission might be vicariously liable for the actions of various individuals who were bribed by Guidry or influenced by the Guidry/Treasure Chest scheme, those parties are not necessary parties, notwithstanding the obligation of solidary liability pursuant to aforementioned article. It is well settled that co conspirators and joint tortfeasors are not, merely because of that status, necessary or indispensable parties. *Herpich v. Wallace*, 430 F.2d 792, 817 (5th Cir. 1970); *Landry v. State Farm Fire & Casualty Co.*, 504 So.2d 871, 875 (La. App. 3rd Cir. 1987). ("It is well settled that joint tortfeasors are solidary obligors and a plaintiff may elect to sue any *one,* or more, of them.").

Copeland stood ready, willing and able to consolidate this matter with the Gaming Control Board suit when this suit was filed.[1] Treasure Chest, the company which Guidry previously owned a controlling interest in, and in which he has now claimed to have been acting as the representative of in the context of the defense of the Riverboat Gaming Control Board suit, opposed that consolidation, complaining of the prejudice that would result if it were to be brought to justice before the same Court that ruled on Copeland's claims against the Division and the Commission. Copeland respectfully submits that the instant exception should be denied, and it be permitted to pursue this case on the merits.

---

[1] Should this Court believe transfer to the lower case number is proper and consolidation is appropriate, Copeland is willing to consolidate now, just as he was four years ago.

3

Respectfully submitted,

*CHOPIN, WAGAR, COLE, RICHARD,*
*REBOUL & KUTCHER, LLP*

By: _____
**ROBERT A. KUTCHER** (LSBA #7895)
**NICOLE S. TYGIER** (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___4th___ day of April, 2003, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

4

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                                    DIVISION "D"

### ALVIN C. COPELAND

-versus-

### TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

COST OK Amt. 32.00

Filed:_____        _____

Deputy Clerk   APR 0 7 2003

BY_____
DY CLERK OF COURT

### MEMORANDUM IN OPPOSITION TO EXCEPTION OF *RES JUDICATA* AND ALTERNATIVE PARTIAL EXCEPTION OF NO RIGHT OF ACTION

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to the Exception of *Res Judicata* and Alternative Partial Exception of No Right of Action submitted herein by defendant, Robert J. Guidry ("Guidry"), urging that these Exceptions be overruled. By distorting the facts of this case as well as the ruling of the First Circuit Court of Appeal on June 21, 2002, Guidry attempts to extricate himself from this lawsuit by wrongfully maintaining that the appellate court opinion in *Alvin C. Copeland v. The Louisiana Gaming Control Board, et al*, No. 2000-2864 (La. App. 1st Cir. 9/11/02) (the "Gaming Control Board Suit"), constitutes *res judicata* so as to justify the dismissal of this action, despite the fact that he was never a party to that suit. Additionally and without support, Guidry urges that Copeland's damages should be limited by virtue of payments made by an unrelated third party in that litigation.

Since the inception of this case, Guidry and Treasure Chest have done everything possible to avoid discovery and to thwart the disclosure of their wrongdoing in this suit. The current exceptions are nothing more than procedural posturing in an effort to continue to avoid discovery and ultimately trial on the damages they have caused to Copeland.

REC'D C.P.

REC'D A.G. B-8 2007

APR 0 7 2003

FAX COPY FILED 4.4.03
ORIGINAL FILED 4-7-03

## I.     Res Judicata

The merits of Guidry's Exceptions are largely identical to those set forth in a similar Exception by Treasure Chest Casino, the corporation which he previously controlled, which also wrongfully alleges that the First Circuit opinion in the Louisiana Gaming Control Board suit bars this suit by *res judicata*. Copeland has already filed an Opposition to that Exception and that Memorandum is incorporated herein by reference.

### A.     Factual Background

When the instant suit was filed, it was accompanied by an Ex Parte Motion to Transfer and Consolidate this case with the already pending action in Division "A" against the Gaming Control Board, *Alvin C. Copeland v. Louisiana Gaming Control Board, et al*, No. 400,750 (hereinafter "the Gaming Control Board" suit). Although the judge in division "A" accepted the transfer of this case, Treasure Chest filed a Memorandum in Opposition to Consolidation of Cases in which it asserted that: "[t]he two actions involve **different types of actions,**[1] standards of review, **different defendants**[2] and are **based on different facts**" (p. 1), that the actions "**do not involve common issues of law and fact** as both involve different complex federal claims -- constitutional and RICO claims, as well as numerous state claims **against different defendants** based on different allegations" and that "**common issues of law and fact do not predominate**". Following a similar opposition by the Gaming Control Board, and a hearing on November 15, 1999, this Court denied Copeland's Motion for Consolidation.

Ignoring its earlier judicial admissions to the contrary, Treasure Chest abandoned the arguments it advanced to avoid consolidation and, directly opposite to its earlier judicial admission, now argues that this case arises out of the same transaction or occurrence as the Gaming Control Board suit in order to maintain that the decision of the First Circuit's September 11, 2002 decision is *res judicata* as to Plaintiff's claims in this suit. Guidry, the one time owner of Treasure Chest has now joined in Treasure Chest's exceptions, urging that despite the fact that

---

[1] In the Gaming Control Board suit, Copeland sought both declaratory relief as well as damages against the Gaming Control Board. Treasure Chest intervened solely with respect to the Counts relating to declaratory relief, both of which were declared moot by the First Circuit Court of Appeal.

[2] The only common defendant to both suits is Treasure Chest, which intervened and was not sued by Copeland. Guidry was not a party to the Gaming Control Board suit and the Gaming Control Board is not a party to this suit.

2

he was not even a party to the Gaming Control Board suit and had sold his interest in Treasure

Chest almost five years before the judgment, he should be entitled to claim *res judicata* as well.

**B.    Law**

Until recently, the law of *res judicata* in Louisiana barred a second action only when the

plaintiff sought the same relief based on the same cause of action.  LSA-C.C. Art. 2286.[3]  The

law was revised and re-designated as present LSA-R.S. 13:4231.  See **Comments-1990(a)** to

13:4231 which now provides:

> Except as otherwise provided by law, a valid and final judgment is
> conclusive between the same parties, except on appeal or other direct
> review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing
> at the time of final judgment arising out of the transaction or occurrence
> that is the subject matter of the litigation are extinguished and merged in
> the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action
> existing at the time of final judgment arising out of the transaction or
> occurrence that is the subject matter of the litigation are extinguished and
> the judgment bars a **subsequent action** *on those causes of action.*
>
> (3) A judgment in favor of either the plaintiff or the defendant is
> conclusive, in any subsequent action between them, with respect to any
> issue actually litigated and determined if its determination was essential to
> that judgment.

(Emphasis added).  While *res judicata* now focuses on transaction or occurrence rather than on

demands, Louisiana courts still strictly construe the doctrine.

"*Res judicata* cannot be invoked unless all its essential elements are present and each

necessary element has been established beyond all question.  The *res judicata* doctrine must be

strictly construed, and any doubt concerning its applicability is to be resolved against the party

raising the objection."  *Mandalay Oil & Gas, L.L.C. v. Energy Development Corp.,* 2001-0993

(La.App. 1 Cir. 7/3/02), 2002 WL 1434422, *4, *citing Berrigan v. Deutsch, Kerrigan & Stiles,*

LLP, 2001-0612, (La.App. 4th Cir.1/2/02), 806 So.2d 163, 167, *writs denied,* 2002-0388, 2002-

0341 (La.4/12/02), 813 So.2d 410.  *See also Griffin v. BSFI Western E & P, Inc.,* 2000-2122

---

[3] "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

3

(La.App. 1 Cir. 2/15/02), 812 So.2d 726, 730; *Kelty v. Brumfield*, 93-1142, (La.2/25/94), 633 So.2d 1210, 1215.

Moreover, "[w]hile *res judicata* is a useful tool, it should not be used as a scythe applied mechanically to mow down claims where the party asserting the claim is not at fault for the lack of adjudication of that claim in the first suit." *Griffin*, 812 So.2d at 730-731, *quoting Terrebonne Fuel & Lube, Inc. v. Placid Refining Company*, 95-0654 (La.1/16/96), 666 So.2d 624, 635. In addition to strictly construing the elements of *res judicata*, La.R.S. 13:4232A specifically provides for exceptions to the general rule: "[w]hen exceptional circumstances justify relief," "the judgment dismissed the first action without prejudice," or "reserved the right of the plaintiff to bring another action." *Griffin*, 812 So.2d at 730, n. 2.

### 1. The suits do not arise out of the same "transaction or occurrence."

As Treasure Chest originally admitted and argued to this Court in 1999, **this suit and the Gaming Control Board suit do not arise out of the same set of facts.** La. R.S. 13:4231 does not define the term "transaction or occurrence," a pivotal term in determining whether either *Res judicata* or *Lis Pendens* applies, but clearly there must be some common factual origin. Louisiana Courts have relied upon the federal standard for guidance. In *Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La. App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060, it was noted that:

> *Black's Law Dictionary* defines "transaction" as, *inter alia*, "a broader term than 'contract," and "a group of facts so connected together as to be referred to by a single legal name; as a crime, a contract, a wrong." Among the definitions of "transaction or occurrence" found in 42 Words and Phrases, Supp. p. 201 (1997), is "whether pertinent facts of different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." The federal courts have given the words "transaction or occurrence" a broad and liberal interpretation in order to avoid a multiplicity of suits. All logically related events entitling a person to institute legal action against another generally are regarded as comprising a "transaction or occurrence." *Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143 (6th Cir. 1969).

*Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060.

4

Under this standard, adopted from the federal law, "the critical issue is not the relief requested or the theory asserted, but **whether the plaintiff bases the two actions on the same nucleus of operative facts**." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis added). Treasure Chest's current position, now adopted by Guidry, that the two suits arise out of the same transaction or occurrence and hence the same nucleus of operative facts is disingenuous and directly contrary to Treasure Chest's prior admissions and with this Court's prior ruling that they do not arise out of the same set of facts.

If the set of facts giving rise to the Gaming Control Board suit in 1999 was different from those in the instant suit when the Motion to Transfer and Consolidate was denied in November 1999, they remain so today and Treasure Chest's Exception of *Res Judicata* must be overruled, along with Guidry's tag along exception. The cases cannot have been unrelated for transfer purposes and still constitute *res judicata.*

### 2. This suit is not a "subsequent action."

As previously noted, the *res judicata* statute must be strictly construed. A strict reading of the statute reveals that it is not applicable, as in the instant case, to operate to bar an action which was **instituted prior to the judgment alleged to be *res judicata*.** The statute provides:

> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment *bars a **subsequent action** on those causes of action.*

(Emphasis added). As the statute speaks only of barring a subsequent action, the Court of Appeal's September 2002 Judgment cannot operate to bar an action which was filed prior to the judgment. Accordingly, Guidry's Exception of *res judicata* must be overruled because he has failed to prove this element of the statute.

### 3. Exceptional circumstances justify relief from res judicata effect.

Finally, even if this Court should somehow find that the elements set forth in La.R.S. 13:4231 have been proven by a preponderance of the evidence, and that no doubts exist as to its application, Copeland alternatively urges that the provisions of La.R.S. 13:4232 justify relief

5

from the application of *res judicata* under the unique circumstances of this case. That statute provides, in pertinent part:

### § 4232. Exceptions to the general rule of *res judicata*

A. A judgment does not bar another action by the plaintiff:

(1) When exceptional circumstances justify relief from the *res judicata* effect of the judgment;

This statute gives a court authority to exercise its equitable discretion to balance principles of *res judicata* with interests of justice. *Fine v. Regional Transit Authority*, 95-2603 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134. It is appropriately invoked to avoid the pitfalls of the procedural rule[4] regarding mandatory joinder of claims in the interests of justice. *Craig v. Adams Interiors, Inc.*, 34,591 (La.App. 2 Cir. 4/6/01), 785 So.2d 997, 1002, citing *Hudson v. City of Bossier*, 33,620 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, *writ denied* 00-2687 (La.11/27/00), 775 So.2d 450.

Although Copeland maintains that the provisions of La. R.S. 13:4231 do not apply, even if this Court were to so find, a more compelling circumstance for the application of La. R.S. 13:4232A(1) would be difficult to even imagine. Copeland filed the Gaming Control Board Suit in 1993, and after Treasure Chest intervened as a defendant in that suit, attempted to consolidate that action with this one, urging the predominance of common issues of law and fact. Treasure Chest opposed the consolidation, and yet, now Guidry and Treasure Chest come before this same court urging that the two suits concern the same transaction or occurrence, and that they should be entitled to the dismissal of this suit based on the common issues of fact. Under the circumstances, justice clearly justifies relief from *res judicata*.

### 4. Guidry was not a party to the Riverboat Gaming Commission suit.

Notwithstanding the fact that Guidry was not a party to the Riverboat Gaming Commission suit, he now claims as a "privy" of Treasure Chest to nevertheless be protected by the doctrine of *res judicata* from the alleged relitigation of claims arising out of Treasure Chest's status as a party in that litigation. The basis of this claim is that, pursuant to federal law, which

---

[4] La. C.C.P. art. 425A. provides: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

6

Guidry urges is analogous, *res judicata* protects parties and their "privies" because the interests of Treasure Chest and Guidry were allegedly "so closely aligned in the prior proceedings that Treasure Chest was the virtual representative of Guidry in that proceeding." Not surprisingly, Guidry has provided no legal or factual support for this proposition, and in the context of his Exceptions deliberately omits mention of the fact that he is no longer an officer or owner of Treasure Chest, having sold his interest in the casino for a payment of over $73 million dollars in October of 1997,[5] almost five years prior to the judgment claimed to be *res judicata* and prior to the institution of this litigation.

Guidry's argument is fundamentally flawed. Preliminarily, La. R.S. 13:4231 specifically states that "a valid and final judgment is conclusive between the same parties ... ," and Louisiana law is well settled that "*res judicata*" cannot be raised against a litigant who was neither a party to the former suit, nor the successor to the rights of one of the parties of the former suit. *Kibodeaux v. Kibodeaux*, 93-1143 (La. App. 3rd Cir. 4/6/94), 835 So.2d 530, 532 (citing *Sun Finance Co. v. Jackson*, 525 So.2d 532 (La. 1988).

Notwithstanding federal law, Louisiana clearly requires strict privity of interest in the context of *res judicata* as is noted in *Kibodeaux* and *Jackson*, and the showing merely that Guidry previously was the majority shareholder in Treasure Chest Casino five years before the pertinent judgment is insufficient to demonstrate this strict privity. In *Certified Finance, Inc. v. Cunard*, 2001-0797 (La.App. 1 Cir. 4/17/02), 2002 WL 569520, the First Circuit addressed precisely the issue presented, i.e., whether a party related to another party could claim to be a "privy" so as to claim the preclusive effect of a judgment to which it was not a party. After recognizing that "The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection,"[6] the First Circuit held:

> Following the federal law from which our new res judicata statute was taken, Louisiana courts have held that the preclusive effect of a judgment binds the parties to an action and the nonparties who are deemed the "privies" of the parties in three limited circumstances: 1) the nonparty is the successor in interest of a party; 2) the nonparty controlled the prior litigation; and 3) the nonparty's interests were adequately represented by a

---

[5] Petition for Damages, ¶ 39.
[6] *Cunard*, 2002 WL 569520 at *7, citing *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 2001-0612 (La.App. 4 Cir. 1/2/02), 806 So.2d 153, 167.

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 139 of 256

party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. ... The concepts of control and virtual representation are narrowly construed and are not satisfied merely by showing that the party and the nonparty have common or parallel interest in the factual and legal issues presented in the respective actions.

*Cunard*, 2002 WL 569520 at *7-8 (citations omitted). None of these limited circumstances apply, and accordingly, even if there were merit to Treasure Chest's exception, Guidry is not a privy and was not at the time of the judgment in the Gaming Control Board suit:

- Guidry is not the successor in interest to Treasure Chest.

- There has been no evidence presented that Guidry controlled Treasure Chest's defense in the Gaming Control Board suit or in any way participated in the defense of that suit after selling his interest in Treasure Chest, almost five years before the opinion at issue.

- Finally, Treasure Chest was not a virtual representative of Guidry in the Louisiana Gaming Control Board suit. Treasure Chest's interest in that suit, as the current holder of the license was distinct from Guidry's, who criminally obtained the license and then sold his interest in Treasure Chest.

The fact of the matter is that the Gaming Control Board decision is not *res judicata* as to this suit, and the exceptions of *res judicata* of both Treasure Chest and Guidry should be overruled. However, assuming *arguendo* that the Gaming Control Board decision might have any preclusive effect in this action, it clearly applies only to Treasure Chest and not to Guidry, who was not even a party to that proceeding.

## II.   GUIDRY'S PARTIAL EXCEPTION OF NO RIGHT OF ACTION MUST BE OVERRULED.

Mixed in with his spurious *res judicata* claims, Guidry also urges that this Court reduce the damages for which he might be cast by virtue of certain payments made by the State of Louisiana to Copeland in the context of the Gaming Commission suit. This Exception is without merit, and is both procedurally and substantively flawed and should be overruled.

Preliminarily, the First Circuit has definitively concluded that the partial maintenance of exception of no right of action is improper. Specifically, in *Talbot v. C&C Millworks, Inc.*, 1997-1489 (La. App. 1st Cir. 6/29/98), 715 So.2d 153, 156, the court noted:

This court has previously held that the Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action, and, thus, if a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should not be maintained.

8

*Clement v. McNabb*, 580 So.2d 981, 983 (La. App. 1st Cir. 1991); *Cenac Towing Co. v. Cenac*, 413 So.2d 1351, 1352 (La. App. 1st Cir. 1982).

In *Talbot*, as here, the plaintiff had pled multiple theories of recovery based on a single occurrence or set of operative facts, and the partial grant of an exception of no right of action which attacks (and indeed seeks to partially limit) only one theory of recovery would result in an impermissible partial judgment.

It is not surprising that Guidry has chosen to overlook this settled law, and the ruling on which it was based by the Supreme Court in *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234 (La. 1993), wherein the Louisiana Supreme Court ruled that the partial grant of an exception of no cause of action which does not dismiss a party is improper when based upon the same transaction or occurrence. In fact, it is evident from the text of Guidry's Exceptions that he misreads the First Circuit Court of Appeal's opinion on June 21, 2002, so as to hold that all of Copeland's claims, with the exception of a claim for unfair trade practices, have been dismissed on exceptions of no cause of action. This pointedly is not what the First Circuit did in that opinion, and Guidry's mischaracterization of that opinion must be corrected. In that opinion the First Circuit noted that, "if the petition sets forth a cause of action, none of the other causes of action may be dismissed based upon an exception pleading the objection of no cause of action." *Id.* at p. 3, citing *Pines v. Dr. Carlos D. Moreno, Inc.*, 569 So.2d 203, 206-207 (La. App. 1st Cir. 1990). What the First Circuit did in this case was reverse the entire ruling of this court with respect to the exceptions of no cause of action, having determined that Copeland stated at least one cause of action. Contrary to Guidry's arguments, the appellate court did not review the merits of any of the other causes of action, and those causes of action, including causes of action for racketeering, unfair trade practices, consumer protection law, tortious fraud under La. C.C. art. 2315, and unjust enrichment all remain pending.

However, notwithstanding these misrepresentations, Guidry has provided no justification for the partial extinguishment of his obligations to Copeland by virtue of the payment of certain sums in the Gaming Control Board suit. Notably, citations to cases like *Tumblin v. Gratech*

9

*Corp.*, 448 So.2d 179 (La. App. 4th Cir. 1984), dealing with the collateral source rule, and general rules regarding contribution among joint tortfeasors prior to the abolition of solidary liability are wholly irrelevant to the case at hand. Guidry has cited to no case law supporting the establishment of partial extinguishment of a claim for unfair trade practices, and even if, as a potential joint tortfeasor, Guidry might somehow be able to plead partial extinguishment of the debt with respect to payments by a party not before the Court in this suit, the appropriate time for doing so would be a trial or by means of some motion *in limine*, not an exception of no right of action at this stage.

Considering the foregoing, Copeland respectfully submits that Guidry's Exceptions, both of *res judicata* and his Partial Exception of No Right of Action should be overruled.

Respectfully submitted,

***CHOPIN, WAGAR, COLE, RICHARD,***
***REBOUL & KUTCHER, LLP***

By: _____
**ROBERT A. KUTCHER** (LSBA #7895)
**NICOLE S. TYGIER** (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9573

***Attorneys for Plaintiff Alvin C. Copeland***

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 4th day of April, 2003, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

10

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 142 of 256

* * * COMM. CATION RESULT REPORT 708072214000 ( 3:10PM ) * * *

FAX HEADER: SUIT ACCT

| TRANSMITTED/STORED : APR. 4. 2003  3:09PM | | | | |
|---|---|---|---|---|
| FILE MODE | OPTION | ADDRESS | RESULT | PAGE |
| 909  MEMORY TX | | 915048369540 | OK | 1/1 |

POSTED

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL      E-2) BUSY
E-3) NO ANSWER                 E-4) NO FACSIMILE CONNECTION



# DOUG WELBORN
## CLERK OF COURT
### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

Suit Accounting Dept.
P. O. Box 1991
Baton Rouge, LA 70821-1991
Tel: (225) 389-3921
Fax: (225) 389-3392
www.ebrclerkofcourt.org

## FAX RECEIPT

From:       Suit Accounting Department          Date:        4/4/03
Fax Number: (225) 389-3392                       Suit No.:    464607
To:         _Tygier_                             Division:    D

_____ _Alvin Copeland_ vs. _Treasure Chest Casino et al_

Item(s) Received: _____ Memo

Amount Due (includes $5.00 Fax Fee and $.50 per page) $_____ -0-

The Clerk of Court's office has received, by facsimile transmission, documents in the above referenced case. It has been filed as of this date. In accordance with R.S. 13:850 (B), the original and applicable fees should be forwarded to this office within five (5) days.

In accordance with 13:850 (B) (3), a transmission fee of $5.00 should be forwarded to the Clerk of Court with the original document. The fax filing fee is necessary even if filing in forma pauperis.

**NO FURTHER ACTION WILL BE TAKEN WITH THIS DOCUMENT
UNTIL THE ORIGINAL AND NECESSARY FILING FEES ARE RECEIVED
IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX-
ISSUANCE BY ORIGINAL REQUESTS ONLY!**

**PLEASE ATTACH THIS RECEIPT TO YOUR ORIGINAL.
IF FILING IN PERSON, NOTIFY FILING CLERK OF PREVIOUS FAX.**

_Sara Callender_
*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Acct. Dept. Form #6
Rev. 1. 2000

discovery and ultimately trial on the damages they have caused to Copeland.

## 1. Res Judicata

The merits of Guidry's Exceptions are largely identical to those set forth in a similar Exception by Treasure Chest Casino, the corporation which he previously controlled, which also wrongfully alleges that the First Circuit opinion in the Louisiana Gaming Control Board suit bars this suit by *res judicata*. Copeland has already filed an Opposition to that Exception and that Memorandum is incorporated herein by reference.

### A.    Factual Background

When the instant suit was filed, it was accompanied by an Ex Parte Motion to Transfer and Consolidate this case with the already pending action in Division "A" against the Gaming Control Board, *Alvin C. Copeland v. Louisiana Gaming Control Board, et al*, No. 400,750 (hereinafter "the Gaming Control Board" suit). Although the judge in division "A" accepted the transfer of this case, Treasure Chest filed a Memorandum in Opposition to Consolidation of Cases in which it asserted that: "[t]he two actions involve **different types of actions,**[1] standards of review, **different defendants**[2] and are **based on different facts**" (p. 1), that the actions "**do not involve common issues of law and fact** as both involve different complex federal claims – constitutional and RICO claims, as well as numerous state claims **against different defendants** based on different allegations" and that "**common issues of law and fact do not predominate**". Following a similar opposition by the Gaming Control Board, and a hearing on November 15, 1999, this Court denied Copeland's Motion for Consolidation.

Ignoring its earlier judicial admissions to the contrary, Treasure Chest abandoned the arguments it advanced to avoid consolidation and, directly opposite to its earlier judicial admission, now argues that this case arises out of the same transaction or occurrence as the Gaming Control Board suit in order to maintain that the decision of the First Circuit's September 11, 2002 decision is *res judicata* as to Plaintiff's claims in this suit. Guidry, the one time owner of Treasure Chest has now joined in Treasure Chest's exceptions, urging that despite the fact that

---

[1] In the Gaming Control Board suit, Copeland sought both declaratory relief as well as damages against the Gaming Control Board. Treasure Chest intervened solely with respect to the Counts relating to declaratory relief, both of which were declared moot by the First Circuit Court of Appeal.

[2] The only common defendant to both suits is Treasure Chest, which intervened and was not sued by Copeland. Guidry was not a party to the Gaming Control Board suit and the Gaming Control Board is not a party to this suit.

2

he was not even a party to the Gaming Control Board suit and had sold his interest in Treasure

Chest almost five years before the judgment, he should be entitled to claim *res judicata* as well.

**B.    Law**

Until recently, the law of *res judicata* in Louisiana barred a second action only when the

plaintiff sought the same relief based on the same cause of action. LSA-C.C. Art. 2286.[3] The

law was revised and re-designated as present LSA-R.S. 13:4231. See **Comments-1990(a)** to

13:4231 which now provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment *bars a subsequent action on those causes of action.*
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

(Emphasis added).  While *res judicata* now focuses on transaction or occurrence rather than on

demands, Louisiana courts still strictly construe the doctrine.

"*Res judicata* cannot be invoked unless all its essential elements are present and each

necessary element has been established beyond all question.  The *res judicata* doctrine must be

strictly construed, and any doubt concerning its applicability is to be resolved against the party

raising the objection." *Mandalay Oil & Gas, L.L.C. v. Energy Development Corp.*, 2001-0993

(La.App. 1 Cir. 7/3/02), 2002 WL 1434422, *4, *citing Berrigan v. Deutsch, Kerrigan & Stiles,

LLP*, 2001-0612, (La.App. 4th Cir.1/2/02), 806 So.2d 163, 167, *writs denied*, 2002-0388, 2002-

0341 (La.4/12/02), 813 So.2d 410.  *See also Griffin v. BSFI Western E & P, Inc.*, 2000-2122

---

[3] "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

3

(La.App. 1 Cir. 2/15/02), 812 So.2d 726, 730; *Kelty v. Brumfield*, 93-1142, (La.2/25/94), 633 So.2d 1210, 1215.

Moreover, "[w]hile *res judicata* is a useful tool, it should not be used as a scythe applied mechanically to mow down claims where the party asserting the claim is not at fault for the lack of adjudication of that claim in the first suit." *Griffin*, 812 So.2d at 730-731, *quoting Terrebonne Fuel & Lube, Inc. v. Placid Refining Company*, 95-0654 (La.1/16/96), 666 So.2d 624, 635. In addition to strictly construing the elements of *res judicata*, La.R.S. 13:4232A specifically provides for exceptions to the general rule: "[w]hen exceptional circumstances justify relief," "the judgment dismissed the first action without prejudice," or "reserved the right of the plaintiff to bring another action." *Griffin*, 812 So.2d at 730, n. 2.

1.    **The suits do not arise out of the same "transaction or occurrence."**

As Treasure Chest originally admitted and argued to this Court in 1999, **this suit and the Gaming Control Board suit do not arise out of the same set of facts.** La. R.S. 13:4231 does not define the term "transaction or occurrence," a pivotal term in determining whether either *Res judicata* or *Lis Pendens* applies, but clearly there must be some common factual origin. Louisiana Courts have relied upon the federal standard for guidance. In *Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La. App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060, it was noted that:

> *Black's Law Dictionary* defines "transaction" as, *inter alia*, "a broader term than 'contract," and "a group of facts so connected together as to be referred to by a single legal name; as a crime, a contract, a wrong." Among the definitions of "transaction or occurrence" found in 42 Words and Phrases, Supp. p. 201 (1997), is "whether pertinent facts of different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." The federal courts have given the words "transaction or occurrence" a broad and liberal interpretation in order to avoid a multiplicity of suits. All logically related events entitling a person to institute legal action against another generally are regarded as comprising a "transaction or occurrence." *Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143 (6th Cir. 1969).

*Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.*, 97-28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060.

4

Under this standard, adopted from the federal law, "the critical issue is not the relief requested or the theory asserted, but **whether the plaintiff bases the two actions on the same nucleus of operative facts.**" *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (emphasis added). Treasure Chest's current position, now adopted by Guidry, that the two suits arise out of the same transaction or occurrence and hence the same nucleus of operative facts is disingenuous and directly contrary to Treasure Chest's prior admissions and with this Court's prior ruling that they do not arise out of the same set of facts.

If the set of facts giving rise to the Gaming Control Board suit in 1999 was different from those in the instant suit when the Motion to Transfer and Consolidate was denied in November 1999, they remain so today and Treasure Chest's Exception of *Res Judicata* must be overruled, along with Guidry's tag along exception. The cases cannot have been unrelated for transfer purposes and still constitute *res judicata.*

### 2.     This suit is not a "subsequent action."

As previously noted, the *res judicata* statute must be strictly construed. A strict reading of the statute reveals that it is not applicable, as in the instant case, to operate to bar an action which was **instituted prior to the judgment alleged to be *res judicata*.** The statute provides:

> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment *bars a **subsequent action** on those causes of action.*

(Emphasis added). As the statute speaks only of barring a subsequent action, the Court of Appeal's September 2002 Judgment cannot operate to bar an action which was filed prior to the judgment. Accordingly, Guidry's Exception of *res judicata* must be overruled because he has failed to prove this element of the statute.

### 3.     Exceptional circumstances justify relief from res judicata effect.

Finally, even if this Court should somehow find that the elements set forth in La.R.S. 13:4231 have been proven by a preponderance of the evidence, and that no doubts exist as to its application, Copeland alternatively urges that the provisions of La.R.S. 13:4232 justify relief

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 147 of 256
RECEIVED TIME APR. 4.   2:58PM

from the application of *res judicata* under the unique circumstances of this case. That statute provides, in pertinent part:

> **§ 4232. Exceptions to the general rule of *res judicata***
>
> A. A judgment does not bar another action by the plaintiff:
>
> (1) When exceptional circumstances justify relief from the *res judicata* effect of the judgment;

This statute gives a court authority to exercise its equitable discretion to balance principles of *res judicata* with interests of justice. *Fine v. Regional Transit Authority*, 95-2603 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134. It is appropriately invoked to avoid the pitfalls of the procedural rule[4] regarding mandatory joinder of claims in the interests of justice. *Craig v. Adams Interiors, Inc.*, 34,591 (La.App. 2 Cir. 4/6/01), 785 So.2d 997, 1002, citing *Hudson v. City of Bossier*, 33,620 (La.App. 2 Cir. 8/25/00), 766 So.2d 738, *writ denied* 00-2687 (La.11/27/00), 775 So.2d 450.

Although Copeland maintains that the provisions of La. R.S. 13:4231 do not apply, even if this Court were to so find, a more compelling circumstance for the application of La. R.S. 13:4232A(1) would be difficult to even imagine. Copeland filed the Gaming Control Board Suit in 1993, and after Treasure Chest intervened as a defendant in that suit, attempted to consolidate that action with this one, urging the predominance of common issues of law and fact. Treasure Chest opposed the consolidation, and yet, now Guidry and Treasure Chest come before this same court urging that the two suits concern the same transaction or occurrence, and that they should be entitled to the dismissal of this suit based on the common issues of fact. Under the circumstances, justice clearly justifies relief from *res judicata*.

> 4.      **Guidry was not a party to the Riverboat Gaming Commission suit.**

Notwithstanding the fact that Guidry was not a party to the Riverboat Gaming Commission suit, he now claims as a "privy" of Treasure Chest to nevertheless be protected by the doctrine of *res judicata* from the alleged relitigation of claims arising out of Treasure Chest's status as a party in that litigation. The basis of this claim is that, pursuant to federal law, which

---

[4] La. C.C.P. art. 425A. provides: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

6

Guidry urges is analogous, *res judicata* protects parties and their "privies" because the interests of Treasure Chest and Guidry were allegedly "so closely aligned in the prior proceedings that Treasure Chest was the virtual representative of Guidry in that proceeding." Not surprisingly, Guidry has provided no legal or factual support for this proposition, and in the context of his Exceptions deliberately omits mention of the fact that he is no longer an officer or owner of Treasure Chest, having sold his interest in the casino for a payment of over $73 million dollars in October of 1997,[5] almost five years prior to the judgment claimed to be *res judicata* and prior to the institution of this litigation.

Guidry's argument is fundamentally flawed. Preliminarily, La. R.S. 13:4231 specifically states that "a valid and final judgment is conclusive between the same parties ... ," and Louisiana law is well settled that "*res judicata*" cannot be raised against a litigant who was neither a party to the former suit, nor the successor to the rights of one of the parties of the former suit. *Kibodeaux v. Kibodeaux*, 93-1143 (La. App. 3rd Cir. 4/6/94), 835 So.2d 530, 532 (citing *Sun Finance Co. v. Jackson*, 525 So.2d 532 (La. 1988).

Notwithstanding federal law, Louisiana clearly requires strict privity of interest in the context of *res judicata* as is noted in *Kibodeaux* and *Jackson*, and the showing merely that Guidry previously was the majority shareholder in Treasure Chest Casino five years before the pertinent judgment is insufficient to demonstrate this strict privity. In *Certified Finance, Inc. v. Cunard*, 2001-0797 (La.App. 1 Cir. 4/17/02), 2002 WL 569520, the First Circuit addressed precisely the issue presented, i.e., whether a party related to another party could claim to be a "privy" so as to claim the preclusive effect of a judgment to which it was not a party. After recognizing that "The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection,"[6] the First Circuit held:

> Following the federal law from which our new res judicata statute was taken, Louisiana courts have held that the preclusive effect of a judgment binds the parties to an action and the nonparties who are deemed the "privies" of the parties in three limited circumstances: 1) the nonparty is the successor in interest of a party; 2) the nonparty controlled the prior litigation; and 3) the nonparty's interests were adequately represented by a

---

[5] Petition for Damages, ¶ 39.

[6] *Cunard*, 2002 WL 569520 at *7, citing *Berrigan v. Deutsch, Kerrigan & Stiles, LLP*, 2001-0612 (La.App. 4 Cir. 1/2/02), 806 So.2d 153, 167.

7

party to the action who may be considered the "virtual representative" of the nonparty because the interests of the party and the nonparty are so closely aligned. ... The concepts of control and virtual representation are narrowly construed and are not satisfied merely by showing that the party and the nonparty have common or parallel interest in the factual and legal issues presented in the respective actions.

*Cunard*, 2002 WL 569520 at *7-8 (citations omitted). None of these limited circumstances apply, and accordingly, even if there were merit to Treasure Chest's exception, Guidry is not a privy and was not at the time of the judgment in the Gaming Control Board suit:

- Guidry is not the successor in interest to Treasure Chest.

- There has been no evidence presented that Guidry controlled Treasure Chest's defense in the Gaming Control Board suit or in any way participated in the defense of that suit after selling his interest in Treasure Chest, almost five years before the opinion at issue.

- Finally, Treasure Chest was not a virtual representative of Guidry in the Louisiana Gaming Control Board suit. Treasure Chest's interest in that suit, as the current holder of the license was distinct from Guidry's, who criminally obtained the license and then sold his interest in Treasure Chest.

The fact of the matter is that the Gaming Control Board decision is not *res judicata* as to this suit, and the exceptions of *res judicata* of both Treasure Chest and Guidry should be overruled. However, assuming *arguendo* that the Gaming Control Board decision might have any preclusive effect in this action, it clearly applies only to Treasure Chest and not to Guidry, who was not even a party to that proceeding.

## II. GUIDRY'S PARTIAL EXCEPTION OF NO RIGHT OF ACTION MUST BE OVERRULED.

Mixed in with his spurious *res judicata* claims, Guidry also urges that this Court reduce the damages for which he might be cast by virtue of certain payments made by the State of Louisiana to Copeland in the context of the Gaming Commission suit. This Exception is without merit, and is both procedurally and substantively flawed and should be overruled.

Preliminarily, the First Circuit has definitively concluded that the partial maintenance of exception of no right of action is improper. Specifically, in *Talbot v. C&C Millworks, Inc.*, 1997-1489 (La. App. 1st Cir. 6/29/98), 715 So.2d 153, 156, the court noted:

This court has previously held that the Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action, and, thus, if a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should not be maintained.

8

*Clement v. McNabb*, 580 So.2d 981, 983 (La. App. 1ˢᵗ Cir. 1991); *Cenac Towing Co. v. Cenac*, 413 So.2d 1351, 1352 (La. App. 1ˢᵗ Cir. 1982).

In *Talbot*, as here, the plaintiff had pled multiple theories of recovery based on a single occurrence or set of operative facts, and the partial grant of an exception of no right of action which attacks (and indeed seeks to partially limit) only one theory of recovery would result in an impermissible partial judgment.

It is not surprising that Guidry has chosen to overlook this settled law, and the ruling on which it was based by the Supreme Court in *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234 (La. 1993), wherein the Louisiana Supreme Court ruled that the partial grant of an exception of no cause of action which does not dismiss a party is improper when based upon the same transaction or occurrence. In fact, it is evident from the text of Guidry's Exceptions that he misreads the First Circuit Court of Appeal's opinion on June 21, 2002, so as to hold that all of Copeland's claims, with the exception of a claim for unfair trade practices, have been dismissed on exceptions of no cause of action. This pointedly is not what the First Circuit did in that opinion, and Guidry's mischaracterization of that opinion must be corrected. In that opinion the First Circuit noted that, "if the petition sets forth a cause of action, none of the other causes of action may be dismissed based upon an exception pleading the objection of no cause of action." *Id.* at p. 3, citing *Pines v. Dr. Carlos D. Moreno, Inc.*, 569 So.2d 203, 206-207 (La. App. 1ˢᵗ Cir. 1990). What the First Circuit did in this case was reverse the entire ruling of this court with respect to the exceptions of no cause of action, having determined that Copeland stated at least one cause of action. Contrary to Guidry's arguments, the appellate court did not review the merits of any of the other causes of action, and those causes of action, including causes of action for racketeering, unfair trade practices, consumer protection law, tortious fraud under La. C.C. art. 2315, and unjust enrichment all remain pending.

However, notwithstanding these misrepresentations, Guidry has provided no justification for the partial extinguishment of his obligations to Copeland by virtue of the payment of certain sums in the Gaming Control Board suit. Notably, citations to cases like *Tumblin v. Gratech*

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 151 of 256

*Corp.*, 448 So.2d 179 (La. App. 4th Cir. 1984), dealing with the collateral source rule, and general rules regarding contribution among joint tortfeasors prior to the abolition of solidary liability are wholly irrelevant to the case at hand. Guidry has cited to no case law supporting the establishment of partial extinguishment of a claim for unfair trade practices, and even if, as a potential joint tortfeasor, Guidry might somehow be able to plead partial extinguishment of the debt with respect to payments by a party not before the Court in this suit, the appropriate time for doing so would be a trial or by means of some motion *in limine*, not an exception of no right of action at this stage.

Considering the foregoing, Copeland respectfully submits that Guidry's Exceptions, both of *res judicata* and his Partial Exception of No Right of Action should be overruled.

Respectfully submitted,

*CHOPIN, WAGAR, COLE, RICHARD,*
*REBOUL & KUTCHER, LLP*

By: _____
ROBERT A. KUTCHER (LSBA #7895)
NICOLE S. TYGIER (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3838
Facsimile: (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this __4th__ day of April, 2003, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

_____

10

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                        DIVISION "D"

ALVIN C. COPELAND

-versus-

TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed:_____          _____
                                                        Deputy Clerk

## MEMORANDUM IN OPPOSITION TO EXCEPTION OF NON-JOINDER OF A PARTY UNDER ARTICLES 641 AND 642

**MAY IT PLEASE THE COURT:**

Plaintiff, Alvin C. Copeland ("Copeland"), respectfully submits this Memorandum in Opposition to Robert J. Guidry's ("Guidry") Exception of Non-Joinder of a Party Under Articles 641 and 642 of the Louisiana Code of Civil Procedure. This exception is without justification. It is entirely based upon an incorrect and incomplete analysis of this litigation and an inappropriate emphasis on a companion case, *Alvin C. Copeland v. Louisiana Gaming Control Board, et al,* No. 400,750 (hereinafter "the Gaming Control Board" suit). When the proper standards are applied, this Court should overrule this exception as the law is well settled that neither the Riverboat Gaming Commission, the Riverboat Gaming Enforcement Division, nor the Gaming Control Board is a party needed for adjudication under La. C.C.P. art. 641, *et seq.*

Contrary to the representations of Guidry, the instant lawsuit, while factually related to the Gaming Control Board suit, is a separate and distinct lawsuit brought by Copeland against Treasure Chest Casino, LLC and Robert J. Guidry seeking solely damages resulting from their corruption of the riverboat gaming licensing process under theories of racketeering, unfair trade practices, tortious fraud, and unjust enrichment. The State defendants are not necessary parties to this action, which does not in any way seek damages or injunctive relief from the State entities.

The crux of Guidry's exception is that because Copeland alleges that the decisions of the Commission and Division were influenced as a result of the crimes and tortious acts of the

defendants, that those state entities must be made a party to this lawsuit, despite the fact that all Copeland is seeking in this suit is damages against Guidry and Treasure Chest. In support of this proposition, Guidry cites to various cases dealing with declaratory relief and injunctions against State entities, akin to the Gaming Control Board suit, and wholly and completely distinct from what is in essence a tort suit for damages such as this suit.

For example, in *Coulon v. Slidell Municipal Fire and Police Civil Service Board*, 542 So.2d 151 (La. App. 1st Cir. 1989), the court held that the fire protection district actually employing the fire operator was an indispensable party in a judicial appeal from his dismissal. In *Firemen's Pension and Relief Fund v. Sudduth*, 276 So.2d 727 (La. App. 3rd Cir. 1973), the court held that where the city was the party directed by statute to pay matching funds into a firemen's pension and relief fund, it was an indispensable party defendant to a mandamus suit to compel the statutorily required payments. Similarly, in *Fuselier v. State Market Commission*, 231 So.2d 652 (La. App. 3rd Cir. 1970), where a taxpayer sought to enjoin the issuance of bonds by the State Bond and Building Commission, the Bond and Building Commission was held to be an indispensable party to the suit. Even in *Chalmette General Hospital, Inc. v. Cherry*, 398 So.2d 599 (La. 1981), where the court held that a competing hospital was an indispensable party to a mandamus suit seeking to compel a hearing on a certificate of need brought by another hospital, the issues all involved coercing action by a State entity. In direct contrast, this suit in no way involves the coercion of any action by means of mandamus, payment of funds, or injunction. This is purely a suit for damages against Treasure Chest and Guidry.

What precisely is a party needed necessary for just adjudication is set forth in La. C.C.P. art. 641 *et seq.*, and was summarized recently by the Louisiana Supreme Court in *Industrial Companies, Inc. v. Durbin*, 2002-0665 (La. 1/28/03), 2003 WL 183272, *8:

> A person shall be joined as a party in the action when either:
>
> (1) in his absence complete relief cannot be accorded among those already parties.
>
> (2) he claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
>    (a) as a practical matter, impair of impede his ability to protect that interest.

2

(b) leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

Contrary to Guidry's assertions, the joinder of the State entities is not necessary for "complete relief," because a declaratory judgment claim concerning the proper license holder is not an issue in this lawsuit. That claim in fact was raised in the Gaming Control Board's suit but was subsequently rendered moot. The sole issues presented in the instant case relate to damages as a result of the wrongful conduct of defendants. There is no risk of an inability to render complete relief since the claims pled, which are solely for damages against non-State defendants, can be accomplished among the parties hereto.

In fact, because the claims raised are essentially tort claims, the provisions of La. C.C.P. art. 643 specifically designating that "one or more solidary obligors may be sued to enforce solidary obligation, without the necessity of joining all others in the action" are pertinent. To the extent that either the Division or the Gaming Commission might be vicariously liable for the actions of various individuals who were bribed by Guidry or influenced by the Guidry/Treasure Chest scheme, those parties are not necessary parties, notwithstanding the obligation of solidary liability pursuant to aforementioned article. It is well settled that co conspirators and joint tortfeasors are not, merely because of that status, necessary or indispensable parties. *Herpich v. Wallace*, 430 F.2d 792, 817 (5th Cir. 1970); *Landry v. State Farm Fire & Casualty Co.*, 504 So.2d 871, 875 (La. App. 3rd Cir. 1987). ("It is well settled that joint tortfeasors are solidary obligors and a plaintiff may elect to sue any *one*, or more, of them.").

Copeland stood ready, willing and able to consolidate this matter with the Gaming Control Board suit when this suit was filed.[1] Treasure Chest, the company which Guidry previously owned a controlling interest in, and in which he has now claimed to have been acting as the representative of in the context of the defense of the Riverboat Gaming Control Board suit, opposed that consolidation, complaining of the prejudice that would result if it were to be brought to justice before the same Court that ruled on Copeland's claims against the Division and the Commission. Copeland respectfully submits that the instant exception should be denied, and it be permitted to pursue this case on the merits.

---

[1] Should this Court believe transfer to the lower case number is proper and consolidation is appropriate, Copeland is willing to consolidate now, just as he was four years ago.

3

Respectfully submitted,

*CHOPIN, WAGAR, COLE, RICHARD,*
   *REBOUL & KUTCHER, LLP*

By: _____

**ROBERT A. KUTCHER** (LSBA #7895)
**NICOLE S. TYGIER** (LSBA #19814)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone:  (504) 830-3838
Facsimile:  (504) 836-9573

*Attorneys for Plaintiff Alvin C. Copeland*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this ___4th___ day of April, 2003, served a copy of the foregoing pleading on all counsel for all parties, by facsimile and/or mailing same by United States Mail, properly addressed, and first class postage prepaid.

_____

211202

BY
DEPUTY CLERK ... MEMBER FOR
        DON MELBON
CLERK OF COURT E.B.R. PARISH

03 APR -4 PM 3: 06
DEPUTY CLERK OF COURT

19TH JDC

4

RICHARD A. CHOPIN †‡
NELSON W. WAGAR, III †‡
KEVIN L. COLE ‡
THOMAS M. RICHARD
BRIAN L. REBOUL
ROBERT A. KUTCHER *
ELIZABETH SMYTH SIRGO
NICOLE S. TYGIER

MICHAEL L. COHEN
DIANA L. TONAGEL
PATRICIA D. TUNKER
JUDITH A. MILLER £
MATTHEW D. MONSON
CYNTHIA J. THOMAS Δ◇
JASON P. FOOTE
JAMES A. PRATHER
ANGELA M. HEATH
ALLEN K. TRIAL ‡

# CHOPIN, WAGAR, COLE,
# RICHARD, REBOUL & KUTCHER, LLP
## ATTORNEYS AT LAW

TWO LAKEWAY CENTER
SUITE 900
3850 NORTH CAUSEWAY BOULEVARD
METAIRIE, LOUISIANA 70002
TELEPHONE 504-830-3838
FACSIMILE 504-836-9540
www.chopin.com

Writer's Direct Number
504-830-3824
Writer's Direct Facsimile
504-836-9573
ntygier@chopin.com

NORTHSHORE OFFICE

THREE SANCTUARY BOULEVARD
SUITE 301
MANDEVILLE, LOUISIANA 70471
TELEPHONE 985-674-6680
FACSIMILE 985-674-6681

† Professional Corporation
Δ Also Admitted in D.C.
* Also Admitted in New York
◇ Also Admitted in Puerto Rico
‡ Also Admitted in Texas
£ Registered Nurse, BSN

Please Reply to
Metairie Office

April 4, 2003

### VIA FACSIMILE & OVERNIGHT MAIL

The Honorable J. Douglas Welborn
Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
P. O. Box 1991
Baton Rouge, LA 70821-1991

> Re: *Alvin C. Copeland v. Treasure Chest Casino, LLC and Robert J. Guidry*
> *19th JDC No. 464-607(D)*
> *Our File No. 245.2433*

Dear Mr. Welborn:

Enclosed please find the original and three copies of a Memorandum in Opposition to Exception of *Res Judicata* and Alternative Partial Exception of No Right of Action and Memorandum in Opposition to Exception of Non-Joinder of a Party Under Articles 641 and 642, on behalf of plaintiff, Alvin C. Copeland. Please deliver a copy of same to Judge Janice G. Clark, file the original into the record of the above captioned matter, and return a stamped copy of both in the enclosed self-addressed, postage prepaid envelope.

I have enclosed our firm's checks totaling $49.00 to cover the costs of fax and regular filing these pleadings.

Should you have any questions, please do not hesitate to contact me.

Yours very truly,

Nicole S. Tygier

REC'D C.P.
REC'D C.P.
APR 0 7 2003

NST/eb
*Enclosures*

SERVICE: $_____
MILEAGE: $_____
TOTAL: $_____

K. W. McKee
Deputy Sheriff

**CIVIL SUBPOENA – 6801**

703060978000

6801-07-002172

# CIVIL SUBPOENA

THE COUNSELING AND THERAPY
CENTER, L.L.C.
(Plaintiff)

vs.

DARRYL SHANKLE, ET AL
(Defendant)

NUMBER     C465407 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**FILED**

TO:   *DARRYL SHANKLE*
    SHANKLE INSURANCE AGENCY
    4505 NORTH BOULEVARD
    BATON ROUGE, LA 70806

MAR 0 6 2007

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

You must come to Court at the Governmental Building, 222 St. Louis Street, on **APRIL 2, 2007**, at **1:30 P.M. AND ON APRIL 3, 4, AND 5, 2007 AT 9:30 A.M. EACH DAY** , Courtroom No. **806**, Judge **CURTIS CALLOWAY**.

You must remain in Court until discharged by the Judge. You must testify to the truth, to the best of your knowledge, in this case, under DIRECT/CROSS examination. (Ordered by **ALBERT DAVID GIRAUD**, Attorney.)

    IF YOU DO NOT APPEAR, YOU WILL BE VIOLATING THE LAW AND MAY BE SUBJECT TO PENALTIES.

    Ordered by the Court on **01-MAR-2007**, Baton Rouge, Louisiana.

_____
*Dianna J. Mahan/Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

SERVICE INFORMATION:

Received on the _5_ day of __March__, 20_07_ and on the _5_ day of __March__, 20 _07_ , served on the above named party as follows:

PERSONAL SERVICE:  On the party herein named at _W/ DARRYL_

DOMICILIARY SERVICE:  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at

DUE AND DILIGENT:   After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of _____, this _____ day of _____, 20 _____.

SERVICE:    $_____
MILEAGE    $_____
TOTAL:      $_____

_____
Deputy Sheriff

CIVIL SUBPOENA – 6801

# Chopin Wagar Richard & Kutcher

*Attorneys at Law*
A Limited Liability Partnership

**Robert A. Kutcher**
Partner
Direct Telephone 504 830 3820
Direct Telefax 504 836 9573
rkutcher@chopin.com

May 1, 2007

Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
P. O. Box 1991
Baton Rouge, LA 70821-1991

> **Re:** ***Alvin C. Copeland v. Treasure Chest Casino, LLC and Robert J. Guidry***
> ***19th JDC No. 464-607(D)***
> ***Our File No. 245.2433***

Dear Sir or Madam:

Enclosed please find a Rule to Show Cause, which we ask that you file in the above captioned matter. Please present to the Judge for signing and the setting of a hearing date, and thereafter have served as indicated thereon.

Also enclosed is our firm's check in the amount of $405.00 to cover the costs incurred as a result of this request.

Please return a conformed copy to the undersigned in the envelope provided.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Robert A. Kutcher

RAK/jjw
*Enclosure*

cc: Paul S. West, Esq. *(w/enclosure)*
Winston G. DeCuir, Esq. *(w/enclosure)*
Ralph Capitelli, Esq. *(w/enclosure)*
Arthur A. Lemann, III, Esq. *(w/enclosure)*

**REC'D C.P.**

**REC'D C.P.**

MAY 0 8 2007

Two Lakeway Center    Suite 900    3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone 504 830 3838
Telefax 504 836 9540

MAY – 2 2007

**REC'D C.P.**

MAY 0 8 2007

**REC'D C.P.**

MAY – 2 2007



## CERTIFICATE OF SERVICE

I hereby certify that I have on this 1ˢᵗ day of May, 2007, served a copy of the foregoing pleading on all counsel for all parties, by mailing same by United States Mail, properly addressed, and first class postage prepaid.

***PLEASE SERVE:***

1)  Paul S. West, Esq.
    McGLINCHEY STAFFORD
    One American Place, 14ᵗʰ Floor
    Baton Rouge, LA  70825

2)  Winston G. DeCuir, Esq.
    DeCUIR & CLARK, L.L.P.
    732 North
    Baton Rouge, LA  70802

3)  Ralph Capitelli, Esq.
    CAPITELLI & WICKER
    Energy Centre, Suite 2950
    1100 Poydras Street
    New Orleans, LA  70163-2950

4)  Arthur A. Lemann, III, Esq.
    ARTHUR A. LEMANN, III & ASSOCIATES
    Energy Centre, Suite 1150
    1100 Poydras Street
    New Orleans, LA  70163

5)  Robert A. Kutcher, Esq.
    CHOPIN, WAGAR, RICHARD & KUTCHER, LLP
    Two Lakeway Center, Suite 900
    3850 North Causeway Boulevard
    Metairie, LA  70002



2

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464-607                                         DIVISION "D"

## ALVIN C. COPELAND

### VERSUS

## TREASURE CHEST CASINO, L.L.C. and ROBERT J. GUIDRY

Filed: _____        _____
                                                    Deputy Clerk

### RULE TO SHOW CAUSE

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Alvin C. Copeland ("Copeland"), who moves this Court for an order setting the Defendants' Exceptions of No Cause of Action for hearing.

Considering the foregoing;

**IT IS ORDERED** that a hearing be set on the Supplemental Exceptions of No Cause of Action of Treasure Chest Casino, LLC and Robert J. Guidry on the _9_ day of _July_, 2007. _9:30 am_

**BATON ROUGE, LOUISIANA,** this _4_ day of _May_, 2007.

_S/ Jania Clark_

JUDGE
19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE

FILED_ 5-2-07 _
Signed_ _____ Breaux _
                  Dy. Clerk
A True Copy_ 5-9-07 _
_____
                  Dy. Clerk

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 1st day of May, 2007, served a copy of the foregoing pleading on all counsel for all parties, by mailing same by United States Mail, properly addressed, and first class postage prepaid.

***PLEASE SERVE:***

1)  Paul S. West, Esq.
    MCGLINCHEY STAFFORD
    One American Place, 14th Floor
    Baton Rouge, LA 70825

2)  Winston G. DeCuir, Esq.
    DECUIR & CLARK, L.L.P.
    732 North
    Baton Rouge, LA 70802

3)  Ralph Capitelli, Esq.
    CAPITELLI & WICKER
    Energy Centre, Suite 2950
    1100 Poydras Street
    New Orleans, LA 70163-2950

4)  Arthur A. Lemann, III, Esq.
    ARTHUR A. LEMANN, III & ASSOCIATES
    Energy Centre, Suite 1150
    1100 Poydras Street
    New Orleans, LA 70163

5)  Robert A. Kutcher, Esq.
    CHOPIN, WAGAR, RICHARD & KUTCHER, LLP
    Two Lakeway Center, Suite 900
    3850 North Causeway Boulevard
    Metairie, LA 70002

FILED 5 - 2 - 07
Signed _Tricia Breaux_
Dy. Clerk
A True Copy _5-9-07_
_Ledidia Clark_
Dy. Clerk

2

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## P. O. Box 1991
## Baton Rouge, LA
## Phone (225)389-3960

NO. C464697 Division D

TO: JEFFERSON PARISH SHERIFFS OFC
P.O. BOX 277
GRETNA, LA 70054

Please find attached the documents to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X.     find our check for payment of service;

☐     send us your bill for service;

☐     note that this is a pauper suit and no funds are available, or

☐     note that this is a government suit and no funds are necessary.

This Letter was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

Thank You,

_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: **ROBERT A KUTCHER**
504 - 8303823

---

REPLY:               DATE: _____

_____

_____

_____

_____

By: _____

Deputy Sheriff, Parish of _____

Letter to Out Of Parish Sheriff - 5213

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## P. O. Box 1991
## Baton Rouge, LA
## Phone (225)389-3960

NO. C464607 Division D

TO:    ORLEANS PARISH SHERIFFS OFFICE
        421 LOYOLA AVE
        NEW ORLEANS, LA 70112

Please find attached the documents to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

**X**      find our check for payment of service;

      send us your bill for service;

      note that this is a pauper suit and no funds are available; or

      note that this is a government suit and no funds are necessary.

This Letter was issued by the Clerk of Court for East Baton Rouge Parish on **09-MAY-2007**.

Thank You,

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney:  ROBERT A KUTCHER**
        **504 - 8303823**

---

**REPLY:**                **DATE:** _____

_____

_____

_____

_____

By _____

Deputy Sheriff, Parish of _____

Letter to Out Of Parish Sheriff - 5213

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 164 of 256

5901-07-000995

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
**(Plaintiff)**

vs.

TREASURE CHEST CASINO, ET AL ET AL
**(Defendant)**

NUMBER C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:     ARTHUR A. LEMANN
        ATTORNEY AT LAW
        1100 POYDRAS ST STE 1150
        NEW ORLEANS, LA 70163

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by **ARTHUR A LEMANN**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **09-MAY-2007**.

_____
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20__ ___ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:      $_____
MILEAGE       $_____          _____
TOTAL:        $_____                  **Deputy Sheriff**

NOTICE OF SERVICE –OOP–5901

5901-07-000996

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:     ROBERT A KUTCHER
        CHOPIN WAGAR COLE ET AL
        TWO LAKEWAY CENTER, SUITE 900
        3850 N CAUSEWAY BLVD
        METAIRIE, LA 70002-1752

        HEARING SET: JULY 9, 2007 @ 9:30 AM, RM# 804

GREETINGS:

    You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by ROBERT A KUTCHER, Attorney.

    This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

                                        Deputy Clerk of Court for
                                        Doug Welborn, Clerk of Court

ATTACHED DOCUMENTATION:

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20 _____ and on the _____ day of _____, 20 _____, served
on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him

RETURNED: Parish of _____, this _____ day of _____, 20 _____.

SERVICE:    $_____          _____
MILEAGE     $_____                Deputy Sheriff
TOTAL:      $_____

NOTICE OF SERVICE --OOP--5901

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL, ET AL
(Defendant)

NUMBER C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  RALPH CAPITELLI
     CAPITELLI & WICKER
     ENERGY CENTRE, STE. 2950
     1100 POYDRAS STREET
     NEW ORLEANS, LA 70163-2950

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by ROBERT A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served
on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____ .

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____ 20___.

SERVICE:    $_____
MILEAGE     $_____        _____
TOTAL:      $_____        Deputy Sheriff

NOTICE OF SERVICE -OOP-5901

705110906003

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL, ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   PAUL SLOCOMB WEST
      MCGLINCHEY STAFFORD
      ONE AMERICAN PLACE 14TH FL
      BATON ROUGE, LA 70825

      HEARING SET: JULY 9, 2007 @ 9:30 AM, RM# 804

GREETINGS:

    You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by ROBERT A KUTCHER, Attorney.

    This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

                                        *Deputy Clerk of Court for*
                                        Doug Welborn, Clerk of Court

ATTACHED DOCUMENTATION:

_____

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____ 20 _____ served
on the above named party as follows:

PERSONAL SERVICE:  On the party herein named at _____.

DOMICILIARY SERVICE:  On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at
_____

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of _____, this _____ day of _____, 20 _____

SERVICE:      $ _____
MILEAGE       $ _____              _____
TOTAL:        $ _____                     Deputy Sheriff

NOTICE OF SERVICE -6004

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 168 of 256

6004-07-002328

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    WINSTON GERARD DECUIR
       DECUIR CLARK & ADAMS
       732 NORTH BLVD
       BATON ROUGE, LA 70802

       HEARING SET: JULY 9, 2007, @ 9:30 AM, Rm# 804

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by ROBERT A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

_____
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

ATTACHED DOCUMENTATION:

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20____.

SERVICE:    $_____
MILEAGE     $_____          _____
TOTAL:      $_____                    Deputy Sheriff

NOTICE OF SERVICE –6004

705150444000

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

NUMBER C464607 Division D

vs.

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

STATE OF LOUISIANA

TO:    PAUL SLOCOMB WEST
       MCGLINCHEY STAFFORD
       ONE AMERICAN PLACE 14TH FL
       BATON ROUGE, LA 70825

       HEARING SET: JULY 9, 2007 @ 9:30 AM, RM# 804

**FILED**

MAY 15 2007

RUTH GOODSON
E.B.R. CLERK OF COURT

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by **ROBERT A KUTCHER**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

_____

**SERVICE INFORMATION:**

Received on the _11_ day of _May_, 20 _07_ and on the _14_ day of _May_, 20 _07_, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _301 Main St 14th Floor_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _EBR_, this _15_ day of _May_, 20 _07_

_S. Moore_
Deputy Sheriff

SERVICE:     $_____
MILEAGE      $_____
TOTAL:       $_____

NOTICE OF SERVICE - 6004

**RECEIVED**

MAY 10 2007

E.B.R. SHERIFF'S OFFICE

5901-07-000994

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**FILED**

TO:   RALPH CAPITELLI
      CAPITELLI & WICKER
      ENERGY CENTRE, STE. 2950
      1100 POYDRAS STREET
      NEW ORLEANS, LA 70163-2950

MAY 2 1 2007

BARBARA THOMASSIE
DEP. CLERK OF COURT

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by **ROBERT A KUTCHER**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20 ___ and on the _15_ day of _MAY_, 20 _07_, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _SECTY P. BODIN_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20 _____.

SERVICE:  $ _____
MILEAGE  $ _____
TOTAL:    $ _____

C martin 138

2:20 Pm  Deputy Sheriff

NOTICE OF SERVICE - OOP-5901

Case 3:10-cv-00603-BAJ-DLD  Document 7  10/07/10  Page 171 of 256



# Paul R. Valteau, Jr.
# Orleans Parish Civil Sheriff

**421 Loyola Avenue**
**Room 403**
**New Orleans, LA 70112**

Parish: East Baton Rouge

Case No.: (01) 464607

Not Listed   Not Listed
_____

Bar Roll Number: NOTLISTED

    I HEREBY CERTIFY, that the Sheriff's fees due Paul R. Valteau, Jr. in the above case amount to the following:

| Serial Number | Service Type | Return Charge |
|---------------|--------------|---------------|
| 6 | Notice | $0.00 |

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA

May 16, 2007

Arieal  LaSalle
Deputy Sheriff

Sheriff of East Baton Rouge
Hon. Elmer B. Litchfield
P.O. Box 3277

Baton Rouge. La. 70821

5901-07-000995

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

FILED

MAY 2 1 2007

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

TO:   ARTHUR A. LEMANN
      ATTORNEY AT LAW
      1100 POYDRAS ST STE 1150
      NEW ORLEANS, LA 70163

GREETINGS:

You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as requested by **ARTHUR A LEMANN**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **09-MAY-2007**.

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20___ and on the _15_ day of _MAY_, 20_07_, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at ___SECY/T. PLAISMIER___

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of _____, this _____ day of _____, 20___

SERVICE:   $_____
MILEAGE:   $_____
TOTAL:     $_____

Deputy Sheriff

NOTICE OF SERVICE –OOP–5901



# Paul R. Valteau, Jr.
# Orleans Parish Civil Sheriff

**421 Loyola Avenue**
**Room 403**
**New Orleans, LA 70112**

Parish:  East Baton Rouge

Case No.: (01)  464607

Not Listed   Not Listed
_____

Bar Roll Number: NOTLISTED

I HEREBY CERTIFY, that the Sheriff's fees due Paul R. Valteau, Jr. in the above case amount to the following:

| Serial Number | Service Type | Return Charge |
|:---:|:---:|:---:|
| 5 | Notice | $0.00 |

PLEASE RETURN STATEMENT WITH CHECK

New Orleans, LA

May 16, 2007

Arieal  LaSalle
Deputy Sheriff

Sheriff of East Baton Rouge
Hon. Elmer B. Litchfield
P.O. Box 3277

Baton Rouge. La. 70821

705301345000

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   ROBERT A KUTCHER
      CHOPIN WAGAR COLE ET AL
      TWO LAKEWAY CENTER, SUITE 900
      3850 N CAUSEWAY BLVD
      METAIRIE, LA 70002-1752

      HEARING SET: JULY 9, 2007 @ 9:30 AM, RM# 804

GREETINGS:

        You are hereby notified that a document was filed in our court, a certified copy is attached hereto, as

requested by ROBERT A KUTCHER, Attorney.

        This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 09-MAY-2007.

                                              Deputy Clerk of Court for
                                              **Doug Welborn, Clerk of Court**

ATTACHED DOCUMENTATION:

_____

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:      $_____          _____
MILEAGE       $_____                    Deputy Sheriff
TOTAL:        $_____

NOTICE OF SERVICE -OOP-5901

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607

DIV. "D"

ALVIN C. COPELAND

COST OK Amt. 31 -
JUN 26 2007
BY _____ 
DY CLERK OF COURT

VERSUS

### TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY

FILED: _____

DEPUTY CLERK

## MOTION TO CONTINUE HEARING ON DEFENDANTS' SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION

**NOW INTO COURT**, through undersigned counsel, comes defendant, Robert Guidry, and submits that the plaintiff, Alvin C. Copeland filed a Rule to Show Cause in this matter which caused the defendants' Supplemental Exception of No Cause of Action to be set for hearing on July 9, 2007 at 9:30 am. Guidry further submits that he requires some additional time to review the pleadings and memoranda and to prepare a reply memorandum in order to effectively assist the Court in its ruling. Guidry finally submits that counsel for plaintiff has indicated that they are not opposed to continuing the hearing on the defendants Supplemental Exception of No Cause of Action.

Respectfully Submitted:

_____
Winston G. Decuir, Sr. (#04795)
732 North Blvd.
Baton Rouge, LA. 70802
(225) 346-8716

Arthur A. Lemann III (#8296)
Arthur Lemann III & Assoc., Inc.
938 Lafayette St., Ste. 200
New Orleans, Louisiana 70113
Phone: (504) 522-8104

Ralph Capitelli (# 3858)
Capitelli & Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA  70163
\Phone:  (504) 582-2425

Attorneys for Defendant,
Robert J. Guidry

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing has been mailed, postage pre-paid to Mr. Robert A. Kutcher, Esq., Attorney at Law, at 3850 North Causeway Blvd., Ste. 900,  Metairie, LA 70002, and to Mr. Paul S. West, Esq., Attorney at Law, at McGlinchey Stafford, 301 Main Street, Fourteenth Floor, One American Place, Baton Rouge, LA 70825, this day by placing same with the United States Postal Service.

Thus done this _____ day of _____, 2007, in Baton Rouge, Louisiana.

_____
WINSTON G. DECUIR SR.

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607                                           DIV."D"

### ALVIN C. COPELAND
### VERSUS

### TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY

FILED: _____

                        DEPUTY CLERK

## ORDER

Considering the foregoing Motion to Continue the Hearing on the

Defendants' Supplemental Exception of No Cause of Action,

**IT IS HEREBY ORDERED** that the Supplemental Exception of No Cause

of Action previously set for hearing on July, 9, 2007, at 9:30 am, be and is hereby

continued. *AND REASSIGNED for the 20 day of August 2007*
*at 9:30 Am*

**THUS DONE AND SIGNED,** this _22_ day of _June_, 2007.

_____
                        JUDGE

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607                                                              DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY

COST OK Amt. 150 00
                     6964
AUG 1 0 2007
BY_____
DY CLERK OF COURT

FILED: _____          _____

DEPUTY CLERK

## MOTION TO CONTINUE HEARING ON DEFENDANTS' SUPPLEMENTAL EXCEPTION OF NO CAUSE OF ACTION

NOW INTO COURT, through undersigned counsel, comes defendant, Robert Guidry, and submits that the plaintiff, Alvin C. Copeland filed a Rule to Show Cause in this matter which caused the defendants' Supplemental Exception of No Cause of Action to be set for hearing on July 9, 2007 at 9:30 am. The hearing was then re-set to be presently heard on August 20, 2007. Guidry requests to continue the hearing on the defendant's Supplemental Exception of No Cause of Action, without date.

Counsel for plaintiff has no objection to continuing the hearing without date.

Respectfully Submitted:

Winston G. Decuir, Sr.

732 North Blvd.

Baton Rouge, LA. 70802

(225) 346-8716

Arthur A. Lemann III (#8296)

Arthur Lemann III & Assoc., Inc.

1100 Poydras St., Ste. 1150

New Orleans, Louisiana 70163

Phone: (504) 522-8104

Ralph Capitelli (# 3858)

Capitelli & Wicker

1100 Poydras Street

Energy Centre Suite 2950

New Orleans, LA 70163

\Phone: (504) 582-2425

Attorneys for Defendant,

Robert J. Guidry

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing Motion to Continue

Hearing has been mailed, postage prepaid to all counsel of record. Done this 10th day of

August, 2007.

Winston G. DeCuir, Sr.

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607                                                           DIV."D"

### ALVIN C. COPELAND

### VERSUS

### TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY

FILED: _____          _____

                                                DEPUTY CLERK

## ORDER

Considering the foregoing Motion to Continue the Hearing on the Defendants' Supplemental Exception of No Cause of Action,

**IT IS HEREBY ORDERED** that the Supplemental Exception of No Cause of Action previously set for hearing on August 20, 2007, at 9:30 am, be and is hereby continued, ~~without date.~~ until Sept 10, 2007 at 9:30 am.

**THUS DONE AND SIGNED,** this _13_ day of _Aug_, 2007.

_____
JUDGE

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607                                             DIV. "D"

### ALVIN C. COPELAND

### VERSUS

### TREASURE CHEST CASINO, L.L.C. and ROBERT GUIDRY

FILED: _____          _____
                                                        DEPUTY CLERK

## EXCEPTIONS and ANSWER

**NOW INTO COURT**, through undersigned counsel, comes defendant, Robert Guidry ("Guidry"), who excepts to the petition of plaintiff, Alvin Copeland ("Copeland") as follows:

### EXCEPTION OF NO RIGHT OF ACTION

The petition fails to state a right of action for plaintiff, Alvin Copeland, against Defendants Robert Guidry and the Treasure Chest, LLC.

### EXCEPTION OF NO CAUSE OF ACTION

The petition fails to state a cause of action against Defendants Robert Guidry and the Treasure Chest, LLC.

### EXCEPTION OF PRESCRIPTION

The claims of the plaintiff are prescribed.

### EXCEPTION OF RES JUDICATA

The claims and issues raised in plaintiff's petition herein have been previously determined in the matter American International Gaming Association, Inc. v. The Louisiana Riverboat Gaming Commission et al., proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana, and therefore plaintiff is precluded from relief sought herein by the doctrines of res judicata and/or collateral estoppel.

### EXCEPTION OF NONJOINDER

1

The plaintiff failed to name as defendants all of the proper parties required to be named as defendants under La. C. C. Pr. Art.s 641 and 642.

## AFFIRMATIVE DEFENSE NUMBER ONE

The claims and issues raised in the plaintiff's petition are barred by the <u>Noerr-Pennington</u> Doctrine.

## AFFIRMATIVE DEFENSE NUMBER TWO

The plaintiff's claims are barred because the plaintiff failed to exhaust his administrative remedies.

## AFFIRMATIVE DEFENSE NUMBER THREE

The plaintiff's claims are barred by the application of La. R.S. 15:468.

## AFFIRMATIVE DEFENSE NUMBER FOUR

Guidry did not breach any duty owed to plaintiff for which plaintiff may seek redress.

## AFFIRMATIVE DEFENSE NUMBER FIVE

The plaintiff did not suffer any damages, and if he did, he assumed the risk of suffering those damages.

## AFFIRMATIVE DEFENSE NUMBER SIX

Guidry's conduct was not a cause in fact of any damages to plaintiff, if any such damages exist.

## AFFIRMATIVE DEFENSE NUMBER SEVEN

To the extent plaintiff suffered any damages, if any such damages exist, those damages were caused by the fault of persons other than Guidry.

## AFFIRMATIVE DEFENSE NUMBER EIGHT

To the extent plaintiff has suffered any damages, if any such damages exist, those damages were caused by the fault of plaintiff.

## AFFIRMATIVE DEFENSE NUMBER NINE

To the extent Guidry is liable to the plaintiff for any damages, Guidry is entitled to an offset for all damages suffered by plaintiff as a result of the wrongful actions of others and/or plaintiff under the principles of comparative fault.

## AFFIRMATIVE DEFENSE NUMBER TEN

Previous judgments in this matter dictate that plaintiff's only possible damages for which Guidry could possibly owe compensation involve the payments

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 183 of 256

Copeland made to the Division and the Commission in costs and fees. Should he be cast in damages, for which he expressly denies any liability whatsoever, Guidry is entitled to a set-off or credit for any amounts previously returned or reimbursed to plaintiff by the Division and/or the Commission.

## ANSWER

In answer to the plaintiff's petition, Defendant, Robert Guidry, denies the allegations of the petition except as expressly admitted hereinbelow. Further answering the allegations of the Petition paragraph by paragraph, Robert Guidry pleads as follows:

### I.

The allegations set forth in paragraph 1 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. Moreover, it is specifically denied that Copeland is the successor to American International Gaming Association, Inc.

### II.

The allegations set forth in paragraph 2 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. Moreover, said allegations are specifically denied relative to the transfer of assets and/or the transfer of the litigious rights relating to this litigation of AIGA to plaintiff, and Guidry calls for strict proof of said allegations.

### III.

The allegations set forth in paragraph 3 of plaintiff's petition are denied except as expressly admitted herein: Robert J. Guidry is a person of the full age of majority and a resident of Jefferson Parish, State of Louisiana, Robert J. Guidry was an original member and manager of Treasure Chest, LLC along with Dick J. Guidry, and Robert J. Guidry was also the president of Treasure Chest, Inc. and Treasure Chest, LLC.

3

## IV.

The allegations set forth in paragraph 4 of plaintiff's petition are legal conclusions and do not require an answer, but are denied out of an abundance of caution.

## V.

The allegations set forth in paragraph 5 of plaintiff's petition are denied. Moreover, Guidry calls for strict proof of each allegation contained in this paragraph.

## VI.

The allegations set forth in paragraph 6 of plaintiff's petition are denied as written, insofar as the Louisiana Riverboat Economic Development and Gaming Act (the "Act") is legislation which speaks for itself and is the best evidence of its contents. It is admitted that the Louisiana Riverboat Gaming Commission (the "Commission") was composed of seven members.

## VII.

The allegations set forth in paragraph 7 of plaintiff's petition are denied as written, as the Act is legislation which speaks for itself and is the best evidence of its contents. Moreover, the allegations therein contain legal conclusions, which do not require an answer, but are denied out of an abundance of caution.

## VIII.

The allegations set forth in paragraph 8 of plaintiff's petition are denied as written, as the Act is legislation which speaks for itself and is the best evidence of its contents, except as expressly admitted herein: the Commission issued a set of rules providing for the issuance of Certificates of Preliminary Approval by vote of its members. Guidry asserts that Copeland previously filed a separate petition in the matter American International Gaming Association. Inc. v. The Louisiana Riverboat Gaming Commission et al., proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana naming the Commission and the Division as defendants seeking adjudication of the issues contained in this paragraph.

## IX.

4

The allegations set forth in paragraph 9 of plaintiff's petition are denied for lack of information to justify a belief therein. Moreover, Guidry asserts that AIGA previously filed a separate petition in the matter <u>American International Gaming Association. Inc. v. The Louisiana Riverboat Gaming Commission et al.</u>, proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana for the adjudication of the issues contained in this paragraph. In that proceeding, Copeland (substituted as party plaintiff for AIGA) prayed for and was awarded a return of fees as set forth in this paragraph from the Commission and the Division.

## X.

The allegations set forth in paragraph 10 of plaintiff's petition are denied for lack of information to justify a belief therein, and further calls for strict proof of all allegations set forth in said paragraph. In further answer, Guidry denies participation in an "overarching corrupt conspiracy" as described in plaintiff's petition.

## XI.

The allegations set forth in paragraph 11 of plaintiff's petition are admitted insofar as Guidry was the former President and/or Chairman of the Board of Treasure Chest, Inc.

## XII.

The allegations set forth in paragraph 12 of plaintiff's petition are denied as written. Defendant further avers the newspaper articles and the Edwards Indictment referred to are documents that speak for themselves and the best evidence of their contents. Moreover, the newspaper articles referred to are inadmissible hearsay and inherently unreliable. Moreover, Guidry calls for strict proof of the allegations contained in paragraph 12 of the petition.

## XIII.

The allegations set forth in paragraph 13 of plaintiff's petition are denied as written. Moreover, Guidry asserts that AIGA previously filed a separate petition in the matter <u>American International Gaming Association, Inc. v. The Louisiana Riverboat Gaming Commission et al.</u>, proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana for the adjudication of the issues contained

5

in this paragraph.

## XIV.

The allegations set forth in paragraph 14 of plaintiff's petition are denied for lack of information to justify a belief therein.

## XV.

The allegations set forth in paragraph 15 of plaintiff's petition are denied as written. Moreover, Guidry asserts that AIGA previously filed a separate petition in the matter <u>American International Gaming Association. Inc. v. The Louisiana Riverboat Gaming Commission et al.</u>, proceedings no. 400-750, 19th Judicial District Court in the State of Louisiana for the adjudication of the issues contained in this paragraph. Copeland's action was dismissed in favor of the Commission, the Division, and the Treasure Chest, LLC.

## XVI.

The allegations set forth in paragraph 16 of plaintiff's petition are denied as written, as the quoted newspaper article is a document that speaks for itself and is the best evidence of its contents, but, in any event, is inadmissible as double, if not triple hearsay, and inherently unreliable. Out of an abundance of caution, the allegations therein are denied for lack of sufficient information to justify a belief therein.

## XVII.

The allegations set forth in paragraph 17 of the plaintiff's petition are denied as written.

## XVIII.

The allegations set forth in paragraph 18 of plaintiff's petition are denied as written. Moreover, Guidry asserts that AIGA previously filed a separate petition in the matter <u>American International Gaming Association. Inc. v. The Louisiana Riverboat Gaming Commission et al.</u>, proceedings no. 400-750, 19th Judicial

6

District Court in the State of Louisiana for the adjudication of the issues contained in this paragraph. In that action, AIGA unsuccessfully challenged the Commission's granting a Certificate of Preliminary Approval and a later modification providing for moving the docking berth site to Laketown. Copeland's action was dismissed in favor of the Commission, the Division, and the Treasure Chest, LLC.

## XIX.

The allegations of fact set forth in paragraph 19 of plaintiff's petition are denied as written. In further Answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiffs petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

## XX.

The allegations of fact set forth in paragraph 20 of plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiffs petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

## XXI.

The allegations set forth in paragraph 21 of plaintiff's petition are denied as written. The State Police had previously set a hearing for December 17, 1993,

which hearing date was canceled on or about December 16, 1993.

## XXII.

The allegations of fact set forth in paragraph 22 of plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiffs petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

## XXIII.

The allegations of fact set forth in paragraph 23 of plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiffs petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding United States of America v. Edwin Edwards et al, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

## XXIV.

The allegations set forth in paragraph 24 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. Moreover, the quoted newspaper article is the best evidence of its contents, and is inadmissible hearsay and inherently unreliable. Out of an abundance of caution, the allegations set forth in paragraph 24 of plaintiffs petition are denied for lack of sufficient information to justify a belief therein.

## XXV.

The allegations set forth in paragraph 25 of plaintiff's petition are denied as written, except as expressly admitted herein. It is admitted that the State Police held a hearing on Treasure Chest's application on May 17, 1994. The transcribed testimony referred to is the best evidence of its contents. Moreover, the allegations in this paragraph contain legal conclusions, which do not require an answer, but out of an abundance of caution are denied. Guidry calls for strict proof of each

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 189 of 256

allegation.

XXVI.

The allegations set forth in paragraph 26 of plaintiff's petition contain legal conclusions and do not require an answer, but are denied out of an abundance of caution. Moreover, the transcribed testimony referred to in plaintiffs petition is the best evidence of its contents.

XXVII.

The allegations set forth in paragraph 27 of plaintiff's petition contain legal conclusions and do not require an answer, but are denied out of an abundance of caution. Moreover, the document identified as an "Affidavit of Full Disclosure" in plaintiff's petition is a document which speaks for itself and is the best evidence of its contents.

XXVIII.

The allegations set forth in paragraph 28 of plaintiff's petition are denied. Guidry calls for strict proof of each and every allegation.

XXIX.

The allegations set forth in paragraph 29 of plaintiff's petition are denied, strict proof of each and every allegation being called for.

XXX.

The allegations in paragraph 30 of the plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

XXXI.

The allegations of fact set forth in paragraph 31 of plaintiff's petition are denied as written insofar as they relate to Robert Guidry. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>. Criminal Docket No. 98-165-B-M2 in the United States District Court for the

9

Middle District of Louisiana.

### XXXII.

The allegations of fact as set forth in paragraph 32 of plaintiff's petition are denied as written. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents, and the audiotape of the telephone conversation referred to speaks for itself and is the best evidence of its contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

### XXXIII.

The allegations set forth in paragraph 33 of plaintiff's petition are denied as written.

### XXXIV.

The allegations set forth in paragraph 34 are denied. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents, and the audio tape of the telephone conversation referred to speaks for itself and is the best evidence of its contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

### XXXV.

The allegations set forth in paragraph 35 of plaintiff's petition, which summarizes a conversation between Edwin Edwards and Andrew Martin, are denied for lack of sufficient information and/or personal knowledge to justify a belief therein. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents, and the audio tape of the telephone conversation referred to speaks for itself and is the best evidence of its contents. Moreover, Guidry testified at length concerning his personal knowledge

10

in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

XXXVI.

The allegations set forth in paragraph 36 of plaintiff's petition, which summarizes a conversation between Edwin Edwards and Andrew Martin, are denied for lack of sufficient information and/or personal knowledge to justify a belief therein. In further answer, the Edwards Indictment and Robert Guidry's guilty plea referred to in plaintiff's petition are documents that speak for themselves and are the best evidence of their contents, and the audio tape of the conversation referred to speaks for itself and is the best evidence of its contents. Moreover, Guidry testified at length concerning his personal knowledge in the federal criminal proceeding <u>United States of America v. Edwin Edwards et al</u>, Criminal Docket No. 98-165-B-M2 in the United States District Court for the Middle District of Louisiana.

XXXVII.

The allegations set forth in paragraph 37 of plaintiff' petition are denied as written.

XXXVIII.

The allegations set forth in paragraph 38 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations set forth in paragraph 39 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. In further answer, Guidry specifically denies that he was a member of an "overarching corrupt conspiracy" as described in plaintiff's petition.

XL.

The allegations set forth in paragraph 40 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. Moreover, the documents

11

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 192 of 256

referred to that were filed by Boyd Gaming, Inc. speak for themselves and are the best evidence of their contents.

## XLI.

The allegations set forth in paragraph 41 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## XLII.

The allegations set forth in paragraph 42 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## XLIII.

The allegations set forth in paragraph 43 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## XLIV.

The allegations set forth in paragraph 44 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## XLV.

The allegations set forth in paragraph 45 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## XLVI.

The allegations set forth in paragraph 46 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and

Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## XLVII.

The allegations set forth in paragraph 47 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## XLVIII.

The allegations set forth in paragraph 48 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## XLIX.

The allegations set forth in paragraph 49 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## L.

The allegations set forth in paragraph 50 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LI.

The allegations set forth in paragraph 51 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LII.

The allegations set forth in paragraph 52 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 194 of 256

Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

LIII.

The allegations set forth in paragraph 53 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

LIV.

The allegations set forth in paragraph 54 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

LV.

The allegations set forth in paragraph 55 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

LVI.

The allegations set forth in paragraph 56 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

LVII.

The allegations set forth in paragraph 57 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

LVIII.

The allegations set forth in paragraph 58 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and

14

Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LIX.

The allegations set forth in paragraph 59 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LX.

The allegations set forth m paragraph 60 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXI.

The allegations set forth in paragraph 61 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXII.

The allegations set forth in paragraph 62 of plaintiffs petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXIII.

The allegations set forth in paragraph 63 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

## LXIV.

The allegations set forth in paragraph 64 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 196 of 256

the best evidence of their contents.

### LXV.

The allegations set forth in paragraph 65 of plaintiff s petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### LXVI.

The allegations set forth m paragraph 66 of plaintiffs petition are denied for lack of sufficient information to justify a belief therein. The Shetler Bill and Edwards Indictment referred to are documents that speak for themselves and are the best evidence of their contents.

### LXVII.

The allegations set forth m paragraph 67 of plaintiffs petition are denied. In further answer, Guidry denies that he was a member of a RICO enterprise.

### LXVIII.

The allegations set forth in paragraph 68 of plaintiffs petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise.

### LXIX.

The allegations set forth in paragraph 69 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, and did not participate in a pattern of racketeering activity.

### LXX.

The allegations set forth in paragraph 70 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are

16

denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, and did not participate in a pattern of racketeering activity.

## LXXI.

The allegations set forth in paragraph 71 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, and did not participate in a pattern of racketeering activity.

## LXXII.

The allegations set forth in paragraph 72 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, and did not participate in a pattern of racketeering activity. Guidry further denies that Copeland was injured in his business or property. Guidry denies that any injury claimed, should any exist, was proximately caused by Guidry.

## LXXIII.

The allegations set forth in paragraph 73 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise.

## LXXIV.

The allegations set forth in paragraph 74 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, or an associate of a RICO enterprise.

## LXXV.

The allegations set forth in paragraph 75 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, or an associate of a RICO enterprise.

17

## LXXVI.

The allegations set forth in paragraph 76 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, or a RICO person, or an associate of a RICO enterprise.

## LXXVII.

The allegations set forth in paragraph 77 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise, and further denies that he fraudulently concealed illegal activities.

## LXXVIII.

The allegations set forth in paragraph 78 of plaintiff's petition are legal conclusions which do not require an answer, but out of an abundance of caution are denied. In further answer, Guidry denies that he was a member of a RICO enterprise.

## LXXIX.

The allegations set forth in paragraph 79 of plaintiff's petition relate to Edwin Edwards, and do not require an answer by Robert Guidry, but out of an abundance of caution are denied for lack of sufficient information to justify a belief therein.

## LXXX.

The allegations set forth in paragraph 80 of plaintiff's petition are denied for lack of sufficient information to justify a belief therein.

## LXXXI.

The allegations set forth in paragraph 81 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXII.

The allegations set forth in paragraph 82 of plaintiff's petition are denied.

18

Guidry further calls for strict proof of all allegations therein.

## LXXXIII.

The allegations set forth m paragraph 83 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXIV.

The allegations set forth in paragraph 84 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXV.

The allegations set forth in paragraph 85 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXVI.

The allegations set forth in paragraph 86 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXVII.

The allegations set forth in paragraph 87 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXVIII.

The allegations set forth in paragraph 88 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## LXXXIX.

The allegations set forth in paragraph 89 of plaintiff's petition are denied. Guidry further calls for strict proof of all allegations therein.

## XC.

The allegations set forth in paragraph 90 of plaintiff's petition are denied.

## XCI.

The allegations set forth in paragraph 91 of plaintiff's petition are denied.

## XCII.

19

708150496019

The jury demand set forth in paragraph 92 of plaintiff's petition does not require an answer.

**WHEREFORE**, Defendant, Robert Guidry, prays that this answer be deemed good and sufficient, and that after due proceedings had, that there be judgment in his favor dismissing plaintiff's claim at his cost.

Respectfully submitted:



Arthur A. Lemann III (#8296)

Arthur Lemann III & Assoc., Inc.

1100 Poydras St., Ste. 1150

New Orleans, Louisiana 70163

Phone: (504) 522-8104

Ralph Capitelli (# 3858)

Capitelli & Wicker

1100 Poydras Street

Energy Centre Suite 2950

New Orleans, LA 70163

Phone: (504) 582-2425

Winston Decuir (#04795)

1951 Government Street

Baton Rouge, LA 70806

Phone: (225) 346-8716

Attorneys for Defendant,

Robert J. Guidry

20

---

## CERTIFICATE

---

I hereby certify that a copy of the above document has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid, this___ day of August 10, 2007.

_____

Winston Decuir



Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 202 of 256

# Chopin Wagar Richard & Kutcher

*Attorneys at Law*
*A Limited Liability Partnership*

**Robert A. Kutcher**
Partner
Direct Telephone 504 830 3820
Direct Telefax 504 836 9573
rkutcher@chopin.com

September 19, 2008

Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
P. O. Box 1991
Baton Rouge, LA  70821-1991

> **Re:**   ***Alvin C. Copeland v. Treasure Chest Casino, LLC and Robert J. Guidry***
> ***19th JDC No. 464-607(D)***
> ***Our File No. 245.2433***

Dear Sir or Madam:

Enclosed please find an *Ex Parte* Motion and Order to Substitute Party Plaintiff, which we ask that you please file in the above captioned matter.  Please present to the Judge for signing.

Please return a conformed copy to the undersigned in the envelope provided.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Robert A. Kutcher

RAK/jjw
*Enclosure*

cc:   Paul S. West, Esq. *(w/enclosure)*
Winston G. DeCuir, Esq. *(w/enclosure)*
Ralph Capitelli, Esq. *(w/enclosure)*
Arthur A. Lemann, III, Esq. *(w/enclosure)*

REC'D C.P.

SEP 2 3 2008

Two Lakeway Center   Suite 900   3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone  504 830 3838
Telefax  504 836 9540

Metairie, Louisiana  70002
Telephone:  (504) 830-3838

*Attorneys for Plaintiff Alvin C. Copeland*

REC'D C.P.

SEP 2 3 2008



## O R D E R

Considering the foregoing;

**IT IS ORDERED** that Alvin C. Copeland, Jr. be substituted as a party plaintiff in this

case in lieu of his deceased father.

**BATON ROUGE, LOUISIANA**, this 24 day of _____Sept_____, 2008.

_____
JUDGE
19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 19th day of Sept _____, 2008, served a

copy of the foregoing pleading on all counsel for all parties, by mailing same by United States

Mail, properly addressed, and first class postage prepaid.

_____

2

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. *2008-30303*                                    DIVISION "*E*"

SUCCESSION OF ALVIN C. COPELAND

## LETTERS OF INDEPENDENT EXECUTORSHIP

BE IT KNOWN:

That ALVIN C. COPELAND, JR., has been named, appointed and confirmed as independent executor of the LAST WILL AND TESTAMENT of the late ALVIN C. COPELAND, and, having complied with all legal requirements relative thereto, is fully qualified, authorized and empowered to collect all property of said deceased, and to perform all other lawful acts as independent executor aforesaid under the independent administration provisions of the Louisiana Code of Civil Procedure.

WITNESS our hand and Seal of said Court, at the City of Covington, this *4* day of *April*, 2008.

_____ Deputy Clerk

EXHIBIT
1
tabbies

H:...CLIENTS\3020\001\PLEA\HJ073143.DOC

906251818000

# Chopin Wagar Richard & Kutcher

**Attorneys at Law**
*A Limited Liability Partnership*

**Robert A. Kutcher**
Partner
Direct Telephone 504 830 3820
Direct Telefax 504 836 9573
rkutcher@chopin.com

June 9, 2009

Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
P. O. Box 1991
Baton Rouge, LA 70821-1991

> **Re:** ***Alvin C. Copeland v. Treasure Chest Casino, LLC and Robert J. Guidry***
> ***19th JDC No. 464-607(D)***
> ***Our File No. 245.2433***

Dear Sir or Madam:

Enclosed please find a Rule to Show Cause, which we ask that you file in the above captioned matter. Please present to the Judge for signing and the setting of a hearing date.

Also enclosed is our firm's check in the amount of $245.00, as per the direction of your office, to cover costs incurred as a result of the request.

Please return a conformed copy to the undersigned in the envelope provided.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Robert A. Kutcher

RAK/sh
Enclosures

cc:  Paul S. West, Esq. *(w/enclosure)*
     Winston G. DeCuir, Esq. *(w/enclosure)*
     Ralph Capitelli, Esq. *(w/enclosure)*
     Arthur A. Lemann, III, Esq. *(w/enclosure)*

REC'D C P
JUN 1 5 2009

---

Two Lakeway Center   Suite 900   3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone 504 830 3838
Telefax 504 836 9540

REC'D C P
JUN 1 5 2009

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 9th day of June, 2009, served a copy of the foregoing

pleading on all counsel for all parties, by mailing same by United States Mail, properly

addressed, and first class postage prepaid.

_____

### *PLEASE SERVE:*

1) Paul S. West, Esq.
   MCGLINCHEY STAFFORD
   One American Place, 14th Floor
   Baton Rouge, LA 70825

2) Ralph Capitelli, Esq.
   CAPITELLI & WICKER
   Energy Centre, Suite 2950
   1100 Poydras Street
   New Orleans, LA 70163-2950



2

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## P. O. Box 1991
## Baton Rouge, LA
## Phone (225)389-3960

NO. C464607 Division D                    23-JUN-2009

TO:   ORLEANS PARISH SHERIFF'S OFFICE
      CIVIL DEPARTMENT
      421 LOYOLA AVE
      NEW ORLEANS, LA 70112

Please find attached NOTICE OF SERVICE to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X      note the enclosed check for payment of service;

 قَ     send us your bill for service;

قَ     note that this is a pauper suit and no funds are available; or

قَ     note that this is a government suit and no funds are necessary.

                              Thank You,

                              _____
                              Deputy Clerk of Court for
                              Doug Welborn, Clerk of Court

Requesting Attorney: ROBERT A KUTCHER

_____

REPLY:                        DATE:_____

_____

_____

_____

_____

                              By:_____

                              Deputy Sheriff, Parish of _____

                    Letter to Out Of Parish Sheriff - 5213

906251817000

5901-09-001025

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   RALPH CAPITELLI, ESQ
      CAPITELLI & WICKER
      ENERGY CENTRE, SUITE 2950
      1100 POYDRAS STREET
      NEW ORLEANS, LA.   70163-2950

GREETINGS:

You are hereby served with **RULE TO SHOW CAUSE, SET FOR HEARING ON AUGUST 17,**

**2009 AT 9:30 AM IN ROOM 806.**  A certified copy(ies) is (are) attached hereto, as requested by ROBERT

A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 23-JUN-2009.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

----

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20____.

SERVICE:     $ _____
MILEAGE      $ _____          _____
TOTAL:       $ _____                    Deputy Sheriff

NOTICE OF SERVICE--6094

90625161000

6004-09-002757

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    PAUL SLOCOMB WEST
       MCGLINCHEY STAFFORD
       ONE AMERICAN PLACE 14TH FLOOR
       BATON ROUGE, LA 70825

GREETINGS:

You are hereby served with  RULE TO SHOW CAUSE, SET FOR HEARING ON AUGUST 17,

2009 AT 9:30 AM IN ROOM 806.  A certified copy(ies) is (are) attached hereto, as requested by ROBERT

A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 23-JUN-2009.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE    $_____                       _____
TOTAL:      $_____                              Deputy Sheriff

NOTICE OF SERVICE -6004

# 19th JUDICIAL DISTRICT COURT
## PARISH OF EAST BATON ROUGE
## STATE OF LOUISIANA
### Friday, June 19, 2009

**CLERK FILE COPY**

TO: JANICE CLARK
   222 ST LOUIS STREET STE 816
   BATON ROUGE, LA 70802

POSTED
JUL 0 1 2009

**ALVIN COPELAND VS TREASURE CHEST CASINO, ET AL**

**CASE NUMBER** C464607

**JUDGE:** JANICE CLARK

**DIVISION:** SECTION    D    **ROOM:** 806

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE AFOREMENTIONED CASE ON

Monday, August 17, 2009  AT:  09:30:00 AM

FOR:    MOTION

**COMMENTS:**    DEFENDANTS' EXCEPTIONS SET ON MOTION OF PLAINTIFF.

**NOTE:**    MEMO IN OPPOSITION TO BE SUBMITTED TO THE JUDGE NO LATER THAN

   EIGHT (8) DAYS PRIOR TO HEARING.

EILEEN KNIGHT
JUDICIAL ASSISTANT TO JUDGE
JANICE CLARK

**NOTIFIED:**

| | | | | |
|---|---|---|---|---|
| ATY | RALPH CAPITELLI | D | ROBERT GUIDRY | |
| ATY | WINSTON GERARD DECUIR | D | ROBERT GUIDRY | |
| ATY | ROBERT A KUTCHER | P | ALVIN COPELAND | |
| ATY | ROBERT A KUTCHER | P | ALVIN COPELAND | |
| ATY | ARTHUR A LEMANN III | D | ROBERT GUIDRY | |
| ATY | PAUL SLOCOMB WEST | D | TREASURE CHEST CASINO, ET AL | |
| JDG | JANICE CLARK | | | |

JUN 2 2 2009

**FORM 4501A**

Case 3:10-cv-00603-BAJ-DLD  Document 7  10/07/10  Page 211 of 256

5901-09-001025

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

# FILED

JUL 0 7 2009

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

TO:    RALPH CAPITELLI, ESQ
       CAPITELLI & WICKER
       ENERGY CENTRE, SUITE 2950
       1100 POYDRAS STREET
       NEW ORLEANS, LA.  70163-2950

GREETINGS:

You are hereby served with  RULE TO SHOW CAUSE, SET FOR HEARING ON AUGUST 17, 2009 AT 9:30 AM IN ROOM 806.  A certified copy(ies) is (are) attached hereto, as requested by ROBERT A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 23-JUN-2009.

_____
Deputy Clerk of Court for
Doug Welborn, Clerk of Court

ENTERED
PAPER ___ RETURN ___
9105 ___
SERIAL NO.  DEPUTY  PARISH

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20 ___ and on the _1ST_ day of _JULY_, 20 _O5_, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at ____SECY P. BODINE____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20 _____

SERVICE:      $ _____
MILEAGE       $ _____            _____ C. moutre 138
TOTAL:        $ _____                   Deputy Sheriff

NOTICE OF SERVICE –6004       1635 AM

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 212 of 256

907071835000

6004-09-0027

# NOTICE OF SERVICE

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**FILED**

JUL 0 7 2009

BARBARA THOMASSIE
E.B.R. CLERK OF COURT

TO:   PAUL SLOCOMB WEST
      MCGLINCHEY STAFFORD
      ONE AMERICAN PLACE 14TH FLOOR
      BATON ROUGE, LA 70825

GREETINGS:

You are hereby served with **RULE TO SHOW CAUSE, SET FOR HEARING ON AUGUST 17,**

**2009 AT 9:30 AM IN ROOM 806.** A certified copy(ies) is (are) attached hereto, as requested by ROBERT

A KUTCHER, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 23-JUN-2009.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

------------------------------------------------------------

## SERVICE INFORMATION:

Received on the 26 day of _June_, 20 09 and on the 26 day of _June_, 20 09, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _301b Main St. 14th Floor_

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _EBR_, this 6 day of _July_, 20 09

SERVICE:     $ _____
MILEAGE     $ _____         S. Denison # 1006
TOTAL:       $ _____            Deputy Sheriff

NOTICE OF SERVICE –6004

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 213 of 256

464,607

19th JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE

COST OK Amt 196

AUG 11 2010

BY _____
DY CLERK OF COURT

STATE OF LOUISIANA

NO. 464607                                    DIV. "D"

ALVIN C. COPELAND

VERSUS

**BAKER**
**DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

003230332000

CHASE NORTH TOWER
450 LAUREL STREET
20TH FLOOR
BATON ROUGE, LOUISIANA 70801
PHONE:  225.381.7000
FAX:      225.343.3612

www.bakerdonelson.com

PAUL SLOCOMB WEST
Direct Dial: 225.381.7018
Direct Fax: 225.382.0218
pwest@bakerdonelson.com

March 17, 2010

POSTED

MAR 23 2010

Clerk of Court – Account Office
Nineteenth Judicial District Court
Parish of East Baton Rouge
222 St. Louis Street
Governmental Building
Baton Rouge, Louisiana 70802

Re:  Alvin C. Copeland v. Treasure Chest Casino, LLC,
et al, Suit Number 464,607, Division D, Nineteenth
Judicial District Court, Parish of East Baton Rouge

Dear Clerk of Court:

Please be advised that I have changed firms and wish to update my contact information.
My new information is as follows:

Paul S. West, LSBA No. 13375
Baker Donelson Bearman Caldwell & Berkowitz, PC
Chase Tower North
450 Laurel Street, 20th Floor
Baton Rouge, LA 70801
Telephone:   225-381-7018
Facsimile:    225-382-0218
Email:         pwest@bakerdonelson.com

Thank you for your assistance and please let me know if you have any questions.

Sincerely,

Paul S. West

**RECEIVED**

MAR 19 2010

PSW/bsm

SUIT ACCNTG.
19TH JUDICIAL COURT

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 214 of 256

464,607

Ralph Capitelli (Bar #3858)
Capitelli and Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425

Attorneys for Robert J. Guidry

---

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been served upon opposing counsel by placing same in the U.S. Mail, this ___ day of August, 2010.

_____
Winston Decuir

957700

DOUG WELBORN

-2-

464,607

# 19th JUDICIAL DISTRICT COURT FOR THE PARISH
## OF EAST BATON ROUGE

### STATE OF LOUISIANA

NO. 464607                                        DIV. "D"

### ALVIN C. COPELAND

### VERSUS

### TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

---

**ORDER**

---

Considering the foregoing motion,

IT IS ORDERED that defendant Robert J. Guidry be and he is hereby granted

leave to file the attached Third Party Demand.

Baton Rouge, Louisiana, this 12 day of August, 2010.

_____
JUDGE

CERTIFIED TRUE COPY

967701

19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH

DEPUTY CLERK & RECORDER OF COURT

DOUG WELBORN
CLERK OF COURT E.B.R. PARISH

2010 AUG 11 PM 2:22
FILED

-3-

19th JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464607                                                  DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

FILED: _____          Deputy Clerk: _____

---

## THIRD PARTY PETITION

---

Now into Court, through undersigned counsel, comes Robert J. Guidry, and assuming the position of Third Party Plaintiff, files this Third Party Petition.

1.

Made Third Party Defendant is the United States of America through the United States Attorney for the Eastern District of Louisiana.

2.

In October, 1998, Third Party Plaintiff was the target of a federal grand jury investigation conducted by the United States Attorney for the Eastern District of Louisiana.

3.

On or about October 15, 1998, Third Party Plaintiff and Third Party Defendant entered into an agreement under the terms of which Third Party Plaintiff agreed to plead guilty to a conspiracy to be extorted by former Governor Edwin Edwards and to pay $3.5 million in fine, restitution and forfeiture in exchange for his truthful testimony regarding Edwards' involvement in the extortion.

464,607

4.

Before Third Party Plaintiff would agree to relinquish his Fifth Amendment right and provide truthful testimony, however, he insisted on a cap of $250,000.00 in compensation for potential victims.

5.

The United States Attorney for the Eastern District of Louisiana agreed that Third Party Plaintiff would pay a total of $3.5 million dollars. The parties agreed that the Third Party Plaintiff was specifically going to give $250,000.00 to Third Party Defendant to pay in compensation to victims of the offense.

6.

Third Party Plaintiff performed the terms of the agreement with the Third Party Defendant by testifying truthfully in the trial of United States v. Edwin Edwards, and by paying $3.5 million in fine, restitution and forfeiture, $250,000.00 of which was specifically set aside for alleged victims.

7.

Third Party Plaintiff is now being sued in the main demand by Alvin C. Copeland for what amounts to restitution.

8.

Third Party Plaintiff relied to his detriment on the representations made by Third Party Defendant that the $250,000.00 he paid to the Third Party Defendant would be used to pay alleged victims.

9.

With full reservation of all rights, if Robert J. Guidry is found liable to Alvin C. Copeland on the main demand, which is specifically denied herein, then Robert J. Guidry is entitled to a judgment against the United States of America for

-2-

indemnification to the full extent of up to and including $250,000.00 towards any damages assessed against Robert J. Guidry in the main demand.

10.

The principal demand by Alvin C. Copeland is based upon the immunized testimony of Third Party Plaintiff obtained as a result of the aforementioned plea agreement.

11.

The Third Party Defendant also represented to Third Party Plaintiff that:

> "The use of a witness' immunized testimony against him in a collateral civil proceeding is barred because it adversely impacts the superior national interest in securing candid and complete testimony and cooperation from the government's witnesses in federal criminal proceedings."

12.

The Third Party Defendant has also stated that it would enforce the aforementioned representation by seeking a federal injunction against any such collateral civil proceeding. Third Party Defendant previously used the power and the authority of the United States Government to enjoin these proceedings, and it is not called upon to fulfill its promises, obligations, and legal duties to do so again.

WHEREFORE, Robert J. Guidry prays that the United States of America be made a Third Party Defendant and that, with full reservation of all rights and while denying liability on the main demand, should Robert J. Guidry be found liable to Alvin C. Copeland, then Robert J. Guidry is entitled to judgment against the United States of America, as set forth in the Third Party Demand, indemnifying him for any amount assessed against him up to $250,000.00. Further, that the United States fulfill its obligation to seek a federal injunction to permanently enjoin these proceedings pursuant to the "superior national interest in securing candid and complete testimony

-3-

464,607

and cooperation from the government's witnesses in federal criminal proceedings."

Respectfully submitted:

Arthur A. Lemann III & Assoc., Inc.

BY: _____

Arthur A. Lemann III (Bar #8296)
Arthur A. Lemann IV (Bar #23189)
643 Magazine Street, Suite 300
New Orleans, LA 70130
Phone: (504) 522-8104

Ralph Capitelli (Bar #3858)
Capitelli and Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425

Winston Decuir (Bar #04795)
732 No. Blvd.
Baton Rouge, LA 70802
Phone: (225) 346-8716

Attorneys for Robert J. Guidry

**PLEASE SERVE:**
United States of America
Through the
United States Attorney for the Eastern District of Louisiana
500 Poydras Street, 2nd Floor
New Orleans, LA 70130



-4-

2304-10-000154

*4464,607*

# CITATION IN THIRD PARTY DEMAND

ALVIN C. COPELAND ET AL
(Plaintiff)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

vs.

PARISH OF EAST BATON ROUGE

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

STATE OF LOUISIANA

TO:     UNITED STATES OF AMERICA
        THROUGH UNITED STATES ATTORNEY FOR THE
        EASTEN DISTRICT OF LOUISIANA
        500 POYDRAS STREET, 2ND FLOOR
        NEW ORLEANS, LA. 70130

GREETING:

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the Answer and Third Party Demand*, it tells you what you are being sued for.

MOTON FOR LEACE TO FILE THIRD PARTY DEMAND, AND THIRD PARTY PETITION

You must EITHER do what these papers ask OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk's of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what these papers asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was requested by WINSTON GERARD DECUIR, Attorney for litigant and was issued by the Clerk of Court for East Baton Rouge Parish, on 31-AUG-2010.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

*Also attached are the following documents:

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:      $_____       _____
MILEAGE     $_____              Deputy Sheriff
TOTAL:        $_____

CITATION IN THIRD PARTY DEMAND (OOP) - 2304

EBR408326

464,607

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## P. O. Box 1991
## Baton Rouge, LA
## Phone (225)389-3960

NO.    C464607 Division D                    31-AUG-2010


TO:    ORLEANS PARISH SHERIFFS OFFICE
       CIVIL DEPARTMENT
       421 LOYOLA AVE
       NEW ORLEANS, LA 70112


Please find attached THIRD PARTY CITATION to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

   X        note the enclosed check for payment of service;

   ◻        send us your bill for service;

   ◻        note that this is a pauper suit and no funds are available; or

   ◻        note that this is a government suit and no funds are necessary.

                                        Thank You,


                                        _____
                                        Deputy Clerk of Court for
                                        Doug Welborn, Clerk of Court

Requesting Attorney: WINSTON GERARD DECUIR
_____

REPLY:                              DATE:_____

_____

_____

_____

_____

_____

                    By:_____

                    Deputy Sheriff, Parish of _____


                    Letter to Out Of Parish Sheriff - 5213



**U.S. Department of Justice**

*United States Attorney*
*Middle District of Louisiana* 

POSTED
SEP 1 3 2010

464607

*Russell B. Long Federal Building*
*777 Florida Street, Suite 208*
*Baton Rouge. Louisiana 70801-1717*

*Telephone: (225) 389-0443*
*Fax: (225) 389-0685*

September 9, 2010

Honorable Doug Welborn
Clerk of Court
19th JDC, East Baton Rouge Parish
P. O. Box 1991
Baton Rouge, Louisiana 70821

    Re:    <u>Alvin C. Copeland versus Treasure Chest Casino, L.L.C. and Robert Guidry</u>, No.
                 464607, Division "D", 19th Judicial District Court, Parish of East Baton Rogue,
                 State of Louisiana

Dear Mr. Welborn:

    Enclosed is a certified copy of Notice of Removal, filed in the United States District
Court for the Middle District of Louisiana. Also is a conformed copy to be file stamped and
returned to me in the enclosed stamped self-addressed envelope. If any charges are associated
with this filing, please submit an invoice and it will be submitted promptly for payment.

    Please file the enclosed Notice in the records of the following state court action: <u>Alvin C.</u>
<u>Copeland versus Treasure Chest Casino, L.L.C. and Robert Guidry</u>, No. 464607, Division "D",
19th Judicial District Court, Parish of East Baton Rogue, State of Louisiana.

    A file-stamped copy of the Notice has been mailed to the 19th JDC district court judge in
whose name the state court action has been assigned.

                 Sincerely,

                 DONALD J. CAZAYOUX, JR.
                 UNITED STATES ATTORNEY

                 James L. Nelson
                 Assistant United States Attorney

**RECEIVED**

JPT/ld
Enclosures

SEP 1 3 2010

SUIT ACCNTG.
19TH JUDICIAL COURT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALVIN C. COPELAND

Plaintiffs

Civil Action No. _10-603-BAJ-DLD_

versus

TREASURE CHEST CASINO, L.L.C.
AND ROBERT GUIDRY

Defendants

## NOTICE OF REMOVAL

NOW INTO COURT comes the United States of America, through Donald Cazayoux, Jr.,

United States Attorney for the Middle District of Louisiana, and James L. Nelson, Assistant United

States Attorney, who gives notice of removal of this matter entitled "Alvin C. Copeland vs. Treasure

Chest Casino, L.L.C. and Robert Guidry". No. 464607, Division D, 19th Judicial District Court, for

the State of Louisiana, (the "Copeland State Court Action") for the following reasons:

1.

The United States has been recently named a Third Party Defendant by Third Party Plaintiff,

Robert Guidry (Guidry or "Third Party Plaintiff") in the Copeland State Court Action.

2.

Guidry's third party demand against the United States in the Copeland State Court Action

seeks a judgment holding the United States responsible for indemnification of damages in an amount

up to $250,000 that Guidry may be cast in judgment to pay Alvin C. Copeland in the Copeland State

Court Action.

3.

The above-captioned action is one which may be removed without bond to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1346(c) inasmuch as the action seeks judgment in favor of a third party plaintiff against the United States as a third party defendant and because this district court has original jurisdiction over the claim asserted against the United States.

4.

Attached hereto is a copy of all pleadings and process relating to the Coleman State Court Action of which the United States has become aware.

WHEREFORE, pursuant to 28 U.S.C. §§1441(a)(1) and 1346(c), the United States requests that the above-captioned action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed therefrom to this Court.

UNITED STATES OF AMERICA, by

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY

/s/ James L. Nelson
James P. Thompson, LBN 09934
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: jim.nelson@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned certifies that true and correct copies of the foregoing *Notice of Removal*

were served by First Class mail, postage prepaid, to the following persons at the addresses indicated:

Winston Decuir
732 No. Blvd.
Baton Rouge, Louisiana 70802
Co-counsel for Defendant and Third Party
Plaintiff, Robert Guidry

Arthur A Lehmann III
643 Magazine Street
New Orleans, Louisiana 70130
Co-counsel for Defendant and Third Party
Plaintiff, Robert Guidry

Benjamin Slater
Robert Kutcher
650 Poydras Street
Suite 2400
New Orleans, LA 70130
Counsel for Plaintiff, Alvin C. Copeland

Ralph Capitelli
Capitelli and Wicker
1100 Poydras Street
Energy Centre, Suite 2950
New Orleans, LA 70163
Co-counsel for Defendant and Third Party
Plaintiff, Robert Guidry

Baton Rouge, Louisiana this 9th day of September, 2010.

/s/ James L. Nelson
JAMES L. NELSON
Assistant United States Attorney

464607

19th JUDICIAL DISTRICT COURT FOR THE PARISH

OF EAST BATON ROUGE

STATE OF LOUISIANA

COST OK Amt 196

AUG 11 2010

BY DA

DY CLERK OF COURT

NO. 464607

DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

FILED: _____          Deputy Clerk: _____

## MOTION FOR LEAVE TO FILE THIRD PARTY DEMAND

Now into this Honorable Court, through undersigned counsel, comes the

defendant, Robert J. Guidry and in accordance with Article 1033 of the Code of Civil

Procedure moves the Court for leave to file the attached Third Party Demand on the

ground that no discovery has occurred in this matter, no trial date has been set in this

matter, and that the Third Party Demand will not retard the progress of the principal

demand.

Respectfully submitted:

Winston Decuir (Bar #04795)
732 No. Blvd.
Baton Rouge, LA 70802
Phone: (225) 346-8716

Arthur A. Lemann III & Assoc., Inc.
Arthur A. Lemann III (Bar #8296)
Arthur A. Lemann IV (Bar #23189)
643 Magazine Street, Suite 300
New Orleans, LA 70130
Phone: (504) 522-8104

CERTIFIED TRUE COPY
967699
DEPUTY CLERK OF COURT

19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH
FILED
2010 AUG 11 PM 3:21
DOUG WELBORN
CLERK OF COURT E B R PARISH

EBR359325

REC'D C.P.

Aug 16 2010

-1-

Ralph Capitelli (Bar #3858)
Capitelli and Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425

Attorneys for Robert J. Guidry

---

## CERTIFICATE OF SERVICE

---

I hereby certify that a copy of the above document has been served upon

opposing counsel by placing same in the U.S. Mail, this ___ day of August, 2010.

Winston Decuir

CERTIFIED TRUE COPY
967700

DEPUTY CLERK OF COURT

19TH JUDICIAL DISTRICT
BATON ROUGE PARISH
FILED

2010 AUG 11 PM 2:22

DEPUTY CLERK OF COURT
DOUG WELBORN
CLERK OF COURT E BR PARISH

-2-

464,607

19th JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464607                                    DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

---

**ORDER**

---

Considering the foregoing motion,

IT IS ORDERED that defendant Robert J. Guidry be and he is hereby granted

leave to file the attached Third Party Demand.

Baton Rouge, Louisiana, this ___ day of August, 2010.

_____
JUDGE

CERTIFIED TRUE COPY

967701

DEPUTY CLERK OF COURT

19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH
FILED

2010 AUG 11 PM 2:22

DEPUTY CLERK & RECORDER FOR
DOUG WELBORN
CLERK OF COURT E B R PARISH

-3-

_464,607_

19th JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464607  ALVIN C. COPELAND  DIV. "D"

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

FILED: _____  Deputy Clerk: _____

---

## THIRD PARTY PETITION

Now into Court, through undersigned counsel, comes Robert J. Guidry, and assuming the position of Third Party Plaintiff, files this Third Party Petition.

1.

Made Third Party Defendant is the United States of America through the United States Attorney for the Eastern District of Louisiana.

2.

In October, 1998, Third Party Plaintiff was the target of a federal grand jury investigation conducted by the United States Attorney for the Eastern District of Louisiana.

3.

On or about October 15, 1998, Third Party Plaintiff and Third Party Defendant entered into an agreement under the terms of which Third Party Plaintiff agreed to plead guilty to a conspiracy to be extorted by former Governor Edwin Edwards and to pay $3.5 million in fine, restitution and forfeiture in exchange for his truthful testimony regarding Edwards' involvement in the extortion.



**4.**

Before Third Party Plaintiff would agree to relinquish his Fifth Amendment right and provide truthful testimony, however, he insisted on a cap of $250,000.00 in compensation for potential victims.

**5.**

The United States Attorney for the Eastern District of Louisiana agreed that Third Party Plaintiff would pay a total of $3.5 million dollars. The parties agreed that the Third Party Plaintiff was specifically going to give $250,000.00 to Third Party Defendant to pay in compensation to victims of the offense.

**6.**

Third Party Plaintiff performed the terms of the agreement with the Third Party Defendant by testifying truthfully in the trial of United States v. Edwin Edwards, and by paying $3.5 million in fine, restitution and forfeiture, $250,000.00 of which was specifically set aside for alleged victims.

**7.**

Third Party Plaintiff is now being sued in the main demand by Alvin C. Copeland for what amounts to restitution.

**8.**

Third Party Plaintiff relied to his detriment on the representations made by Third Party Defendant that the $250,000.00 he paid to the Third Party Defendant would be used to pay alleged victims.

**9.**

With full reservation of all rights, if Robert J. Guidry is found liable to Alvin C. Copeland on the main demand, which is specifically denied herein, then Robert J. Guidry is entitled to a judgment against the United States of America for

-2-

indemnification to the full extent of up to and including $250,000.00 towards any damages assessed against Robert J. Guidry in the main demand.

10.

The principal demand by Alvin C. Copeland is based upon the immunized testimony of Third Party Plaintiff obtained as a result of the aforementioned plea agreement.

11.

The Third Party Defendant also represented to Third Party Plaintiff that:

> "The use of a witness' immunized testimony against him in a collateral civil proceeding is barred because it adversely impacts the superior national interest in securing candid and complete testimony and cooperation from the government's witnesses in federal criminal proceedings."

12.

The Third Party Defendant has also stated that it would enforce the aforementioned representation by seeking a federal injunction against any such collateral civil proceeding. Third Party Defendant previously used the power and the authority of the United States Government to enjoin these proceedings, and it is not called upon to fulfill its promises, obligations, and legal duties to do so again.

WHEREFORE, Robert J. Guidry prays that the United States of America be made a Third Party Defendant and that, with full reservation of all rights and while denying liability on the main demand, should Robert J. Guidry be found liable to Alvin C. Copeland, then Robert J. Guidry is entitled to judgment against the United States of America, as set forth in the Third Party Demand, indemnifying him for any amount assessed against him up to $250,000.00. Further, that the United States fulfill its obligation to seek a federal injunction to permanently enjoin these proceedings pursuant to the "superior national interest in securing candid and complete testimony

-3-

and cooperation from the government's witnesses in federal criminal proceedings."

Respectfully submitted:

Arthur A. Lemann III & Assoc., Inc.

BY: _____

Arthur A. Lemann III (Bar #8296)
Arthur A. Lemann IV (Bar #23189)
643 Magazine Street, Suite 300
New Orleans, LA 70130
Phone: (504) 522-8104

Ralph Capitelli (Bar #3858)
Capitelli and Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425

Winston Decuir (Bar #04795)
732 No. Blvd.
Baton Rouge, LA 70802
Phone: (225) 346-8716

Attorneys for Robert J. Guidry

**PLEASE SERVE:**
United States of America
Through the
United States Attorney for the Eastern District of Louisiana
500 Poydras Street, 2nd Floor
New Orleans, LA 70130

CERTIFIED TRUE COPY
967702
DEPUTY CLERK OF COURT

19th JUDICIAL DIST.
EAST BATON ROUGE PARISH
FILED
2010 AUG 11 PM 2:22
DEPUTY CLERK & RECORDER FOR
DOUG WELBORN
CLERK OF COURT E.B.R. PARISH

-4-

464,607

# CIVIL COVER SHEET

**JS 44** (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALVIN C. COPELAND

## DEFENDANTS
TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **UNKNOWN**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James P. Thompson, AUSA
777 Florida Street, Suite 208
Baton Rouge, LA 70801    (225) 389-0443

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1442(a)1
Brief description of cause:
State Court suit against the United States

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE
09/09/2010

SIGNATURE OF ATTORNEY OF RECORD
/s/ James L. Nelson

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC

003230332000

CHASE NORTH TOWER
450 LAUREL STREET
20TH FLOOR
BATON ROUGE, LOUISIANA 70801
PHONE:  225.381.7000
FAX:    225.343.3612

www.bakerdonelson.com

PAUL SLOCOMB WEST
**Direct Dial:** 225.381.7018
**Direct Fax:** 225.382.0218
pwest@bakerdonelson.com

March 17, 2010

**POSTED**
MAR 23 2010

Clerk of Court – Account Office
Nineteenth Judicial District Court
Parish of East Baton Rouge
222 St. Louis Street
Governmental Building
Baton Rouge, Louisiana 70802

> Re:  Alvin C. Copeland v. Treasure Chest Casino, LLC,
> et al, Suit Number 464,607, Division D, Nineteenth
> Judicial District Court, Parish of East Baton Rouge

Dear Clerk of Court:

Please be advised that I have changed firms and wish to update my contact information. My new information is as follows:

> Paul S. West, LSBA No. 13375
> Baker Donelson Bearman Caldwell & Berkowitz, PC
> Chase Tower North
> 450 Laurel Street, 20th Floor
> Baton Rouge, LA  70801
> Telephone:  225-381-7018
> Facsimile:  225-382-0218
> Email:      pwest@bakerdonelson.com

Thank you for your assistance and please let me know if you have any questions.

Sincerely,

Paul S. West

**RECEIVED**

MAR 19 2010

SUIT ACCNTG.
19TH JUDICIAL COURT

PSW/bsm

ALABAMA · GEORGIA · LOUISIANA · MISSISSIPPI · TENNESSEE · WASHINGTON, D.C.

*464,607*

19th JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE

COST OK Amt *196*

AUG 11 2010

BY _____
DY CLERK OF COURT

STATE OF LOUISIANA

NO. 464607

DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

FILED: _____          Deputy Clerk: _____

---

## MOTION FOR LEAVE TO FILE THIRD PARTY DEMAND

Now into this Honorable Court, through undersigned counsel, comes the

defendant, Robert J. Guidry and in accordance with Article 1033 of the Code of Civi

Procedure moves the Court for leave to file the attached Third Party Demand on the

ground that no discovery has occurred in this matter, no trial date has been set in this

matter, and that the Third Party Demand will not retard the progress of the principal

demand.

Respectfully submitted:

_____

Winston Decuir (Bar #04795)
732 No. Blvd.
Baton Rouge, LA 70802
Phone: (225) 346-8716

Arthur A. Lemann III & Assoc., Inc.
Arthur A. Lemann III (Bar #8296)
Arthur A. Lemann IV (Bar #23189)
643 Magazine Street, Suite 300
New Orleans, LA 70130
Phone: (504) 522-8104

REC'D C.P.

Aug 16 2010

-1-

464607

Ralph Capitelli (Bar #3858)
Capitelli and Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425

Attorneys for Robert J. Guidry

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been served upon opposing counsel by placing same in the U.S. Mail, this _____ day of August, 2010.

_____
Winston Decuir

957700

DOUG WELBORN
CLERK OF COURT E.B.R. PARISH.

-2-

**464,607**

STATE OF LOUISIANA

NO. 464607                                    DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

---

## ORDER

---

Considering the foregoing motion,

IT IS ORDERED that defendant Robert J. Guidry be and he is hereby granted

leave to file the attached Third Party Demand.

Baton Rouge, Louisiana, this /2 day of August, 2010.

_____
JUDGE

967701

DOUG WELBORN

Case 3:10-cv-00603-BAJ-DLD   Document 7   10/07/10   Page 238 of 256

464,607

# 19th JUDICIAL DISTRICT COURT FOR THE PARISH
# OF EAST BATON ROUGE

## STATE OF LOUISIANA

NO. 464607                                    DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

FILED: _____         Deputy Clerk: _____

---

## **THIRD PARTY PETITION**

---

Now into Court, through undersigned counsel, comes Robert J. Guidry, and assuming the position of Third Party Plaintiff, files this Third Party Petition.

1.

Made Third Party Defendant is the United States of America through the United States Attorney for the Eastern District of Louisiana.

2.

In October, 1998, Third Party Plaintiff was the target of a federal grand jury investigation conducted by the United States Attorney for the Eastern District of Louisiana.

3.

On or about October 15, 1998, Third Party Plaintiff and Third Party Defendant entered into an agreement under the terms of which Third Party Plaintiff agreed to plead guilty to a conspiracy to be extorted by former Governor Edwin Edwards and to pay $3.5 million in fine, restitution and forfeiture in exchange for his truthful testimony regarding Edwards' involvement in the extortion.

4.

Before Third Party Plaintiff would agree to relinquish his Fifth Amendment right and provide truthful testimony, however, he insisted on a cap of $250,000.00 in compensation for potential victims.

5.

The United States Attorney for the Eastern District of Louisiana agreed that Third Party Plaintiff would pay a total of $3.5 million dollars. The parties agreed that the Third Party Plaintiff was specifically going to give $250,000.00 to Third Party Defendant to pay in compensation to victims of the offense.

6.

Third Party Plaintiff performed the terms of the agreement with the Third Party Defendant by testifying truthfully in the trial of <u>United States v. Edwin Edwards</u>, and by paying $3.5 million in fine, restitution and forfeiture, $250,000.00 of which was specifically set aside for alleged victims.

7.

Third Party Plaintiff is now being sued in the main demand by Alvin C. Copeland for what amounts to restitution.

8.

Third Party Plaintiff relied to his detriment on the representations made by Third Party Defendant that the $250,000.00 he paid to the Third Party Defendant would be used to pay alleged victims.

9.

With full reservation of all rights, if Robert J. Guidry is found liable to Alvin C. Copeland on the main demand, which is specifically denied herein, then Robert J. Guidry is entitled to a judgment against the United States of America for

-2-

indemnification to the full extent of up to and including $250,000.00 towards any damages assessed against Robert J. Guidry in the main demand.

### 10.

The principal demand by Alvin C. Copeland is based upon the immunized testimony of Third Party Plaintiff obtained as a result of the aforementioned plea agreement.

### 11.

The Third Party Defendant also represented to Third Party Plaintiff that:

> "The use of a witness' immunized testimony against him in a collateral civil proceeding is barred because it adversely impacts the superior national interest in securing candid and complete testimony and cooperation from the government's witnesses in federal criminal proceedings."

### 12.

The Third Party Defendant has also stated that it would enforce the aforementioned representation by seeking a federal injunction against any such collateral civil proceeding. Third Party Defendant previously used the power and the authority of the United States Government to enjoin these proceedings, and it is not called upon to fulfill its promises, obligations, and legal duties to do so again.

WHEREFORE, Robert J. Guidry prays that the United States of America be made a Third Party Defendant and that, with full reservation of all rights and while denying liability on the main demand, should Robert J. Guidry be found liable to Alvin C. Copeland, then Robert J. Guidry is entitled to judgment against the United States of America, as set forth in the Third Party Demand, indemnifying him for any amount assessed against him up to $250,000.00. Further, that the United States fulfill its obligation to seek a federal injunction to permanently enjoin these proceedings pursuant to the "superior national interest in securing candid and complete testimony

-3-

464,607

and cooperation from the government's witnesses in federal criminal proceedings."

Respectfully submitted,

Arthur A. Lemann III & Assoc., Inc.

BY: _____
Arthur A. Lemann III (Bar #8296)
Arthur A. Lemann IV (Bar #23189)
643 Magazine Street, Suite 300
New Orleans, LA 70130
Phone: (504) 522-8104

Ralph Capitelli (Bar #3858)
Capitelli and Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425

Winston Decuir (Bar #04795)
732 No. Blvd.
Baton Rouge, LA 70802
Phone: (225) 346-8716

Attorneys for Robert J. Guidry

**PLEASE SERVE:**
United States of America
Through the
United States Attorney for the Eastern District of Louisiana
500 Poydras Street, 2nd Floor
New Orleans, LA 70130



-4-

464,607

2304-10-000154

# CITATION IN THIRD PARTY DEMAND

ALVIN C. COPELAND ET AL
(Plaintiff)

vs.

TREASURE CHEST CASINO, ET AL ET AL
(Defendant)

NUMBER  C464607 Division D

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   UNITED STATES OF AMERICA
      THROUGH UNITED STATES ATTORNEY FOR THE
      EASTEN DISTRICT OF LOUISIANA
      500 POYDRAS STREET, 2ND FLOOR
      NEW ORLEANS, LA.  70130

GREETING:

YOU HAVE BEEN SUED.

Attached to this citation is a certified copy of the Answer and Third Party Demand*, it tells you what you are being sued for.

MOTON FOR LEACE TO FILE THIRD PARTY DEMAND, AND THIRD PARTY PETITION

You must EITHER do what these papers ask OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk's of this Court at the Governmental Building, 222 St. Louis Street, Baton Rouge, Louisiana.

If you do not do what these papers asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

This citation was requested by WINSTON GERARD DECUIR, Attorney for litigant and was issued by the Clerk of Court for East Baton Rouge Parish, on 31-AUG-2010.

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

*Also attached are the following documents:

_____

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE     $_____            _____
TOTAL:      $_____                    Deputy Sheriff

CITATION IN THIRD PARTY DEMAND (OOP) - 2304

EBR408326

464,607

# DOUG WELBORN, CLERK OF COURT
## 19th Judicial District Court
## Parish of East Baton Rouge
## P. O. Box 1991
## Baton Rouge, LA
## Phone (225)389-3960

NO. __C464607__ Division D          31-AUG-2010

TO:    ORLEANS PARISH SHERIFFS OFFICE
       CIVIL DEPARTMENT
       421 LOYOLA AVE
       NEW ORLEANS, LA 70112

Please find attached THIRD PARTY CITATION to be served in your parish for the above numbered suit.

Kindly make your return(s) on the duplicate(s) enclosed, and

X     note the enclosed check for payment of service;

      send us your bill for service;

      note that this is a pauper suit and no funds are available; or

      note that this is a government suit and no funds are necessary.

Thank You,

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney: WINSTON GERARD DECUIR

---

REPLY:                    DATE:_____

_____

_____

_____

_____

_____

                    By:_____

                    Deputy Sheriff, Parish of _____

Letter to Out Of Parish Sheriff - 5213

EBR157351



**U.S. Departi̇ it of Justice**

*United States Attorney*
*Middle District of Louisiana*



POSTED
SEP 13 2010

464,607

*Russell B. Long Federal Building*          Telephone: (225) 389-0443
*777 Florida Street, Suite 208*                    Fax: (225) 389-0685
*Baton Rouge, Louisiana 70801-1717*

September 9, 2010

Honorable Doug Welborn
Clerk of Court
19th JDC, East Baton Rouge Parish
P. O. Box 1991
Baton Rouge, Louisiana 70821

     Re:    <u>Alvin C. Copeland versus Treasure Chest Casino, L.L.C. and Robert Guidry</u>, No.
              464607, Division "D", 19th Judicial District Court, Parish of East Baton Rogue,
              State of Louisiana

Dear Mr. Welborn:

        Enclosed is a certified copy of Notice of Removal, filed in the United States District
Court for the Middle District of Louisiana.    Also is a conformed copy to be file stamped and
returned to me in the enclosed stamped self-addressed envelope.  If any charges are associated
with this filing, please submit an invoice and it will be submitted promptly for payment.

        Please file the enclosed Notice in the records of the following state court action: <u>Alvin C.
Copeland versus Treasure Chest Casino, L.L.C. and Robert Guidry</u>, No. 464607, Division "D",
19th Judicial District Court, Parish of East Baton Rogue, State of Louisiana.

        A file-stamped copy of the Notice has been mailed to the 19th JDC district court judge in
whose name the state court action has been assigned.

                Sincerely,

                DONALD J. CAZAYOUX, JR.
                UNITED STATES ATTORNEY

                James L. Nelson    **RECEIVED**
                Assistant United States Attorney

JPT/ld
Enclosures
                       SEP 1 3 2010

                     SUIT ACCNTG.
                 19TH JUDICIAL COURT

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

ALVIN C. COPELAND

        *Plaintiffs*

versus                    Civil Action No. *10-603-BAJ-DLD*

TREASURE CHEST CASINO, L.L.C.
AND ROBERT GUIDRY

        *Defendants*

## **NOTICE OF REMOVAL**

NOW INTO COURT comes the United States of America, through Donald Cazayoux, Jr., United States Attorney for the Middle District of Louisiana, and James L. Nelson, Assistant United States Attorney, who gives notice of removal of this matter entitled "Alvin C. Copeland vs. Treasure Chest Casino, L.L.C. and Robert Guidry". No. 464607, Division D, 19th Judicial District Court, for the State of Louisiana, (the "Copeland State Court Action") for the following reasons:

1.

The United States has been recently named a Third Party Defendant by Third Party Plaintiff, Robert Guidry (Guidry or "Third Party Plaintiff") in the Copeland State Court Action.

2.

Guidry's third party demand against the United States in the Copeland State Court Action seeks a judgment holding the United States responsible for indemnification of damages in an amount up to $250,000 that Guidry may be cast in judgment to pay Alvin C. Copeland in the Copeland State Court Action.

3.

The above-captioned action is one which may be removed without bond to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1346(c) inasmuch as the action seeks judgment in favor of a third party plaintiff against the United States as a third party defendant and because this district court has original jurisdiction over the claim asserted against the United States.

4.

Attached hereto is a copy of all pleadings and process relating to the Coleman State Court Action of which the United States has become aware.

WHEREFORE, pursuant to 28 U.S.C. §§1441(a)(1) and 1346(c), the United States requests that the above-captioned action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed therefrom to this Court.

UNITED STATES OF AMERICA, by

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY

/s/ James L. Nelson
James P. Thompson, LBN 09934
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: jim.nelson@usdoj.gov

# CERTIFICATE OF SERVICE

The undersigned certifies that true and correct copies of the foregoing *Notice of Removal*

were served by First Class mail, postage prepaid, to the following persons at the addresses indicated:

Winston Decuir
732 No. Blvd.
Baton Rouge, Louisiana 70802
Co-counsel for Defendant and Third Party
Plaintiff, Robert Guidry

Benjamin Slater
Robert Kutcher
650 Poydras Street
Suite 2400
New Orleans, LA 70130
Counsel for Plaintiff, Alvin C. Copeland

Arthur A Lehmann III
643 Magazine Street
New Orleans, Louisiana 70130
Co-counsel for Defendant and Third Party
Plaintiff, Robert Guidry

Ralph Capitelli
Capitelli and Wicker
1100 Poydras Street
Energy Centre, Suite 2950
New Orleans, LA 70163
Co-counsel for Defendant and Third Party
Plaintiff, Robert Guidry

Baton Rouge, Louisiana this 9th day of September, 2010.

/s/ James L. Nelson
JAMES L. NELSON
Assistant United States Attorney

464607

COST OK Amt. 196
AUG 1 1 2010
BY _____
DY CLERK OF COURT

19th JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464607                                    DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

FILED: _____        Deputy Clerk: _____

---

## MOTION FOR LEAVE TO FILE THIRD PARTY DEMAND

Now into this Honorable Court, through undersigned counsel, comes the

defendant, Robert J. Guidry and in accordance with Article 1033 of the Code of Civil

Procedure moves the Court for leave to file the attached Third Party Demand on the

ground that no discovery has occurred in this matter, no trial date has been set in this

matter, and that the Third Party Demand will not retard the progress of the principal

demand.

Respectfully submitted:

Winston Decuir (Bar #04795)
732 No. Blvd.
Baton Rouge, LA 70802
Phone: (225) 346-8716

Arthur A. Lemann III & Assoc., Inc.
Arthur A. Lemann III (Bar #8296)
Arthur A. Lemann IV (Bar #23189)
643 Magazine Street, Suite 300
New Orleans, LA 70130
Phone: (504) 522-8104

CERTIFIED TRUE COPY
967699
DEPUTY CLERK OF COURT

19th JUDICIAL DISTRICT
EAST BATON ROUGE PARISH
FILED
2010 AUG 11 PM 2:21
DEPUTY CLERK OF COURT FOR THE
DOUG WELBORN
CLERK OF COURT E B R PARISH

REC'D C.P.
Aug 16 2010

-1-

EBR359325

Ralph Capitelli (Bar #3858)
Capitelli and Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425

Attorneys for Robert J. Guidry

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been served upon

opposing counsel by placing same in the U.S. Mail, this ___ day of August, 2010.

Winston Decuir

CERTIFIED TRUE COPY
967700
DEPUTY CLERK OF COURT

-2-

*464,607*

19th JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464607                                      DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

---

**ORDER**

---

Considering the foregoing motion,

IT IS ORDERED that defendant Robert J. Guidry be and he is hereby granted

leave to file the attached Third Party Demand.

Baton Rouge, Louisiana, this 12 day of August, 2010.

_____
JUDGE

CERTIFIED TRUE COPY
967701
DEPUTY CLERK OF COURT

19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH
FILED
2010 AUG 11 PM 2:22
DEPUTY CLERK & RECORDER FOR
DOUG WELBORN
CLERK OF COURT E.B.R. PARISH

-3-

_464,607_

19th JUDICIAL DISTRICT COURT FOR THE PARISH
OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 464607                                                        DIV. "D"

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

FILED: _____                    Deputy Clerk: _____

_____

**THIRD PARTY PETITION**

_____

Now into Court, through undersigned counsel, comes Robert J. Guidry, and

assuming the position of Third Party Plaintiff, files this Third Party Petition.

1.

Made Third Party Defendant is the United States of America through the

United States Attorney for the Eastern District of Louisiana.

2.

In October, 1998, Third Party Plaintiff was the target of a federal grand jury

investigation conducted by the United States Attorney for the Eastern District of

Louisiana.

3.

On or about October 15, 1998, Third Party Plaintiff and Third Party Defendant

entered into an agreement under the terms of which Third Party Plaintiff agreed to

plead guilty to a conspiracy to be extorted by former Governor Edwin Edwards and

to pay $3.5 million in fine, restitution and forfeiture in exchange for his truthful

testimony regarding Edwards' involvement in the extortion.


EBR359326

4.

Before Third Party Plaintiff would agree to relinquish his Fifth Amendment right and provide truthful testimony, however, he insisted on a cap of $250,000.00 in compensation for potential victims.

5.

The United States Attorney for the Eastern District of Louisiana agreed that Third Party Plaintiff would pay a total of $3.5 million dollars. The parties agreed that the Third Party Plaintiff was specifically going to give $250,000.00 to Third Party Defendant to pay in compensation to victims of the offense.

6.

Third Party Plaintiff performed the terms of the agreement with the Third Party Defendant by testifying truthfully in the trial of United States v. Edwin Edwards, and by paying $3.5 million in fine, restitution and forfeiture, $250,000.00 of which was specifically set aside for alleged victims.

7.

Third Party Plaintiff is now being sued in the main demand by Alvin C. Copeland for what amounts to restitution.

8.

Third Party Plaintiff relied to his detriment on the representations made by Third Party Defendant that the $250,000.00 he paid to the Third Party Defendant would be used to pay alleged victims.

9.

With full reservation of all rights, if Robert J. Guidry is found liable to Alvin C. Copeland on the main demand, which is specifically denied herein, then Robert J. Guidry is entitled to a judgment against the United States of America for

-2-

indemnification to the full extent of up to and including $250,000.00 towards any damages assessed against Robert J. Guidry in the main demand.

10.

The principal demand by Alvin C. Copeland is based upon the immunized testimony of Third Party Plaintiff obtained as a result of the aforementioned plea agreement.

11.

The Third Party Defendant also represented to Third Party Plaintiff that:

> "The use of a witness' immunized testimony against him in a collateral civil proceeding is barred because it adversely impacts the superior national interest in securing candid and complete testimony and cooperation from the government's witnesses in federal criminal proceedings."

12.

The Third Party Defendant has also stated that it would enforce the aforementioned representation by seeking a federal injunction against any such collateral civil proceeding. Third Party Defendant previously used the power and the authority of the United States Government to enjoin these proceedings, and it is not called upon to fulfill its promises, obligations, and legal duties to do so again.

WHEREFORE, Robert J. Guidry prays that the United States of America be made a Third Party Defendant and that, with full reservation of all rights and while denying liability on the main demand, should Robert J. Guidry be found liable to Alvin C. Copeland, then Robert J. Guidry is entitled to judgment against the United States of America, as set forth in the Third Party Demand, indemnifying him for any amount assessed against him up to $250,000.00. Further, that the United States fulfill its obligation to seek a federal injunction to permanently enjoin these proceedings pursuant to the "superior national interest in securing candid and complete testimony

-3-

and cooperation from the government's witnesses in federal criminal proceedings."

Respectfully submitted:

Arthur A. Lemann III & Assoc., Inc.

BY: _____

Arthur A. Lemann III (Bar #8296)
Arthur A. Lemann IV (Bar #23189)
643 Magazine Street, Suite 300
New Orleans, LA 70130
Phone: (504) 522-8104

Ralph Capitelli (Bar #3858)
Capitelli and Wicker
1100 Poydras Street
Energy Centre Suite 2950
New Orleans, LA 70163
Phone: (504) 582-2425

Winston Decuir (Bar #04795)
732 No. Blvd.
Baton Rouge, LA 70802
Phone: (225) 346-8716

Attorneys for Robert J. Guidry

**PLEASE SERVE:**
United States of America
Through the
United States Attorney for the Eastern District of Louisiana
500 Poydras Street, 2nd Floor
New Orleans, LA 70130

CERTIFIED TRUE COPY
967702
DEPUTY CLERK OF COURT

19TH JUDICIAL DIST.
EAST BATON ROUGE PARISH
FILED
2010 AUG 11 PM 2:22
DEPUTY CLERK & RECORDER FOR
DOUG WELBORN
CLERK OF COURT E B R PARISH

-4-

464,607

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALVIN C. COPELAND

## DEFENDANTS
TREASURE CHEST CASINO, L.L.C. AND ROBERT GUIDRY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    UNKNOWN
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James P. Thompson, AUSA
777 Florida Street, Suite 208
Baton Rouge, LA 70801       (225) 389-0443

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **PRISONER PETITIONS** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 510 Motions to Vacate | | Under Equal Access |
| | Employment | Sentence | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | **Habeas Corpus:** | | ☐ 950 Constitutionality of |
| | Other | ☐ 530 General | | State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | |
| | | ☐ 555 Prison Condition | Alien Detainee | |
| | | | ☐ 465 Other Immigration | |
| | | | Actions | |

(Also within TORTS – PERSONAL INJURY:)
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V. ORIGIN (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened |
| ☐ 5  Transferred from another district (specify) | ☐ 6  Multidistrict Litigation | ☐ 7  Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1442(a)1
Brief description of cause:
State Court suit against the United States

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
09/09/2010

SIGNATURE OF ATTORNEY OF RECORD
/s/ James L. Nelson

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____