UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN C. COPELAND

VERSUS

TREASURE CHEST CASINO,
L.L.C. AND ROBERT GUIDRY

CIVIL ACTION

NO. 10-603-BAJ-DLD

**RULING**

This matter is before the Court on several motions: A motion by defendant, Robert Guidry, to dismiss (doc. 8); a motion by defendant, Treasure Chest Casino, to dismiss (doc. 18); and motions by third-party defendant, United States of America, to dismiss (doc. 19), to stay (doc. 21), and for summary judgment (doc. 36). The Court has heard oral argument on the motions to dismiss (doc. 35). The matter was removed pursuant to 28 U.S.C. §§ 1442(a)(1) and 1346(c), and jurisdiction is at issue.

**BACKGROUND**

This lawsuit was originally filed by plaintiff, Alvin C. Copeland, in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, in 1999.[1] Plaintiff was an unsuccessful applicant for a riverboat gaming license in the 1990s. According to the petition:

---

[1] The facts out of which this litigation arose have been well documented in the record and only those facts that are material to this ruling are recited herein.

> [O]n information and belief derived from (1) the factual basis of Robert Guidry's guilty plea in criminal case number 3:98cr00144-0, United States Court for the Middle District of Louisiana (hereinafter "Guidry's guilty plea"), . . . Copeland avers that there existed a scheme to corrupt the entire process for issuing riverboat gaming licenses under [LSA–R.S. § 4:501]."

(Complaint, doc. 4, p. 2).

Plaintiff alleges that defendant participated in the aforementioned "scheme to corrupt the entire process for issuing riverboat gaming licenses," and thus caused plaintiff to incur damages in applying for, and in being denied, a riverboat gaming license.[2] The matter remained in state court for over a decade until it was removed by the United States after defendant, Robert Guidry, filed a third-party petition against the government.

The third party petition alleges that Robert Guidry "agreed to plead guilty to a conspiracy to be extorted by former Governor Edwin Edwards" and "to testify truthfully in the trial of United States v. Edwin Edwards". The petition further alleges that the parties to the plea agreement "agreed that the Third Party Plaintiff was specifically going to give $250,000.00 to Third Party Defendant to pay in compensation to victims of the offense." Guidry asserts that, if he should be found

---

[2]Alvin C. Copeland, Jr. was substituted as plaintiff upon the death of his father, Alvin C. Copeland, Sr., on September 24, 2008 (doc. 16, p. 1, n. 1).

2

Case 3:10-cv-00603-BAJ -DLD   Document 53   09/02/11   Page 2 of 10

liable to the plaintiff, the third party defendant should be found liable to him for indemnification in an amount up to $250,000. (Doc. 7, pp. 217-19).

The third party petition also alleges that the principal demand is based upon Robert Guidry's "immunized testimony," but according to the petition, the government had "represented" that:

> The use of a witness' immunized testimony against him in a collateral civil proceeding is barred because it adversely impacts the superior national interest in securing candid and complete testimony and cooperation from the government's witnesses in federal criminal proceedings.

(Doc. 7, p. 219).

In its notice of removal, the government alleges jurisdiction under 28 U.S.C. §1346(C). Section 1346, however, provides only for jurisdiction over such a claim against the United States "not exceeding $10,000 in amount." Moreover, after removing the matter based on the foregoing allegation of jurisdiction, the government filed the pending motion to dismiss, alleging that the Court lacks jurisdiction over the matter.

## Subject Matter Jurisdiction

A district court must first determine jurisdiction "because this is a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002). Because the alleged

3

removal jurisdiction arises solely out of the claims asserted against the government in the third-party complaint, the Court first considers those claims.

The burden of proof in a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

As is noted above, Robert Guidry alleges that the government is obligated under the plea agreement to enjoin the principal action or, in the alternative, to indemnify him up to $250,000.00 if he is found liable in the principal action. Thus, this is a suit for specific performance of an obligation allegedly arising from a plea agreement which was accepted by this Court.

A breach by the government of a plea agreement may implicate due process rights. See, e.g, *U.S. v. Eberhard,* 525 F.3d 175, 178 (2nd Cir. 2008) ("[a] defendant is deprived of due process when the government breaches a plea-agreement provision on which the defendant relied 'in any significant degree' when entering the guilty plea"); *U.S. v. Mosely*, 505 F.3d 804, 809 (8th Cir. 2007) ("[a]fter the district court has accepted a guilty plea, the government's material breach of the plea

4

agreement violates the defendant's due process rights"); *Buckley v. Terhune,* 441 F.3d 688, 694 (9th Cir. 2006) ("Under *Santobello v. New York,* 404 U.S. 257, 261-62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), a criminal defendant has a due process right to enforce the terms of his plea agreement"); *U.S. v. Werner,* 317 F.3d 1168, 1174 (10th Cir. 2003) (noting that even an "inadvertent" breach of a plea agreement by the government implicates due process rights"); *Gibson v. Klinger,* 232 F.3d 799, 803 (10 Cir. 2000) (finding that a material breach of a plea agreement violates due process"); *United States v. Martin,* 25 F.3d 211, 217 (4th Cir. 1994) ("[i]f the government breaches express or implied terms of a plea agreement, a violation of due process occurs"); *Patrick v. Camden County Prosecutor,* 630 F.2d 206, 208 (3rd Cir. 1980) (per curiam) (stating that "[a]lthough it is not made clear in *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d (1971), that the violation of a plea bargain by the state involves a defendant's due process right, we are satisfied that such a right is implicated").

Having considered the allegations of the third-party complaint in light of the foregoing case law, the Court concludes that third-party plaintiff's claims against the government implicate due process rights under the Fifth Amendment of the Constitution of the United States.[3] The Court next considers the plea agreement

---

[3] The issue before the Court at present is simply whether the Court has jurisdiction over the claims asserted against the government. Therefore, the Court need not consider whether that jurisdiction would be limited by 28 U.S.C. § 1346, which provides in pertinent part that "district courts shall have original jurisdiction . . . over any [ ] civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon the Constitution . . . ." 28

5

out of which the claims arise. See, *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) *cert. denied,* 130 S.Ct. 1054, 175 L.Ed.2d 883 (2009) (stating that, in ruling on a Rule 12(b)(1) motion, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments"); *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) *cert. denied*, 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2001) (stating that a court ruling on a 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts").

The plea agreement provides, in pertinent part:

> 2. <u>Penalties</u>: The government and the defendant have entered into this Plea Agreement under Rule 11(e)(1)(c) of the Federal Rules of Criminal Procedure with the understanding that the Court may accept or reject the agreement but may not alter its terms. If the District Court modifies any portion of this Agreement, the defendant has the right to withdraw his guilty plea. The terms of the agreement are as follows:
>
> \* \* \*
>
> c. The parties further agree that the defendant will, at the time of sentencing, deposit $250,000 in the registry of the court to make restitution to any victim under the provisions of Title 18, United States Code, Section 3663. In the event the Court does not order restitution, or the amount ordered

---

U.S.C. §1346(a)(2).

> is less than $250,000, the remainder will be forfeited to the United States.

> * * *

> 8. <u>Side Agreements</u>: The defendant understands that other than the above-stated agreements, he has not been promised anything with regard to sentencing. The defendant understands that the statements set forth above represent the entire agreement with the government; any prior oral discussions or written letters do not affect this agreement.

(Doc. 29, p. 6, §§2(c), 8).

Title 18 United States Code, Section 3663 provides, in pertinent part, that "[t]he court, *when sentencing a defendant* . . . may order that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1)(A) (emphasis added). The record demonstrates that Robert Guidry was sentenced on January 17, 2001, and that the Court at that time ordered no restitution (98-cr-144-JVP, doc. 27). Moreover, the record demonstrates that, on October 25, 2002, the Court issued an order which reads, in pertinent part:

> Considering the foregoing Motion, and pursuant to the plea agreement entered into pursuant to 18 U.S.C. §981(d) and Rule 32.2 of the Federal Rules of Criminal Procedure, as incorporated into the Judgment entered on January 23, 2001; and inasmuch as the Court has declined to order restitution in this matter; the Court finds, based upon the plea agreement that the $250,000.00 <u>sub judice</u> is forfeitable to the United States pursuant to Rule 32.2(b) & (c) of the Federal Rules of Criminal Procedure. **IT IS HEREBY ORDERED ADJUDGED and DECREED** that the conditional order of forfeiture in the

7

> Judgment be made **FINAL** and that all right, title, and interest in the subject $250,000.00 be vested in the United States of America, to be disposed of according to law.

(98-cr-144-JVP, doc. 30, p. 1).

The plain language of the plea agreement provided for forfeiture of the funds if restitution was not made pursuant to 18 U.S.C. § 3663. On October 25, 2002, the Court noted that it had declined to order such restitution and, therefore, ordered the funds forfeited to the government, pursuant to the plea agreement. The record further demonstrates that Robert Guidry did not file any timely requests or motions for relief from the order. The Court, having declined to order restitution pursuant to 28 U.S.C. § 3663 and having ordered the funds forfeited pursuant to the agreement, finds no merit in plaintiff's argument that the plea agreement obligates the government to indemnify third-party plaintiff, Robert Guidry, should he ultimately be found liable in the present matter.

The Court next considers the third-party claim against the government for injunctive relief. Though third-party plaintiff asserts that a representation was made that the government would seek a federal injunction to prevent "any such collateral proceeding," against him (doc. 7, p. 219), plaintiff has failed to direct the court to any legal ground for such an injunction. Plaintiff has also failed to direct the Court

to any source of authority to "cap" the claims of parties not privy to the agreement.[4] Moreover, nothing in the plea agreement provides for such injunctive relief or limitation of claims, and the plain language of the agreement, signed by third-party plaintiff, Robert Guidry, and his counsel specifically provides that "[t]he defendant understands that the statements set forth above represent the entire agreement with the government; any prior oral discussions or written letters do not affect this agreement."

For all of the above reasons, the Court finds a complete lack of legal grounds for the claims asserted against the government by third-party plaintiff, Robert Guidry. Accordingly, the third-party complaint shall be dismissed.

Removal jurisdiction being founded solely upon the third-party claims asserted against the government, the Court notes that this matter presents complex issues of state law which were litigated for over a decade in state court prior to the removal. The Court also notes that well over a thousand pages of state court documents were filed into the record upon removal (docs. 4-7), and that the matter has been heard by the Louisiana First Circuit Court of Appeal on more than one occasion.

Accordingly, upon dismissal of the claims asserted against the government in the third-party complaint, this matter shall be remanded to the Nineteenth Judicial

---

[4] The Court also notes that such agreements would raise significant due process concerns.

District Court for the Parish of East Baton Rouge unless cause is shown within ten days, in writing, why this matter should not be remanded in its entirety.

## CONCLUSION

For all of the above reasons, the motion by the government to dismiss for lack of subject matter jurisdiction (doc. 19) is **GRANTED**, and **IT IS ORDERED** that all claims asserted in this matter by third-party plaintiff, Robert Guidry, against third-party defendant, United States of America, be, and are, hereby dismissed.

**IT IS FURTHER ORDERED** that the remaining parties **SHOW CAUSE**, in writing, within ten days of this Order, why this matter should not be remanded in its entirety to the Nineteenth Judicial District Court for the Parish of Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, September __1__, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

10

Case 3:10-cv-00603-BAJ -DLD   Document 53   09/02/11   Page 10 of 10